# EXHIBIT 5

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

WINN-DIXIE STORES, INC. and BI-LO
HOLDINGS, LLC,

      Plaintiffs,                   CASE NO.: 3:15-cv-1143-BJD-PDB

v.

SOUTHEAST MILK, INC., et al.,

      Defendants.

---

## DECLARATION OF DANIELLE WEAVER FOR SOUTHEAST MILK, INC.

STATE OF FLORIDA

COUNTY OF MARION

      I, Danielle Weaver, hereby declare based on my personal knowledge as follows:

    1.      I am the IT Network Manager for Southeast Milk, Inc. ("SMI").  I am over the age of eighteen (18) and am authorized to make the statements contained herein.  I have personal knowledge of the matters contained herein.  I have been with SMI for 11 years and 3 months.

    2.      My general responsibilities as IT Network Manager include supervising SMI's information and technology needs, including the implementation and integration of system and technology initiatives necessary to achieve organizational goals.

    3.      I received Joe Wright's personal laptop from SMI's CEO, Jim Sleper, on March 15, 2017 for the purpose of retrieving potentially responsive e-mails which might be located on the laptop.  No storage devices were collected from Mr. Wright, and SMI did not review, retrieve, or retain a file directory for the laptop.  I am not aware of whether the hard drive has ever been removed from the laptop or whether the hard drive can be accessed independent of the laptop.

EXHIBIT
#25
Weaver
6/2/17  DCR
PENGAD 800-631-6989

4.     SMI does not provide technical support for personal computers owned or used by SMI board members, and therefore I do not know what caused Mr. Wright's laptop to crash initially.  However, the laptop is an older Dell Inspiron 1545 with a limited amount of Ram (memory) which experienced frequent lockups and system hangs.  At the time I received the laptop, the laptop could be booted from its own internal hard drive.  I did not see any physical damage to the laptop.

5.     I am the only person at SMI who retrieved e-mails from the laptop.  SMI did not utilize any contractors or outside vendors to retrieve the e-mails.

6.     The operating system on the laptop was Windows Vista.  The laptop had Outlook 2003 installed which contained Joe Wright's e-mail account, pjw@strato.net, provided by strato.net.  I am not aware of any additional e-mail addresses used by Joe Wright.  I do not know whether any Joe Wright e-mail from 2003 to 2013 is available online from the service provider.

7.     The e-mails on the laptop were located on the local hard drive in Outlook 2003 folders.  Joe Wright stored and organized his e-mails in folders within Outlook.  The folders included both SMI related folders and personal folders maintained by Mr. Wright which are unrelated to SMI.  In order to locate potentially responsive e-mails, I searched through the Outlook folders where Joe Wright stored e-mails related to SMI using the search feature in Outlook 2003.

8.     Specifically, I searched the following folders where Mr. Wright stored his SMI-related e-mails:  (1) Calvin; (2) NMPF; and (3) SMI Misc.  I searched the folders for e-mails containing keywords located in either the subject or message body for the time period January 1, 2003 to December 31, 2013.  In order to ensure that I did not miss any e-mails which were not sorted into folders, I also searched the Inbox, Sent, and Deleted folders using the same search

2

methodology.

9.      I used the following search terms to find potentially responsive e-mails:  (1) BiLo; (2) CWT; (3) Dairy Cooperatives Marketing Association; (4) DCMA; (5) Herd Retirement; (6) National Milk; (7) National Milk Producers Federation; (8) NMPF; (9) SDCA; (10) Southeastern Dairy Cooperative Association; and (11) Winn Dixie.  A search for "CWT" also covers "cwt" as a pricing term.

