**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

Winn-Dixie Stores, Inc. and
Bi-Lo Holdings, LLC,

    Plaintiffs,

v.                                                    Case No. 3:15-cv-1143-J-39PDB

Southeast Milk, Inc., et al.,

    Defendants.
_____/

## PLAINTIFFS' MOTION TO SEAL

Plaintiffs Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC, pursuant to Rule 26(c), F.R.Civ.P. and Local Rule 1.09, moves this Court to permit the FILING UNDER SEAL of four documents comprising of deposition transcripts that Defendant Southeast Milk, Inc. ("SMI") has designated as Confidential or Highly Confidential in accordance with that certain Stipulated Confidentiality Agreement dated August 2, 2016, and entered into by the parties (a copy of which is attached as Exhibit A). In support thereof, Plaintiffs state the following:

1.    On April 27, 2017, this Court granted (in part) Plaintiffs' Motion to Compel (Dkt. #97) and ordered a Rule 30(b)(6) discovery deposition of SMI concerning SMI's "document-production efforts." SMI designated three people to testify as the corporate representatives in response to the Rule 30(b)(6) notice, and the material to be filed under seal comprise of the deposition transcripts from the Rule 30(b)(6) discovery depositions of SMI's designated corporate representatives: Albert Antoine, Shana

Wooten, and Danielle Weaver. SMI has designated the deposition transcripts as Confidential or Highly Confidential.

2.  These documents are being filed in support of Plaintiffs' Second Motion to Compel (Dkt. #107). These documents are material to the Second Motion to Compel in that they show that SMI did not meet even the minimum standard for preparation of its corporate representatives to testify in response to the Rule 30(b)(6) notice, and therefore a second Rule 30(b)(6) deposition is necessary.

3.  Since SMI has designated these documents as Confidential or Highly Confidential under Paragraph 9(a) of the Stipulated Confidentiality Agreement, these materials should be filed under seal.

4.  Pursuant to Local Rule 1.09(c), the proposed duration of the seal is one (1) year. M.D.Fla. R. 1.09(c).

5.  Plaintiffs' counsel reviewed the materials to determine if a means other than sealing is available. However, since Defendant has, by correspondence dated July 7, 2017 and July 24, 2017 (copies attached as Exhibit B) designated substantial portions of the transcripts as Confidential or Highly Confidential (including portions most relevant to the Motion to Compel), redacting to black out references to confidential information would render the relevant portions of the documents indecipherable.

6.  To the extent the information was provided by SMI in reliance on the Stipulated Confidentiality Agreement (Exhibit A) between the parties, Plaintiffs are desirous of honoring that Agreement.

**MEMORANDUM OF LAW**

7. Local Rule 1.09, which governs motions seeking leave to file documents under seal, provides, in pertinent part:

(a) Unless filing under seal is authorized by statute, rule, or order, a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal" and which includes (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal. The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. No settlement agreement shall be sealed absent extraordinary circumstances, such as the preservation of national security, protection of trade secrets or other valuable proprietary information, protection of especially vulnerable persons including minors or persons with disabilities, or protection of nonparties without either the opportunity or ability to protect themselves. Every order sealing any item pursuant this section shall state the particular reason the seal is required.

M.D.Fla. R. 1.09(a). In this case, there is no statute, rule, or other order that authorizes filing the subject document under seal. Thus, in order for the Court to properly evaluate whether filing under seal is warranted, each motion must provide the information required by Local Rule 1.09(a).

8. "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir.2007). However, in this instance the subject materials are being filed in connection with a motion to compel discovery, and are therefore not subject to the common-law right of access. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312-13 (11th Cir. 2001).

9. The need for public access to discovery is low because discovery is "essentially a private process ... the sole purpose [of which] is to assist trial preparation." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir.1986).

10. SMI's counsel has plainly indicated that the documents are considered confidential. We therefore request that the Court permit the sealing of these documents for one (1) year pursuant to LR 1.09 and the Stipulated Confidentiality Agreement.

Respectfully submitted July 26, 2017

        */s/ H. Timothy Gillis*
        H. Timothy Gillis, Trial Counsel
        Florida Bar No. 133876
        Gillis Way & Campbell
        1022 Park Street, Suite 308
        Jacksonville, FL 32204
        Phone: (904) 647-6476
        Fax: (904) 738-8640
        tgillis@gillisway.com

        and

        Patrick J. Ahern
        Ahern and Associates, P.C.
        8 South Michigan Avenue
        Suite 3600
        Chicago, IL 60603
        (312) 404-3760
        patrick.ahern@ahernandassociatespc.com
        (*Admitted Pro Hac Vice*)

        *Attorneys for Plaintiffs Winn-Dixie*
        *Stores, Inc., and Bi-Lo Holdings, LLC*

## CERTIFICATE OF GOOD FAITH CONFERENCE

In accordance with Rule 3.01(g), prior to the filing of this motion, counsel for Plaintiffs conferred with counsel for Defendant, Southeast Milk, Inc., who has indicated that they do not object to the relief requested by this Motion.

/s/ *H. Timothy Gillis*
Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 26, 2017, I electronically filed the foregoing with the Clerk of Court pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Cases of this Court by using the CM/ECF System, which will send a notice of electronic filing to all counsel of record.

/s/ *H. Timothy Gillis*
Attorney

SBDOCS 6917 3