**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**WINN-DIXIE STORES, INC. and BI-LO HOLDINGS, LLC,**

Plaintiffs,

**Case No. 3:15-cv-01143-J-39-BJD-PDB**

v.

**SOUTHEAST MILK, INC., et al.,**

Defendants.

**STIPULATED CONFIDENTIALITY AGREEMENT**

Plaintiffs Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC ("Plaintiffs") and Defendants Southeast Milk, Inc.; National Milk Producers Federation aka Cooperatives Working Together; Dairy Farmers of America, Inc.; Land O'Lakes, Inc.; Agri-Mark, Inc. ("Defendants") (together "Parties") agree to this Stipulated Confidentiality Agreement ("Agreement") in anticipation that  that documents, testimony, and information produced in the course of discovery may include proprietary, competitively sensitive, and confidential information about pricing, budgets, forecasts, strategic plans, membership, cost of production, inventory, market, and other confidential, commercially sensitive information that should be protected.

1.      **Scope of Agreement**.  This Agreement governs the use and handling of documents, electronic information in any form, testimony, interrogatory responses, and other information, including all copies, excerpts, and summaries thereof (collectively, the "Material") produced or given by any defendant, plaintiff, or other individual or entity (the "Producing Party") in pre-trial proceedings in this Litigation.  Material produced in this Litigation, including without limitation Material designated as "Confidential" or "Highly Confidential" under the provisions of this Agreement, and information derived therefrom, shall be used only for the purpose of this Litigation and any related appellate proceeding, and not for any other business, competitive, personal, private, public, or other purpose whatsoever.

1

2.     **Designation of Confidential Material.**  The Producing Party may designate as "Confidential" any Material that it produces in this Litigation which it believes constitutes, contains, reflects or discloses confidential, non-public research and analysis, development or commercial information, or other information for which a good faith claim of need of protection from disclosure can be made under the Federal Rules of Civil Procedure and/or other applicable law ("Confidential Material").  The designations will be made reasonably and in good faith.

3.     **Designation of Highly Confidential Material.**  The Producing Party may designate as "Highly Confidential" (a) any non-public personal information or (b) any Confidential Material that a Producing Party reasonably and in good faith believes to be extremely sensitive confidential and/or proprietary information, the disclosure of which, even if limited to the disclosure of Confidential Material permitted under this Agreement, would compromise and/or jeopardize the Producing Party's business interests ("Highly Confidential Material").

4.     **Production of Documents and Other Material Containing Confidential or Highly Confidential Material.**  The designation of Confidential Material or Highly Confidential Material for the purposes of this Agreement shall be made in the following manner:

   (a)     In the case of documents produced in discovery (including electronic documents produced in TIFF or PDF form), by marking each page of a document containing any Confidential Material with the word "Confidential" and by marking each page of a document containing any Highly Confidential Material with the words "Highly Confidential."

   (b)     In the case of written discovery responses, by marking with the appropriate designation both (i) the first or cover page and (ii) each page containing Confidential or Highly Confidential Material.

   (c)     In the case of electronically stored information in any form ("Electronic Data"), by designating the Electronic Data as Confidential or Highly Confidential on an accompanying slip-sheet and/or in a cover letter accompanying the production of the Electronic Data.  Where

2

feasible, counsel for the Producing Party will also mark the disk, tape or other electronic media on which the Electronic Data is produced with the appropriate designation. If a Party reduces Confidential or Highly Confidential Electronic Data to hardcopy form, it shall mark the hardcopy with the appropriate designation. Whenever any Confidential or Highly Confidential Electronic Data is copied, all copies shall be marked with the appropriate designation.

(d)     In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure, or (ii) by written notice sent to all counsel of record for the Parties within fifteen business days after receipt of the transcript of the deposition unless the parties agree to an extension of this time period for designation. Any other party may object to such proposed designation, in writing or on the record in Court. Upon such objection, the parties shall follow the procedures described in ¶ 12 below. All transcripts shall be considered Highly Confidential and subject to this Agreement until expiration of the fifteen-day period described in this paragraph. Any testimony designated Confidential or Highly Confidential shall be marked and treated in the same manner as documents covered by this Agreement. All videotapes of depositions shall be clearly labeled Confidential or Highly Confidential, as appropriate pursuant to this Agreement.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Confidential or Highly Confidential Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affects its designation as "Confidential" or "Highly Confidential."

