**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

WINN-DIXIE STORES, INC. and BI-LO
HOLDINGS, LLC,

    Plaintiffs,                                CASE NO.: 3:15-cv-1143-BJD-PDB

v.

SOUTHEAST MILK, INC., et al.,

    Defendants.

_____/

**DEFENDANT SOUTHEAST MILK, INC.'S SUPPLEMENTAL BRIEF
IN SUPPORT OF PLAINTIFF'S MOTION TO SEAL**

    Defendant, SOUTHEAST MILK, INC. ("SMI"), by and through its undersigned counsel, pursuant to this Court's August 24, 2017 Order (Doc. 110), hereby submits the following supplemental brief in support of Plaintiffs' Motion to Seal (the "Motion"; Doc. 108):

    1.    In support of their Second Motion to Compel (Doc. 107), Plaintiffs seek to file under seal the transcripts of the Rule 30(b)(6) depositions of Albert Antoine, Shana Wooten, and Danielle Weaver taken on June 2, 2017 (collectively, the "Transcripts"). Counsel for SMI previously designated certain portions of the Transcripts as "Confidential" pursuant to the terms of the parties' Stipulated Confidentiality Agreement dated August 2, 2016 (the "Confidentiality Agreement").

    2.    Good cause exists for sealing the previously designated "Confidential" portions of the Transcripts because the testimony and related deposition exhibits at issue involve competitively sensitive and confidential information about SMI's business. Public disclosure of such information could potentially cause competitive harm to SMI. Moreover, the information sought to be sealed does not include matters of public concern, and SMI's interest in protecting

its commercially and competitively sensitive information should outweigh the public's potential interest in access to such information in this matter. *See Local Access, LLC v. Peerless Network, Inc.*, Case No. 6:14-cv-399-Orl-40TBS, 2015 WL 6165498, at *1 (M.D. Fla. Oct. 20, 2015); *NXP B.V. v. Research in Motion, Ltd.*, Case No. 6:12-cv-498-Orl-22TBS, 2013 WL 4118053, at *2 (M.D. Fla. Aug. 12, 2013).

3. The Confidential portions of the transcript of the deposition of Albert Antoine include testimony and exhibits regarding non-public information about SMI's organizational structure and internal operations, such as SMI's policy and procedure manuals, human resources reporting and retention guidelines, and SMI's implementation of such policies and procedures. The Confidential portions further discuss commercially sensitive information regarding SMI's Board of Directors, including reports made by the CEO and President, antitrust compliance policies and presentations made to the Board of Directors. There is also testimony regarding exhibits that discuss pricing issues.

4. Similarly, the Confidential portions of the transcript of the deposition of Shana Wooten include testimony and exhibits regarding SMI's internal corporate policies and guidelines as well as testimony and exhibits regarding SMI's Board of Directors, including minutes of meetings of the Board of Directors and Board of Director training sessions.

5. The Confidential portions of the transcript of the deposition of Danielle Weaver include testimony and exhibits regarding commercially sensitive communications relating to internal policy positions on matters affecting SMI's members, as well as communications regarding committee meetings and discussions about SMI's internal positions on various business and policy issues.

6.	As made clear in the Transcripts, the designations of "Confidential" testimony were carefully limited to those portions of the testimony which SMI in good faith deemed Confidential in accordance with the parties' Confidentiality Agreement.  These portions include testimony regarding certain deposition exhibits that SMI produced in this case and designated as either "Confidential" or "Highly Confidential" pursuant to the Confidentiality Agreement, specifically the following:  Exhibits 12-13 (Confidential) and Exhibits 15-17 (Highly Confidential) to the Antoine deposition; Exhibits 19, 21 and 23 (Highly Confidential) and Exhibit 22 (Confidential) to the Wooten deposition; and Exhibit 24 (Confidential) and Exhibit 26 (Highly Confidential) to the Weaver deposition.  If the Motion is not granted, these sensitive documents would be released for public access and SMI's business interests would be potentially damaged.

7.	Good cause exists to file under seal where, as here, the documents sought to be sealed contain information that is confidential and commercially sensitive.  *See Stoneeagle Services, Inc. v. Pay-Plus Solutions, Inc.*, Case No. 8:13-cv-2240-T-33MAP, 2015 WL 5735396, at *2 (M.D. Fla. Sept. 22, 2015); *Suntree Technologies, Inc. v. Ecosense International, Inc.*, Case No. 6:09-cv-1945-Orl-28GJK, 2012 WL 12932033, at *2 (M.D. Fla. Nov. 27, 2012).

8.	Based on the foregoing, good cause exists to file the "Confidential" portions of the Transcripts under seal, and the Motion should be granted.

Dated:  September 1, 2017

/s/ Michael J. Beaudine
Michael J. Beaudine, Esq.
Florida Bar No. 0772763
beaudine@lseblaw.com
**LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
111 N. Magnolia Ave., Suite 1400
Orlando, Florida 32801
Telephone: (407) 481-5800
Facsimile:  (407) 481-5801

*Attorneys for Defendant SMI*

3

4

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 1, 2017, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Michael J. Beaudine
Michael J. Beaudine, Esq.