UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Winn-Dixie Stores, Inc. and
Bi-Lo Holdings, LLC,

    Plaintiffs,

v.

                                Case No. 3:15-cv-1143-J-39PDB

Southeast Milk, Inc., et al.,

    Defendants.
_____/

**REPLY BRIEF IN SUPPORT OF PLAINTIFFS' SECOND MOTION TO COMPEL AGAINST DEFENDANT SOUTHEAST MILK, INC.**

SMI's only response to Plaintiffs' Second Motion to Compel is that Plaintiffs' counsel did not ask enough questions of SMI's witnesses after they testified that they did not know if SMI had any responsive documents (for which SMI could muster only a single purported example), did not know what steps SMI took to respond to Plaintiffs' document requests, and did nothing to prepare for their 30(b)(6) depositions. SMI further contends that Plaintiffs have not tied the failure of their witnesses, which SMI does not really contest, to specific topics in Plaintiffs' Rule 30(b)(6) deposition notice. Not only would further examination of SMI's unprepared witnesses following each of their many "I don't know" responses have been futile and unwarranted for depositions that in total were reasonably expected to require only a few hours of testimony, but also it is clear that their failure to prepare was tied to numerous key topics. Thus, this Court should grant Plaintiffs' second, renewed motion to compel, order SMI to produce fully prepared witnesses, and award

Plaintiffs' their fees and costs incurred in pursuing this motion and also in taking the second round of depositions.

      **I.**      **SMI FAILED TO PRESENT ADEQUATELY PREPARED 30(B)(6) WITNESSES.**

SMI failed to adequately prepare its witnesses to testify on the topics in Plaintiffs' Rule 30(b)(6) deposition notice. In fact, SMI does not really dispute this; instead, SMI responds that (1) it was not required that the witnesses talk to current and former employees, and (2) Plaintiffs have not tied the failure of SMI's witnesses to any specific topic.

Taking the latter point first, it must be remembered that the whole point of the Rule 30(b)(6) discovery deposition of SMI was to provide Plaintiffs with information about what SMI did in order to respond to Plaintiffs' document requests – what SMI did to identify, locate, or find documents responsive to those document requests, and to gather and produce those documents. When SMI's first witness, its CFO Albert Antoine, testified that there was a procedure for responding to Plaintiffs' document requests pursuant to which various SMI employees were assigned to each document request, but that he did not know for sure which employees were assigned to each request, and that, as to those requests to which he assumed that Calvin Covington, SMI's former CEO, was assigned, he did not know what Covington did and did not ask him – all of that not only was a colossal failure of 30(b)(6) preparation, but also set the tone for the utter waste of time that these 30(b)(6) depositions turned out to be – especially considering their ultimate purpose. *See* Antoine Dep. 48:13-52:15.

To be clear, Antoine's failure to know what Covington did, as the person assigned to numerous of Plaintiffs' document requests, or to ask him what he did, directly implicates Topic 5 of Plaintiffs' Rule 30(b)(6) deposition notice, which called for information regarding what SMI did to identify, locate and produce documents responsive to Plaintiffs' document requests.[1]  There could not be a more fundamental topic in Plaintiffs' 30(b)(6) deposition notice.  Specifically, Antoine testified that Covington was assigned Document Request Nos. 23, 27, 28, 29, 36, 37, 42, 65, 76, 77 and 78 (or 11 out of 17 requests remaining most at issue).

Those eleven document requests sought materials relating to why the Herd Retirement Program was developed, the purpose of each of the 10 herd retirements, communications with Plaintiffs regarding the Herd Retirement Program, public communications or speeches by SMI regarding the Herd Retirement Program, over-order premiums, communications with Plaintiffs regarding the supply and demand of milk, communications with Plaintiffs regarding over-order premiums and the sale of raw milk and milk products to Plaintiffs, and SMI internal documents regarding the over-order premiums charged to Plaintiffs.[2]  Thus, these documents are the most fundamental types of documents in the case.  Therefore, Antoine's failure to adequately prepare himself by talking to Covington about what Covington did to identify, locate and produce responsive

---

[1] Topic 5 reads: "The steps that SMI took to identify, preserve, collect and produce to Plaintiffs documents responsive to Plaintiffs' Requests for Production of Documents, dated August 3, 2016, October 12, 2016 and November 11, 2016."

