United States District Court
Middle District of Florida
Jacksonville Division

**WINN-DIXIE STORES, INC.,
& BI-LO HOLDINGS, LLC,**

    *Plaintiffs,*

v.                                                 No. 3:15-CV-1143-J-39PDB

**SOUTHEAST MILK, INC., ETC.**

    *Defendants.*

---

## Order Granting the Plaintiffs' Motion to Seal

In October 2017, the Court granted in part the plaintiffs' second motion to compel Southeast Milk, Inc., to provide discovery. Doc. 107 (motion); Doc. 117 (order). Pending is the plaintiffs' related motion to file under seal deposition transcripts supporting the second motion to compel. Doc. 108.

The plaintiffs seek to file the transcripts under seal because Southeast Milk designated substantial portions of them "[c]onfidential or [h]ighly [c]onfidential" under the parties' stipulated confidentiality agreement and "redacting to black out references to confidential information would render the relevant portions of the documents indecipherable." Doc. 108 at 2. The plaintiffs assert they are "desirous of honoring [the confidentiality] [a]greement." *Id.*

The Court allowed the plaintiffs to provisionally file the transcripts under seal to decide the second motion to compel without unnecessary delay and allowed either party to submit supplemental briefing on the issue. Doc. 110. Southeast Milk submitted a brief, Doc. 113, supporting the plaintiffs' motion to seal, Doc. 108, stating the transcripts involve "competitively sensitive and confidential information" about its business practices and "public disclosure of such information could potentially

cause competitive harm" to the business. Doc. 113 at 1. Southeast Milk asserts "the information does not include matters of public concern" and Southeast Milk's interest "should outweigh the public's potential interest in access to such information." Doc. 113 at 1-2.

Under Federal Rule of Civil Procedure 26(c)(1), a party may move for a protective order requiring "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way," Fed. R. Civ. P. 26(c)(1)(G). The order must be supported by good cause. *See* Fed. R. Civ. P. Rule 26(c)(1).

"Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). A court may determine which parts of the record should be sealed, but its discretion is guided by the presumption of public access. *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013).

To decide if the presumption of public access applies, a court distinguishes documents that "may properly be considered public or judicial records" from "those that may not; the media and public presumptively have access to the former, but not to the latter." *Id*. The presumption applies to materials attached to documents that invoke judicial resolution on the merits but not to discovery documents irrelevant to the underlying issues. *F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 63−64 (11th Cir. 2013). If the presumption does not apply, the Court must conduct only the "good cause" analysis under Rule 26(c). *See In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 355–56 (11th Cir. 1987).

Here, the public-access presumption does not apply because the transcripts relate to a discovery dispute, and Southeast Milk presents good cause for sealing them: they contain information concerning Southeast Milk's internal operations, reports made by directors, antitrust compliance policies, litigation exhibits discussing pricing, and communications regarding internal positions on business and policy

issues. Doc. 113 at 2. Southeast Milk's competitors could unfairly use the information to their advantage. The transcripts do not concern public officials or public concerns. The transcripts will be used not to decide the merits of the case but to resolve a collateral discovery dispute. There is no less-restrictive alternative to sealing because redacting would omit too much.

Under Local Rule 1.09, a party seeking to file a document under seal must state the proposed duration of the seal and, "Unless otherwise ordered by the Court for good cause shown, no order sealing any item pursuant to this section shall extend beyond one year, although a seal is renewable by a motion that complies with … this rule, identifies the expiration of the seal, and is filed before the expiration of the seal."

The plaintiffs ask the Court to maintain the seal for one year. Doc. 108 at 4. Southeast Milk does not address duration. *See generally* Doc. 113. Given the nature of the documents, sealing for the presumptive one-year period is warranted, subject to an extension upon timely motion demonstrating good cause.

The Court **grants** the plaintiffs' unopposed motion to seal the transcripts, Doc. 108, and **directs** the clerk, absent further order, to maintain the seal until **October 10, 2018**.

**Ordered** in Jacksonville, Florida, on March 27, 2018.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Counsel of record