10.     Below is a breakdown of the number of e-mails located in the above folders for each search term:

a.      **Calvin**:  BiLo **(8)**; CWT **(215)**; Dairy Cooperatives Marketing Association **(5)**; DCMA **(22)**; Herd Retirement **(0)**; National Milk **(30)**; National Milk Producers Federation **(19)**; NMPF **(88)**; SDCA **(171)**; Southeastern Dairy Cooperative Association **(3)**; Winn Dixie **(5)**.

b.      **NMPF**:  BiLo **(0)**; CWT **(53)**; Dairy Cooperatives Marketing Association **(0)**; DCMA **(1)**; Herd Retirement **(1)**; National Milk **(263)**; National Milk Producers Federation **(255)**; NMPF **(342)**; SDCA **(0)**; Southeastern Dairy Cooperative Association **(0)**; Winn Dixie **(0)**.

c.      **SMI Misc.**:   BiLo **(0)**;  CWT **(91)**;  Dairy Cooperatives Marketing Association **(0)**; DCMA **(51)**; Herd Retirement **(0)**; National Milk **(25)**; National Milk Producers Federation **(23)**; NMPF **(64)**; SDCA **(33)**; Southeastern Dairy Cooperative Association **(0)**; Winn Dixie **(13)**.

d.      **Inbox:**  BiLo **(1)**; CWT **(202)**; Dairy Cooperatives Marketing Association **(36)**; DCMA **(0)**; Herd Retirement **(12)**; National Milk **(1,299)**; National Milk Producers Federation **(544)**; NMPF **(1,147)**; SDCA **(49)**; Southeastern Dairy Cooperative Association **(5)**;

Winn Dixie **(10)**.

      e.    **Sent:**  BiLo **(0)**; CWT **(217)**; Dairy Cooperatives Marketing Association **(5)**; DCMA **(135)**; Herd Retirement **(16)**; National Milk **(343)**; National Milk Producers Federation **(306)**; NMPF **(763)**; SDCA **(32)**; Southeastern Dairy Cooperative Association **(1)**; Winn Dixie **(30)**.

      f.    **Deleted:**  BiLo **(8)**; CWT **(37)**; Dairy Cooperatives Marketing Association **(0)**; DCMA **(61)**; Herd Retirement **(30)**; National Milk **(6)**; National Milk Producers Federation **(4)**; NMPF **(52)**; SDCA **(19)**; Southeastern Dairy Cooperative Association **(3)**; Winn Dixie **(25)**.

11.    If an e-mail came up for more than one search term, then that e-mail is included in the count for both search terms. Thus, the tallies set forth above may include duplicate e-mails.

12.    I did everything that an IT Network Manager would do in order to locate responsive e-mails using the search terms set forth above and exhausted all efforts to find what could be located on the laptop.

13.    I did not encounter any files or folders that were inaccessible. I do not know whether there is any backup software, tool, or utility installed on the laptop or any computer wiping, erasing, or utility installed on the laptop.

14.    No reports were created concerning my efforts to retrieve potentially responsive e-mails from Mr. Wright's laptop.

15.    I turned over all of the e-mails set forth above to counsel for review.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May ___5___ , 2017

                                      Danielle Weaver

4

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

WINN-DIXIE STORES, INC. and BI-LO
HOLDINGS, LLC,

      Plaintiffs,                        CASE NO.: 3:15-cv-1143-BJD-PDB

v.

SOUTHEAST MILK, INC., et al.,

      Defendants.

_____

**SECOND DECLARATION OF DANIELLE WEAVER FOR SOUTHEAST MILK, INC.**

STATE OF FLORIDA

COUNTY OF MARION

     I, Danielle Weaver, hereby declare based on my personal knowledge as follows:

     1.     I am the IT Network Manager for Southeast Milk, Inc. ("SMI").  I am over the age of eighteen (18) and am authorized to make the statements contained herein.  I have personal knowledge of the matters contained herein.

     2.     I received a copy of the Chart of Information Requested by Plaintiffs to Be Covered by SMI IT Declaration (the "Chart") provided by counsel for Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC.  I am responding herein to the additional questions raised in the Chart.  The topic numbers referenced below correspond to the topic numbers set forth in the Chart.

     3.     As to topic 1, the serial number of Joe Wright's laptop is F394BH1.

     4.     As to topic 2, the version of the operating system on the laptop is Vista Home Premium Service Pack 2.

     5.     As to topic 3, Joe Wright provided the laptop to Jim Sleper so that I could search

the laptop for potentially responsive e-mails. Mr. Sleper then gave the laptop to me. When I completed my search of the laptop, I gave the laptop to Shana Wooten, who returned the laptop to Mr. Wright. On May 18, 2017, Joe Wright provided the laptop to Thunderbird Delivery Service, and Thunderbird Delivery Service delivered the laptop directly to SMI to my attention that same day.