Transcripts containing Confidential or Highly Confidential Material shall have an obvious legend on the title page that the transcript contains Confidential or Highly Confidential Material, and the title page shall be followed by a list of all pages (including line numbers as

3

appropriate) that have been designated as Confidential or Highly Confidential Material and the level of protection being asserted by the Producing Party.  The Producing Party shall inform the court reporter of these requirements.

(e)     No confidentiality designations need be made for documents made available for inspection and copying.  If the inspecting Party selects any documents for copying, the Producing Party shall, as appropriate, mark the copies as Confidential or Highly Confidential in the manner set forth in subparagraph (a) before producing them to the inspecting Party.  During the time between the initial inspection and the production of copies of specified documents, all files and records subject to the inspection shall be treated as if they had been designated Highly Confidential pursuant to the terms of this Agreement.  Only persons who may access Highly Confidential Material, as identified in Paragraph 7, may participate in an initial inspection.

**5.     Inadvertent Failure to Designate Material as Confidential or Highly Confidential**. The inadvertent failure to designate Material as Confidential or Highly Confidential shall not be deemed a waiver of a claim of confidentiality.  Within ten (10) days of discovery of an inadvertent failure to designate Material as Confidential or Highly Confidential, the Producing Party shall provide written notification to all other parties to the Litigation of the appropriate designations and shall produce replacement copies of the Material with the appropriate designations, consistent with the requirements of Paragraph 4 of this Agreement (governing the manner of marking information designated under this Agreement).  Regardless of whether replacement copies are provided, from receipt of written notification of the appropriate designations, all Parties shall treat the Material in accordance with those designations.

**6.     Persons Who May Access Confidential Material**.  Absent written consent from the Producing Party or unless otherwise directed by the Court, or as provided in Paragraph 9, Confidential Material may be disclosed only to the following persons:

(a)     Outside counsel of record for the Parties;

4

(b)　　In-house counsel for the Parties who are actively involved in assisting with the prosecution or defense of this Litigation;

(c)　　Class representatives or any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this action;

(d)　　Subject to Paragraph 8 below, outside experts or consultants who are not regular employees of a Party but are retained on behalf of any of the Parties to assist in the preparation of this case;

(e)　　Subject to Paragraph 8 below, witnesses who have been noticed or subpoenaed to testify at deposition or at trial, to the extent deemed necessary by counsel for the prosecution or defense of this action;

(f)　　Subject to Paragraph 8 below, the author or recipient of a document containing the information or a person whom the lawyer reasonably believes has previously seen the Material or has personal knowledge of its contents.

(g)　　Outside photocopying, graphic production services or litigation support services employed by the Parties or their counsel to assist in this Litigation, and computer service personnel performing duties in relation to a computerized litigation system;

(h)　　The Court in this action or any court hearing an appeal from a judgment or order rendered by the Court in this action;

(i)　　Court reporters, videographers, stenographers, and court personnel;

(j)　　The direct staff of, and any contract support personnel employed or retained by, any of the foregoing persons, provided that such persons are actively involved in assisting with the prosecution or defense of this Litigation.

7.　　**Persons Who May Access Highly Confidential Material**.  Absent written consent from the Producing Party or unless otherwise directed by the Court, or as provided in Paragraph 9, Highly Confidential Material may be disclosed only to the following persons:

(a)      Outside counsel of record for the Parties;

(b)      Subject to Paragraph 8 below, outside experts or consultants who are not regular employees of a Party but are retained on behalf of any of the Parties to assist in the preparation of this case;

(c)      During examination at a deposition and subject to Paragraph 8 below, fact witnesses who are or were employed by the Producing Party, or witnesses who are listed as a sender or recipient of the document regardless of whether they are employed by the Producing Party.

(d)      Outside photocopying, graphic production services or litigation support services employed by the Parties or their counsel to assist in this Litigation, and computer service personnel performing duties in relation to a computerized litigation system;

(e)      The Court in this action or any court hearing an appeal from a judgment or order rendered by the Court in this action;

(f)      Court reporters, videographers, stenographers, and court personnel;

(g)      The direct staff of, and any contract support personnel employed or retained by, any of the foregoing persons, provided that such persons are actively involved in assisting with the prosecution or defense of this Litigation.

8.      **Application of this Agreement to Persons With Access to Confidential Material or Highly Confidential Material.**

(a)      Each person given access to Confidential Material or Highly Confidential Material shall be advised that the Confidential Material or Highly Confidential Material is being disclosed pursuant to and subject to the terms of this Agreement and may not be disclosed or used other than as set forth in this Agreement.