[2] These document requests were summarized in Exhibit 18 to Antoine's deposition, which was created by Plaintiffs to facilitate efficient examination and to which SMI's counsel did not object. This Exhibit is attached hereto as Exhibit 1.

documents directly implicates Topic 5, which in turn implicates SMI's entire discovery process related to Plaintiffs' document requests.[3] Notably, Covington was not designated to testify, and his document production efforts remain concealed behind a cloud of willful ignorance and obfuscation.

Antoine was also unprepared to testify on Topic No. 9, which called for testimony concerning "documents concerning SMI's antitrust compliance and training, and what steps were taken to identify and locate them." Antoine testified that Peter Latham, outside counsel to SMI and a named partner in the law firm representing SMI in this case, was responsible for such training and also for responding to the document request corresponding to that Topic, namely Request No. 22. *See* Antoine Dep. 53:1-54:21. However, since Antoine did not talk to anyone in preparation for his 30(b)(6) discovery deposition, he did not speak with Latham or ask him whether there were documents responsive to Request No. 22 and what steps Latham took to identify and locate any responsive documents. Thus, Antoine was unprepared to testify as to this Topic.

In addition, Shana Wooten testified that she did not know if SMI had documents relating to Topic 13 and did not know if SMI took any steps to identify, locate and produce them.[4] Wooten Dep. 28:11–29:3. In addition, with respect to Topic 14, she testified that she did not look for deposition exhibits, or any documents relating to any of the 4 antitrust

---

[3] Moreover, given what has transpired so far in Plaintiffs' dogged efforts to obtain documents from SMI – from SMI's statement that there are no emails on Joe Wright's laptop to the subsequent production of hundreds of emails – is it any wonder to now learn that SMI's entire discovery process was a complete failure.

[4] Topic 13 reads: "The possession, custody and control of all known copies of notes taken during CWT, NMPF, DCMA, SDCA or SMI meetings by Joe Wright, Calvin Covington, Dale Eade or John Peachey, and what steps were taken to identify and locate them."

4

litigations identified by Plaintiffs, and only searched for transcripts.[5] Wooten Dep. 17:6-18. With respect to Topic 15, she testified that she gathered Board minutes, minutes from the DCMA and SDCA (all of which Plaintiffs specifically identified to SMI – SMI should have but did nothing to locate the DCMA and SDCA minutes on its own), and pricing letters, but did nothing more to search for non-email electronic documents relating to CWT, NMPF and Plaintiffs.[6] Wooten Dep. 23:18–24:23. Finally, as to Topic 16, which related to hard copy documents, she testified that she did not know if there were locations within SMI where such documents relating to CWT, NMPF and Plaintiffs could be found.[7] Wooten Dep. 27:10-18. Finally, Wooten was the individual designated by SMI to testify about Topics 13-16, and remember that her lack of knowledge is not informed by her consultation with anyone, because she testified that she did not talk to anyone in preparation for her deposition, although she identified several former employees that she could have talked to. Therefore, Wooten was clearly unprepared to testify as SMI's 30(b)(6) witness on these topics.

As to the documents that Wooten testified she did not know if SMI had and did not know what steps SMI took to identify, locate and produce such documents, she was

---

[5] Topic 14 reads: "The possession, custody and control of all known copies of exhibits to the December 3, 2009 deposition of Joe Wright and the December 4-5, 2009 deposition of Calvin Covington in the Southeastern Milk Antitrust Litigation, and what steps were taken to identify and locate them."
[6] Topic 15 reads: "Steps taken by SMI to identify, preserve, collect, review and produce responsive non-email documents on local drives (i.e., on individual user PCs) and network drives, including documents concerning NMPF, CWT, DCMA, SDCA and Plaintiffs."
[7] Topic 16 reads: "Steps taken by SMI to identify, preserve, collect, review and produce responsive hard copy paper documents, including documents concerning NMPF, CWT, DCMA, SDCA and Plaintiffs."

completely unprepared as a 30(b)(6) witness, and that lack of preparation directly implicated Topic 13.