6.  As to topic 4, I did not take any steps to determine whether Mr. Wright had any e-mail addresses other than the pjw@strato.net address. However, my assignment was to search the specific folders in Outlook 2003 referenced in my May 5, 2017 Declaration, and to the extent that e-mails from any other e-mail address used by Mr. Wright were stored in Outlook 2003, my search would have recovered those e-mails as well. Other than Outlook 2003, there were no programs on the laptop which contained Mr. Wright's e-mails.

7.  As to topic 5, I did not take any steps to determine whether any Joe Wright e-mail from 2003-2013 is available online from the service provider or whether Mr. Wright or anyone else at SMI attempted to obtain e-mail from the service provider because my assignment was to search for potentially responsive e-mails located on Mr. Wright's laptop, and the online availability of such e-mails was not relevant to my search.

8.  As to topic 6, I do not know why, how, or when the laptop crashed or the nature of the problem that Mr. Wright encountered when he attempted to access e-mail on his laptop after the crash, as my assignment was to search for potentially responsive e-mails located on Mr. Wright's laptop, and the cause of the crash or nature of the problem was not relevant to my search. The cause of the crash was not apparent from my work with the laptop.

9.  As to topic 7, I do not know what steps Mr. Wright or any outside vendor, if any, took to attempt to move e-mail from Mr. Wright's old laptop to his new laptop after the old

2

laptop crashed.

10.    As to topic 8, I do not know whether or when SMI conducted pre- or post-collection interviews with Mr. Wright concerning the possible locations of his e-mail and the likely completeness of the search and retrieval of those emails, except that Mr. Sleper told me to search the Outlook 2003 folders referenced in my May 5, 2017 Declaration, and my understanding is that information came from Mr. Wright.

11.    As to topic 9, other than myself, I am not aware of any SMI employees, contractors, or outside vendors that SMI used to retrieve e-mails from the laptop.

12.    As to topic 11, I did not make a forensic or other image of the laptop or any portion thereof, as my assignment was to search for potentially responsive e-mails located on Mr. Wright's laptop, and I was able to perform my search using the laptop directly.

13.    As to topic 14, counsel for SMI provided me with the search terms referenced in my May 5, 2017 Declaration.  No employee of SMI provided me with a list of potential search terms.

14.    As to topic 16, I did not take any steps to retrieve non-email documents from the laptop outside of Outlook 2003, as my assignment was to search for potentially responsive e-mails located on Mr. Wright's laptop.  Any documents attached to a potentially responsive e-mail were provided to counsel for SMI for review along with the potentially responsive e-mails.

15.    As to topic 17, I did not take any steps to review, retrieve, or retain a file directory for the laptop, as my assignment was to search for potentially responsive e-mails located on Mr. Wright's laptop, and the e-mails were located in Outlook 2003.

16.    As to topic 18, I did not take any steps to determine whether any backup software, tool, or utility was installed on the laptop, as my assignment was to search for potentially

responsive e-mails located on Mr. Wright's laptop, and I was able to perform my search using the search feature in Outlook 2003.

17. As to topic 19, I did not take any steps to find out or confirm whether any reports were created concerning efforts by Mr. Wright or SMI to retrieve e-mail or other documents from the laptop, as my assignment was to search for potentially responsive e-mails located on Mr. Wright's laptop, and such reports were not relevant to my search.

18. As to topic 23, I did not take any steps to determine whether the hard drive had ever been removed from the laptop or whether the hard drive can be accessed independent of the laptop, as my assignment was to search for potentially responsive e-mails located on Mr. Wright's laptop, and I was able to perform my search using the laptop directly.

19. As to topic 24, I did not use any user names or passwords in any effort to retrieve documents from the laptop, nor did I use any user manual, technical manual, or other written material in connection with any effort to retrieve documents from the laptop, as I was able to perform my search using the search feature in Outlook 2003.

20. As to topic 25, I did not take any steps to locate printed copies of Joe Wright e-mails, as my assignment was to search for potentially responsive e-mails located on Mr. Wright's laptop.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 22, 2017

Danielle Weaver

4