(b)      All persons allowed access to Confidential or Highly Confidential Material under this Agreement shall take all necessary steps to insure that access to such Material is restricted to

6

those persons who, by the terms of this Agreement, are allowed access to the Material. To the extent that a person allowed access to Confidential Material or Highly Confidential Material creates, develops, establishes, or otherwise maintains, on any computer, network, disk, tape, or other digital or analog machine-readable device, any information, files, databases or programs that contain Confidential Material or Highly Confidential Material, such person shall take all necessary steps to insure that access to any Confidential Material or Highly Confidential Material is restricted to those persons who, by the terms of this Agreement, are allowed access to the Material.

(c)     Before any person described in Paragraphs 6 or 7 is shown any Confidential Material or Highly Confidential Material, that person must be shown a copy of this Agreement and instructed that he or she will be bound by its provisions. This requirement does not apply to outside counsel of record for the Parties or to the Court in this action or any court hearing an appeal from a judgment or order rendered by the Court in this action.

(d)     Before any person described above in Paragraphs 6(d), 6(e), or 6(f) is given access to Confidential Material, and before any person described above in Paragraphs 7(b) or 7(c) is given access to Highly Confidential Material, that person must also read and agree in writing, by signing an acknowledgment in the form attached hereto as Exhibit A, to be bound by the provisions of this Agreement.

9.      **Filing Documents Containing Confidential or Highly Confidential Material**.

(a)     No pleading or document containing Confidential Material or Highly Confidential Material shall be filed in the public record without the written permission of the Producing Party or a court's order. The parties shall comply with Local Rule 1.09.

(b)     Copies of any pleading, brief, or other document containing Confidential Material or Highly Confidential material that are served on opposing counsel shall be delivered

7

by electronic mail or in a sealed envelope stamped: CONFIDENTIAL [or HIGHLY CONFIDENTIAL], and shall be treated in accordance with the provisions of this Agreement.

10. **Use of Confidential Material or Highly Confidential Material at Trial or Hearing**. The restrictions, if any, that will govern the use of Confidential Material or Highly Confidential Material at trial or hearings will be determined at a later date.

11. **No Waiver of Privilege**. If information or Material subject to a claim of attorney-client privilege, work product protection, or any other privilege or immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product protection, or other ground for withholding production to which any Producing Party would otherwise be entitled, in this case or in any other state or federal action or proceeding. Any inadvertently produced Materials shall be returned promptly to the Producing Party upon request and all copies destroyed.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Inadvertent disclosures of Material protected by the attorney-client privilege or the work product doctrine shall not constitute a waiver of the privilege and/or protection provided the Producer proceeds in accordance with Rule 502 of the Federal Rules of Evidence.

12. **Removal of Confidential or Highly Confidential Designation**. Any Party may object to the designation of any Material as Confidential or Highly Confidential (the "Objecting Party") by giving written notice to counsel for the Producing Party (or to the Producing Party directly if no counsel has appeared on its behalf) that it objects to the designation. Such notice shall specifically identify the Material at issue and state the reasons for questioning the confidentiality designation. Within ten (10) business days after such notice, the Objecting Party and Producing Party shall confer in good faith to attempt to resolve any such dispute. If the Parties cannot resolve a challenge without court intervention,

the Objecting Party may file and serve (including notice to the Producing Party) a motion for a ruling that the identified Material is not appropriately designated. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. If such a motion is made, the Producing Party will have the burden to establish that the designation is proper. Until the Court rules on the motion, the documents shall be treated as Confidential or Highly Confidential, as originally designated.

13. **Modification of the Agreement.** This Agreement shall not prevent a Party from applying to the Court for relief therefrom, or from applying to the Court for a protective order.

14. **Copy of Agreement Must Be Served With Any Subpoena.** When serving any subpoena in this Litigation on a non-party to the Litigation, a copy of this Agreement shall be included with the subpoena.