As to the documents that Wooten only testified that she did not know if SMI had such documents, SMI contends that Plaintiffs' counsel should have asked her additional questions to establish her failure of preparation. However, this argument makes no sense. If Wooten testified that she did not know if SMI had certain documents, that testimony by definition means that she did not adequately prepare. Otherwise, she would have (or reasonably should have) testified that SMI did not have such documents (or did have such documents). In addition, if she had taken any steps to determine if SMI had such documents, or had testified that she had taken steps to determine what steps SMI had taken to identify, locate and produce documents, Wooten would not have testified that she did not know whether SMI had such documents. Instead, she would have known whether SMI had such documents and would have testified accordingly, and would have also testified what steps SMI took to identify, locate or produce such documents. Thus, Wooten's lack of sufficient 30(b)(6) preparation implicates Topics 14-16.

Furthermore, Danielle Weaver testified that SMI made no effort to produce non-email electronic documents. This implicates Topic 17, which called for the identification of custodians for non-email electronic documents, how they were identified and whether they were interviewed.[8] The identification of custodians is the most fundamental first step in any document search. Since SMI made no effort whatsoever to produce non-email

---

[8] Topic 17 reads: "The identity of all SMI non-email document custodians in this case, including custodians for non-email electronic documents and hard copy paper documents, and what steps were taken to identify them and interview them."

6

electronic documents, there could be no information offered by any of the witnesses responsive to Topic 17.

Therefore, based on SMI's failure to produce adequately prepared 30(b)(6) witnesses for the discovery deposition, the appropriate remedy is for this Court to order SMI to produce adequately prepared witnesses for a second 30(b)(6) discovery deposition on the following Topics from Plaintiffs' original Rule 30(b)(6) discovery deposition notice – Topic Nos. 1, 5, 9, 10, 13-17.[9]

## II. UNDER THE APPOSITE CASE LAW, SMI CLEARLY FAILED TO MEET ITS OBLIGATION UNDER RULE 30(B)(6).

Under the apposite case law, SMI clearly failed to meet its obligation to present adequately prepared witnesses to testify in response to Plaintiffs' Rule 30(b)(6) discovery deposition notice.  SMI incorrectly relies on case law for the proposition that (1) a rule of reason applies to Rule 30(b)(6), (2) if a witness answers the majority of the questions, there is not violation of Rule 30(b)(6) obligations, and (3) its witnesses were not required to talk to others prior to their deposition because there was no showing that there was anyone else within SMI that had more knowledge responsive to the Rule 30(b)(6) topics.[10]  However, that case law is inapposite because SMI's witnesses did not answer a majority of the

---

[9] Topics 5, 9 and 13-17 are set forth, *supra*. Topic 1 reads: "The steps or efforts that the designated corporate representative (i.e., deponent) took to prepare to testify for Southeast Milk about the Matters for Examination set forth herein, including the identity of persons with whom the designee met, topics of discussion, information learned and documents reviewed. This Matter for Examination shall not include the content of Communications with counsel for Southeast Milk or, if represented separately, the designee." Topic 10 reads: "The possession, custody and control of documents concerning any SMI Board Training Seminar, including any Seminar held in or around April 2008 (*see* draft agenda at SMI-013489-13491), and what steps were taken to identify and locate them."

[10] These cases are *Hiscox*, *Chick-Fil-A*, and *Catalina Rental Apartments*, cited on pages 6-7 of SMI's Response (Dkt. #109).

questions posed, there clearly were individuals, including at least Calvin Covington and Peter Latham, who had more knowledge than the proferred witnesses on many Topics, and the rule of reason approach does not excuse a total lack of preparation.

By contrast, Plaintiffs' case law, in particular the *QBE* and *In re Brican* decisions, are directly on point and support a finding here that SMI's witnesses failed in their Rule 30(b)(6) preparation obligations. In *QBE Ins. Corp. v. Jorda Enters.*, 277 F.R.D. 676 (S.D. Fla. 2012), the court held that the proferred witness failed to meet his Rule 30(b)(6) obligations when he testified that he could not provide any information on any of the 35 e-discovery topics. *Id.* at 693. In addition, in *In re Brican Am. Equip. Lease Litig.*, 2013 U.S. Dist. LEXIS 142841 (S.D. Fla. 2013), the court held that the proferred witness failed to meet his Rule 30(b)(6) obligations when he identified other persons with possible knowledge but "he failed to assert that interviews had been conducted of these employees" and that it was of "no moment that certain of those employees may no longer work" for the Defendant. *Id.* at *58-60. Therefore, based on the apposite case law, SMI's witnesses failed in their obligations (and SMI failed in its obligations) to prepare for their Rule 30(b)(6) discovery depositions.