15. **Third Party Requests for Confidential Material or Highly Confidential Material.** If any person receiving Material covered by this Agreement is subpoenaed in another action or proceeding, served with a document demand, or otherwise requested to provide Material covered by this Agreement, and such subpoena, document demand, or request seeks Material which was produced or designated as Confidential Material or Highly Confidential Material by any Producing Party, counsel to the person receiving the subpoena, document demand, or request shall give written notice via email, within two (2) business days, to counsel for the Producing Party, and shall send a timely objection to the subpoenaing or requesting party, together with a copy of this Agreement. The Party receiving the subpoena, document demand, or request shall cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose Confidential Material or Highly Confidential Material may be affected. If the Producing Party timely seeks a protective order, the Party receiving the subpoena, document demand, or request shall not produce any Confidential Material or Highly Confidential Material while a motion for a protective order brought pursuant to this paragraph is pending, or while any appeal from or request for appellate review of such motion is pending, unless ordered by a court to do so, or unless the Party has

9

obtained the Producing Party's permission.  The Producing Party shall bear the burden and expense of seeking protection of its Confidential Material. and/or Highly Confidential Material.

16.     **Intentional or Inadvertent Unauthorized Disclosure of Confidential Material or Highly Confidential Material**.  If any person subject to this Agreement becomes aware that he or any other person has, either intentionally or inadvertently, disclosed Confidential Material or Highly Confidential Material to someone not authorized to receive such Material under this Agreement, counsel of record for the Party involved shall immediately inform the Producing Party's counsel of record about the unauthorized disclosure, and also shall use his or her best efforts to obtain the return of all improperly disseminated copies of the Confidential Material or Highly Confidential Material and to prevent any further improper dissemination of the same.

17.     **Court Retains Jurisdiction**.  This Agreement shall survive the termination of this litigation.  The Court in this Litigation will retain jurisdiction over this action for enforcement of the provisions of this Agreement following the final resolution of this Litigation.

18.     **Return or Destruction of Confidential Material and Highly Confidential Material**. Within sixty (60) days of the termination of this action, including the exhaustion of all appeals, all Confidential Material or Highly Confidential Material supplied by any Producing Party, including any copies thereof, as well as any summaries, notes, extracts, compilations, drawings, or other documents containing Confidential Material or Highly Confidential Material, shall be returned to the Producing Party or shall be destroyed and their destruction certified in writing unless otherwise agreed in writing by the parties, provided, however, that portions of back-up tapes containing Confidential Material and/or Highly Confidential Material may be destroyed in accordance with standard retention policies.  A copy of the written certification shall be provided to the Producing Party.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Material or

10

Highly Confidential Material.  Any such archival copies that contain or constitute Confidential Material

or Highly Confidential Material remain subject to this Agreement.

**19.    Parties May Use Their Own Confidential Material and Highly Confidential**

**Material.**  This Agreement does not affect a Party's use or disclosure of its own Material.

IT IS SO STIPULATED.

Dated:  August 2, 2016

AKERMAN LLP

By: _____
Cindy A. Laquidara
Florida Bar No. 394246
Email: cindy.laquidara@akerman.com
50 North Laura Street, Suite 3100
Jacksonville, FL  32202
Telephone: (904) 798-3700
Facsimile: (904) 798-3730

*Attorneys for Defendants National Milk Producers
Federation, Southeast Milk, Inc.; Dairy Farmers of
America, Inc., Land O'Lakes, Inc.; and Agri-Mark,
Inc.*

By: _____
Michael J. Beaudine, Esq.
Florida Bar No. 0772763
beaudine@lseblaw.com
LATHAM, SHUKER, EDEN & BEAUDINE, LLP
111 N. Magnolia Avenue, Suite 1400
Orlando, Florida  32801
Telephone: (407) 481-5800
Facsimile: (407) 481-5801

*Attorneys for Defendant Southeast Milk, Inc.*

By: _____
W. Todd Miller
District of Columbia Bar No. 414930
Lucy Clippinger
New York Bar No. 5105796
BAKER & MILLER PLLC

11

2401 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20037
Telephone: (202) 663-7820
Facsimile: (202) 663-7849
tmiller@bakerandmiller.com
lclippinger@bakerandmiller.com

Steven R. Kuney
District of Columbia Bar No. 253286
Carl R. Metz
District of Columbia Bar No. 490663
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20016
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
skuney@wc.com
cmetz@wc.com

*Attorneys for Defendant Dairy Farmers of America, Inc.*

By: _____
Nathan P. Eimer
Illinois State Bar No.  00735353
Scott C. Solberg
Illinois State Bar No. 6204487
Daniel D. Birk
Illinois State Bar No. 6302412
Ben E. Waldin
Illinois State Bar No.  6317991
EIMER STAHL LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
Telephone: (312) 660-7600
Facsimile: (312) 692-1718
neimer@eimerstahl.com
ssolberg@eimerstahl.com
dbirk@eimerstahl.com
bwaldin@eimerstahl.com