### III. THE DEFICIENCIES IN THE SECOND IT DECLARATION WERE IMPOSED BY SMI BASED ON AN ERRONEOUS, DISINGENUOUS INTERPRETATION OF THIS COURT'S MAY 3 ORDER.

With respect to the Second IT declaration, SMI's counsel's explanation for why Weaver's statements – she did not take any steps or did not know, in response to numerous questions posed by Plaintiffs and invited by this Court, with respect to Joe Wright's laptop – were adequate is that SMI was only required to state in the declaration what Weaver did

8

in connection with the laptop. Weaver made these statements in Paragraphs 6-10, 14-18 and 20 of the Second IT Declaration, and relating to Topics 4-8, 16-19, 23 and 25 contained in Plaintiffs' May 3 email and excerpted at pages 16-17 of Plaintiffs' Second Motion to Compel (Dkt. # 107).

However, SMI's reading of this Court's May 3 Order and its comments at the April 27 oral argument, was not correct and furthermore was disingenuous. That Order did not merely require that SMI answer questions about what Weaver had done with respect to Wright's laptop prior to May 3. Rather, it required SMI to provide responses to Plaintiffs' questions about Wright's laptop, not limited to what Weaver herself may have done. Thus, in light of SMI's counsel's explanation as to why Weaver did not take steps or did not know, in response to Plaintiffs' questions regarding Wright's laptop, it is clear that the Second IT Declaration was deficient in that respect and SMI should be ordered to provide responses to those questions to which Weaver responded that she did not take any steps or did not know – namely Paragraphs 6-10, 14-18 and 20 of the Second IT Declaration (a copy of the Second IT Declaration is attached hereto as Exhibit 2.)

## CONCLUSION

Based on the above facts relating to the Rule 30(b)(6) discovery deposition and the Second IT Declaration, this Court should grant Plaintiffs' second motion to compel against SMI and order (1) a second Rule 30(b)(6) discovery deposition addressing Topic Nos. 1, 5, 9, 10, 13-17, and award Plaintiffs their attorneys' fees and costs in connection with the second deposition (or the June 2 deposition), as well as their attorneys' fees and costs incurred in preparing and pursuing this motion to compel, and (2) a third IT declaration

remediating the answers given in Paragraphs 6-10, 14-18 and 20 of the Second IT Declaration, and award Plaintiffs their attorneys' fees and costs in connection with pursuing an adequate IT declaration, including but not limited to the preparation and pursuit of this motion to compel.

Respectfully submitted September 7, 2017

        /s/ H. Timothy Gillis
        H. Timothy Gillis, Trial Counsel
        Florida Bar No. 133876
        Gillis Way & Campbell
        1022 Park Street, Suite 308
        Jacksonville, FL 32204
        Phone: (904) 647-6476
        Fax: (904) 738-8640
        tgillis@gillisway.com

        and

        Patrick J. Ahern
        Mark S. Hamill
        Ahern and Associates, P.C.
        8 South Michigan Avenue
        Suite 3600
        Chicago, IL 60603
        (312) 404-3760
        patrick.ahern@ahernandassociatespc.com
        (*Admitted Pro Hac Vice*)
        mark.hamill@ahernandassociatespc.com
        (*Admitted Pro Hac Vice*)

        *Attorneys for Plaintiffs Winn-Dixie*
        *Stores, Inc., and Bi-Lo Holdings, LLC*

## CERTIFICATE OF GOOD FAITH CONFERENCE

The details of the meet and confer that preceded Plaintiff's initial motion (Dkt. 107) are set forth therein.  In accordance with this Court's August 24, 2017 Order (Dkt. 111), the parties conferred on the outstanding document requests in a telephone conference held between Patrick J. Ahern, Esquire and Christina Y. Taylor, Esquire on September 5, 2017.  The parties were unable to reach agreement.  Ms. Taylor reported in a single-sentence email for SMI on September 6, 2017 that: "After further review, we still maintain that further supplementation is not required."

/s/ *H. Timothy Gillis*
Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 7, 2017, I electronically filed the foregoing with the Clerk of Court pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Cases of this Court by using the CM/ECF System, which will send a notice of electronic filing to all counsel of record.

/s/ *H. Timothy Gillis*
Attorney