*Attorneys for Defendant Land O'Lakes, Inc.*

By: _____

12

Jill M. O'Toole
Connecticut No. 414338
SHIPMAN & GOODWIN LLP
One Constitution Plaza
Hartford, CT 06103
Telephone: (860) 251-5000
Facsimile: (860) 251-5218
jotoole@goodwin.com

*Attorneys for Defendant Agri-Mark, Inc.*

By: _____
Kenneth P. Ewing
District of Columbia Bar No. 439685
John J. Kavanagh
New York Bar No. 2858074
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
kewing@steptoe.com
jkavanagh@steptoe.com

*Attorneys for Defendant National Milk Producers
Federation aka Cooperatives Working Together*

By:_____
H. Timothy Gillis, Trial Counsel
Florida Bar No. 133876
Nancy A. Johnson, Trial Counsel
Florida Bar No. 597562
Gillis Way & Campbell
1022 Park Street, Suite 308
Jacksonville, Florida 32204
Phone: (904) 647-6476
Fax: (904) 738-8640
tgillis@gillisway.com
njohnson@gillisway.com

By: _____
Patrick J. Ahern
Ahern and Associates, P.C.
Willoughby Tower

13

8 South Michigan Avenue
Suite 3600
Chicago, Illinois 60603
Phone: (312) 404-3760
Fax: (904) 738-8640
patrick.ahern@ahernandassociatespc.com

*Attorneys for Plaintiffs Winn-Dixie Stores, Inc., and
Bi-Lo Holdings, LLC*

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print

or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Confidentiality Agreement that was entered into by the Parties  on

[date] in the case of *Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC v. Southeast Milk, Inc., et

al.*,  Case No. 3:15-cv-01143-J-39-BJD-PDB pending in the U.S. District Court for the Middle

District of Florida.  I agree to comply with and to be bound by all the terms of this Stipulated

Confidentiality Agreement and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will

not disclose in any matter any information or item that is subject to this Stipulated

Confidentiality Agreement to any person or entity except in strict compliance with the provisions

of this Agreement.

I further agree to submit to the jurisdiction of the United States District Court for the Middle

District of Florida for the purpose of enforcing the terms of this Stipulated Confidentiality

Agreement, even if such enforcement proceedings occur after termination of this action.

Date:

City and State where sworn and signed:

Printed name:

                    [printed or typed name]


Signature: _____

15

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _PATRICK J. AHERN_ [print or type full name], of _AHERN AND ASSOC., P.C._ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Confidentiality Agreement that was entered into by the Parties on [date] in the case of *Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC v. Southeast Milk, Inc., et al.*, Case No. 3:15-cv-01143-J-39-BJD-PDB pending in the U.S. District Court for the Middle District of Florida. I agree to comply with and to be bound by all the terms of this Stipulated Confidentiality Agreement and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any matter any information or item that is subject to this Stipulated Confidentiality Agreement to any person or entity except in strict compliance with the provisions of this Agreement.

I further agree to submit to the jurisdiction of the United States District Court for the Middle District of Florida for the purpose of enforcing the terms of this Stipulated Confidentiality Agreement, even if such enforcement proceedings occur after termination of this action.

Date: _8/2/16_

City and State where sworn and signed: _CHICAGO, ILLINOIS_

Printed name: _PATRICK J. AHERN_

[printed or typed name]

Signature: _Patrick J. Ahern_

15

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _MARK S HAMILL_ [print or type full name], of _AHERN AND ASSOCIATES, PC_ [print

or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Confidentiality Agreement that was entered into by the Parties  on

[date] in the case of *Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC v. Southeast Milk, Inc., et*

*al.*,  Case No. 3:15-cv-01143-J-39-BJD-PDB pending in the U.S. District Court for the Middle

District of Florida.  I agree to comply with and to be bound by all the terms of this Stipulated

Confidentiality Agreement and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will

not disclose in any matter any information or item that is subject to this Stipulated

Confidentiality Agreement to any person or entity except in strict compliance with the provisions

of this Agreement.

I further agree to submit to the jurisdiction of the United States District Court for the Middle

District of Florida for the purpose of enforcing the terms of this Stipulated Confidentiality

Agreement, even if such enforcement proceedings occur after termination of this action.

Date: _August 2, 2016_

City and State where sworn and signed:  _CHICAGO, Illinois_

Printed name: _MARK S HAMILL_
                    [printed or typed name]

Signature: _Mark S Hamill_

15