United States District Court
Middle District of Florida
Jacksonville Division

**WINN-DIXIE STORES, INC.,**
**& BI-LO HOLDINGS, LLC,**

  *Plaintiffs,*

v.              NOS. 3:15-cv-1143-J-39PDB
                 3:18-mc-14-J-34PDB

**SOUTHEAST MILK, INC., ETC.,**

  *Defendants.*

# Order

  Before the Court are several motions and responses. Docs. 127, 129, 130, 132, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 145, 148, 150, 175, 177; Doc. 1 (3:18-mc-14). The Court heard arguments on April 11, 2018, and, during that proceeding, ruled on some motions and took the rest under advisement pending mediation. Doc. 151 (minute entry); Doc. 154 (transcript). After mediation resulted in impasse, the Court directed the parties to supplement the motions with a statement concerning discovery obtained, agreements reached, or supplemental responses received since the motions were filed. Doc. 166. The parties filed supplements, Docs. 169, 170, and the plaintiffs filed a response to the defendants' supplement, Doc. 172. Some issues have been resolved. An overview of the case is in other motions. Doc. 34 at 1–2; Doc. 74 at 1–2.

## I.   Authority

  Federal Rule of Civil Procedure 1 provides that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." The rule places shared "responsibility to employ the rules in the same way." Fed. R. Civ. P. 1,

Advisory Comm. Notes (2015 Amend.). "Effective advocacy is consistent with—and indeed depends upon—cooperative and proportional use of procedure." *Id.*

Rule 16(f) provides that a Court may order sanctions, including those under Rule 37(b)(2)(A)(ii)–(vii), if a party or attorney "fails to appear at a scheduling or other pretrial conference[,] is substantially unprepared to participate—or does not participate in good faith—in the conference[,] or fails to obey a scheduling or other pretrial order."

Rule 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Rule 26(a)(1)(A)(i) provides that a party must provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." A party must make initial disclosures "at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order." Fed. R. Civ. P. 26(a)(1)(C).

Rules 26(a)(2)(D)(i) and (ii) provide that, absent a stipulation or court order, a party must disclose expert testimony "at least 90 days before the date set for trial or for the case to be ready for trial[,] or if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the party's disclosure."

Rule 26(c)(1) provides that a party from whom discovery is sought may move for a protective order, and the court may, for good cause, issue an order to protect the

party from undue burden or expense, including by forbidding the disclosure or discovery, limiting the scope of the disclosure or discovery, and specifying the terms for the disclosure or discovery.

Rule 26(e)(1)(A) provides that a "party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response [] in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Rule 30(b)(6) provides that "a party may name as the deponent a public or private corporation … and must describe with reasonable particularity the matters for examination." "The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." Fed. R. Civ. P. 30(b)(6). "The persons designated must testify about information known or reasonably available to the organization." *Id.*

Rule 33(a)(1) provides that a party "may serve on any other party no more than 25 written interrogatories." "An interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete." *Id.* "Interrogatories that generally require the responding party to state the basis of particular claims, defenses, or contentions in pleadings or other documents should be used sparingly and, if used, should be designed (1) to target claims, defenses, or contentions that the propounding attorney reasonably suspects may be the proper subject of early dismissal or resolution or (2) to identify and narrow the scope of unclear claims,

3

defenses, and contentions." *Middle District Discovery Handbook, Part* IV.C.2. "Interrogatories that purport to require a detailed narrative of the opposing parties' case are generally improper because they are overbroad and oppressive." *Id.* Rule 33(b)(4) provides that grounds for objecting to an interrogatory must be specific and any ground not timely stated is waived unless the court excuses untimeliness for good cause.

Rules 34(a)(1)(A) and (B) provide a party may ask another party "to produce and permit the requesting party or its representative to inspect, copy, test, or sample … any designated documents or electronically stored information … or any designated tangible things." "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

A party must respond in writing to an interrogatory or request for production within 30 days of service. Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A). "[A]n evasive or incomplete disclosure, answer, or response" to a discovery request "must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

Rules 36(a)(1)(A) and (B) provide that a party "may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)" that relate to "facts, the application of law to fact, or opinions about either," and "the genuineness of any described documents." "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of

4

knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

Rule 37(a) provides that a party may move for an order compelling disclosure of discovery, including if a party fails to respond or provides evasive or incomplete responses to interrogatories or requests for production. If a court grants a motion to compel discovery, or discovery is provided after its filing, "the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). "But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i–iii). Nondisclosure, a response, or an objection is substantially justified if reasonable people could differ on its appropriateness. *Maddow v. Proctor & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997). "If the motion is granted in part and denied in part, the court may …, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

Rule 37(b)(2) provides that, if a party fails to obey a discovery order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

5

Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Other sanctions are also allowable. Fed. R. Civ. P. 37(c)(1)(A)–(C).

Local Rule 3.01(g) provides, "Before filing any motion in a civil case … the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement: (1) certifying that the moving counsel has conferred with opposing counsel; and (2) stating whether counsel agree on the resolution of the motion. A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. The moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion."

Local Rule 3.02 provides that, unless otherwise stipulated, "a party desiring to take the deposition of any person upon oral examination shall give at least 14 days' notice in writing to every other party to the action and to the deponent."

## II.     Analysis

### A.     *Bi-Lo*

Some of the defendants' motions seek information concerning Bi-Lo. *See, e.g.,* Doc. 132. The plaintiffs represent they will dismiss Bi-Lo from the case. Doc. 169 at 2; *see also* Doc. 154 at 15:23–18:9 (discussion of dismissing Bi-Lo). Because the anticipated dismissal will make any information concerning Bi-Lo irrelevant, the Court **denies** any motion to the extent it seeks information concerning Bi-Lo. The

plaintiffs must file an appropriate stipulation or motion concerning Bi-Lo by **July 3, 2018**.[1]

B.  *Delayed Discovery*

The plaintiffs complain about the defendants' delay in seeking discovery, observing the defendants did nothing for much of 2017 and conducted a flurry of discovery toward the end of the discovery period. Doc. 150 at 1–2; Doc. 154 at 29:7–14. The defendants respond they had believed discovery would mirror another case until receiving the plaintiffs' expert report in December 2017 and realizing the plaintiffs were relying on discovery they did not have and, further, did not attempt robust discovery from the public domain and third parties until they had learned more information through depositions and other discovery. Doc. 154 at 60–67, 70, 76–79. Considering all of the circumstances, including discovery problems on both sides and the absence of a requirement to conduct discovery in the beginning or middle of the discovery period, the Court declines to rule on any matter based on the general timing of the defendants' discovery.

C.  *Docs. 127 and 129*

For the reasons stated on the record, Doc. 154 at 11:23–13:23, and in the defendants' motion, Doc. 127, the Court **granted** the defendants' motion for leave to depose Coler Ambrose after the discovery deadline, Doc. 127, **denied** Ambrose's motion to quash the related subpoena, Doc. 129, directed the defendants to make reasonable accommodations for Ambrose, and limited any deposition to three hours. The defendants deposed Ambrose on May 23, 2018. Doc. 170 at 3.

---

[1] Because Bi-Lo has not yet been dismissed from the case, the Court uses the term "plaintiffs" in this order.

*D.     Doc. 130*

At oral argument, the parties agreed the plaintiffs' motion for an order protecting Topco Associates LLC from a subpoena requesting documents is moot because Topco responded to the subpoena. Doc. 154 at 14:3–20. The Court **denies** the motion, Doc. 130, as moot.

*E.     Doc. 132*

At oral argument, counsel for the defendants agreed another Rule 30(b)(6) deposition may not be the best way to seek information and some information could be provided by granting relief in other motions. Doc. 154 at 15:2–19, 17:24–25, 18:1–9, 19:3–6, 21:15, 22:1–6, 23:19–25, 24:1–9. Given that other discovery relief is provided in this order, Bi-Lo will be dismissed, additional witnesses have been deposed, and discovery has been received from third parties on topics about which the Rule 30(b)(6) deponent had been unable to testify, the Court **denies** the motion to take another 30(b)(6) deposition, Doc. 132, without prejudice. If topics set forth in the Rule 30(b)(6) notice remain unanswered and unresolved after conferring with opposing counsel in good faith, the defendants should call chambers by **August 13, 2018**, to schedule a telephone conference on the matter in lieu of further motion practice.

*F.     Doc. 134*

The Court **denies** the motion to strike the motion to compel, Doc. 134. Before the defendants filed the motion, the parties exchanged letters, had an attempted in-person meeting, and spoke on the telephone. Doc. 148 at 14. The respective positions at oral argument made clear the parties were at an impasse.

8

### G. *Docs. 135, 145; Doc. 1 (3:18-mc-14)*

At oral argument, the Court **denied** in part the plaintiffs' motion for an order protecting Katherine Lussier from a deposition and various industry organizations from providing documents responsive to subpoenas, Doc. 135. The defendants violated the 14-day-notice requirement of Local Rule 3.02 in scheduling Lussier's deposition. The defendants explained they belatedly learned about her involvement, Doc. 148 at 5; Doc. 154 at 65:9–19, she very well may have information pertinent to a statute-of-limitations defense, and a declaration of no knowledge does not mean deposition questions and follow-up questions will provide no information. The Court **denied** the motion as to Lussier, Doc. 135, but limited any deposition to three hours. Doc. 154 at 80:6–22. Relatedly, the Court **granted** the defendants' unopposed motion to consolidate the miscellaneous case to quash Lussier's deposition subpoena with the civil case, Doc. 145; Doc. 154 at 6:17–25, and **denied** the motion to quash, Doc. 1 (3:18-mc-14).

The Court took the remainder of the motion under advisement. Doc. 154 at 53:1–56:25. In the supplement, the defendants explain they received the requested documentation from five of the six publications and no longer seek information from the sixth. Doc. 170 at 4. The defendants believe the motion is now moot. Doc. 170 at 4. The plaintiffs take no position in the supplement but previously argued that a belated review of documents unduly burdens them and the requests were untimely because the documents were due after the discovery deadline. Doc. 135 at 2–4; Doc. 154 at 141–42. Because the third parties already provided documents—some before discovery ended—and the Court extended the dispositive motion deadline, the undue burden concerns appear minimized or gone. The Court **denies** the motion, Doc. 135.

### H. *Doc. 136*

The defendants (all except Dairy Farmers of America, Inc.) explain the plaintiffs served amended responses that resolved some issues in this motion to

9

compel. Doc. 170 at 4–8; *see* Docs. 170-1, 170-2, 170-3 (amended responses). Issues remain.

Regarding Land O'Lakes, Inc.'s, first set of interrogatories, the defendants ask the Court to overrule the plaintiffs' objections that the interrogatories are contention interrogatories, Doc. 170 at 5; Doc. 170-1, and corresponding requests for production, Doc. 170 at 5–6; Doc. 170-2. The defendants also complain the plaintiffs fail to state whether they are withholding any responsive materials based on the objections. Doc. 170 at 5.

For some of the defendants' second requests for admissions, the defendants contend the plaintiffs improperly object to requests as being "overly broad and vague" without identifying what is overly broad or vague, Doc. 170 at 7 (see, e.g., Doc. 170-3 at 3); for several answers in which the plaintiffs cannot admit or deny a statement, they refer to a general objection in which the plaintiffs object because the requested information "is not in Plaintiffs' possession custody or control," and state they have made a reasonable inquiry without explaining what efforts they took, Doc. 170 at 7 (see, e.g., Doc. 170-3 at 4); on requests for admission 61 through 68, 76, 80, and 148 through 149, the plaintiffs should not rewrite the facts or add extraneous information, Doc. 170 at 7–8 (citing Doc. 136 at 24–25); and on requests for admission 138 through 142, the plaintiffs substantively changed their answers from admissions to denials, and the defendants contend the plaintiffs should be bound by prior admissions absent any explanation for the change. Doc. 170 at 8.

The Court **grants in part** the motion, Doc. 136, and **directs** the plaintiffs to serve amended responses by **July 31, 2018**. Interrogatories 1 through 15 in Land O' Lakes' first set of interrogatories generally require the plaintiffs to state the bases of claims and contentions. *See* Doc. 136 at 3–5. Land O' Lakes has not used these types of interrogatories sparingly. To target claims and identify and narrow the scope of unclear claims but avoid any requirement that plaintiffs provide detailed narratives, the plaintiffs must answer the first line of each interrogatory and provide any

10

responsive documents but need not follow the answers with detailed narratives. For any request for production, the plaintiffs must state if they are withholding any documents based on an objection and specify the objection. For any response in which an objection is made based on broadness or vagueness, the plaintiffs must explain why the request is too broad or vague. For any response in which the plaintiffs object and say they have made a reasonable inquiry, they must identify the efforts constituting the reasonable inquiry. The Court **strikes** as improper any amended response in which the plaintiffs deny an answer previously admitted, given the failure to seek permission to withdraw the admissions under Rule 36(b).

I.   *Doc. 137*

The defendants explain the plaintiffs served amended responses that resolved some issues in this motion to compel. Doc. 170 at 8–9; *see* Docs. 170-4, 170-5 (amended responses). Some issues remain, and some are new.

On the first requests for admissions, Doc. 170-4, the defendants explain that, while the plaintiffs withdrew general objections, they substantively changed admissions with qualifications that should be stricken as improper and not in the spirit of the discussion at oral argument, at which the plaintiffs' counsel stated he would amend the responses to withdraw general objections. Doc. 170 at 9–10. The defendants provide two examples. Doc. 170 at 10.

On the first requests for production, Doc. 170-5, the issues are unchanged. Doc. 170 at 11. The defendants ask the Court to order the plaintiffs to perform a comprehensive search for documents responsive to the requests for production and compel the plaintiffs to provide affidavits or declarations on search efforts, document custodians, search terms, locations searched, and how they were searched. Doc. 137 at 23; Doc. 154 at 27:13–29:2.

The Court **grants** the motion, Doc. 137. At oral argument, the discussion on serving amended responses focused on removing general objections and other

conclusory language from the responses. The Court **strikes** any amended response in which a previous admission has been denied or qualified with new statements as improper under Rule 36(b). The plaintiffs must comprehensively search for the requested documents, provide any responsive documents not privileged or protected, and, where appropriate, state that no responsive documents exist. Although the plaintiffs have now provided search terms and custodians, Doc. 150 at 29, given the absence of information on document collection from the Rule 30(b)(6) deposition and clarification at oral argument, by **July 31, 2018**, the plaintiffs must provide a declaration on search efforts of electronic systems and paper documents, the locations searched (including file levels for electronic systems), document custodians, and search terms used. The declaration must include any known document retention policy from 2003 to 2013, and any written policy must be produced. If issues remain after provision of the declaration and are unresolved after conferring with opposing counsel in good faith, either side may call chambers by **August 13, 2018**, to schedule a telephone conference on the matter.

### J. Doc. 138

The defendants move to depose three witnesses after the discovery deadline: Lussier, Donald Bernos, and Evan Rainwater. Doc. 138. At oral argument, the Court **granted** the motion in part, allowing Lussier to be deposed for the reasons explained and Bernos to be deposed because another court had denied his motion to quash a subpoena and counsel agreed to make him available. Doc. 154 at 71:15–72:5, 80:25. In the supplement, the defendants state another court since has denied Rainwater's motion to quash a subpoena. Doc. 170 at 1; *see* Doc. 1, *In re Matter of Deposition Subpoena Served on Evan Rainwater*, 1:18-mc-10051-EJL-REB (D. Idaho May 4, 2018). The plaintiffs now appear willing to make him available for a deposition, having suggested a deposition date in July. Doc. 175 at 2–3. Given the circumstances and Rainwater's importance as the former Winn-Dixie vice president under whom raw milk purchases were made, Doc. 154 at 73:24–25, the Court **grants** the

12

defendants' motion, Doc. 138, and **directs** the parties to complete the deposition of Rainwater on a mutually agreeable date before **August 10, 2018**.

### K.    Doc. 139

For the reasons in the plaintiffs' response and on the record, Doc. 154 at 104:25–105:20, the Court **denied in part** the defendants' motion to strike a rebuttal report by the plaintiffs' expert, Dr. John Connor, as an untimely sur-rebuttal report, Doc. 139. The Court **granted in part** the motion to the extent the Court directed the plaintiffs to make Dr. Connor available for a second deposition on his rebuttal report, Doc. 139 at 9. The Court denies the defendants' summary request for "leave to file a responsive report from Dr. Ricchetti," Doc. 139 at 9, because they provide no explanation why another report is necessary. The Court **denies** the defendants' request for sanctions under Rule 16(f) and 37(b)(2) for the plaintiffs' alleged failure to follow the case management and scheduling order, Doc. 139 at 1, 9. As shown in the plaintiffs' response and on the record, Doc. 154 at 104:25–105:20, the plaintiffs' position was substantially justified.

### L.    Doc. 140

Dairy Farmers of America, Inc., explains the plaintiffs served an amended response to its first set of interrogatories that resolved some issues in the motion to compel. Doc. 170 at 12–13; *see* Doc. 170-6 (amended response). Dairy Farmers contends these interrogatory responses remain deficient: 1, 2, 5, 7, 10, 11, and 13. Doc. 170 at 12–13 (citing reasons in Doc. 140 at 6–19).

The Court **grants** the motion, Doc. 140, in part. Some responses appear complete. For others, the information Dairy Farmers seeks is not addressed in the response either through facts or an objection. By **July 31, 2018**, the plaintiffs must provide amended responses with the following information to the extent known (or a statement it is unknown): on interrogatory **1**, a statement that the list of four names previously provided is complete or the names of others with relevant information; on

interrogatory **2**, the missing dates and entities from which the plaintiffs purchased raw milk for each processing plant; on interrogatories **5 and 7**, a statement that the list of entities previously provided is complete or the names of other entities from whom Winn Dixie bought "Fluid Milk Products" and "Fresh Milk Products" during the relevant period; on interrogatory **10**, the names of any person with knowledge of the facts, if any; and on interrogatory **13**, a statement that Graham Leary is the only one who assisted in preparing the response or, if he was not, the names of others who also assisted. The Court otherwise **denies** the motion, Doc. 140.

### *M.* *Doc. 141*

The plaintiffs seek to strike newly listed witnesses in the defendants' amended disclosures. Doc. 141 at 1–5. The plaintiffs contend the defendants served the disclosures five to eight days before the discovery deadline, which gave the plaintiffs insufficient time to depose the witnesses under the fourteen-day-notice requirement of Local Rule 3.02; the defendants have had the underlying information from which to identify the witnesses since the beginning of the case; the amended disclosures identify "thousands" of new witnesses; and the late disclosure will prejudice the plaintiffs. Doc. 141 at 1–3. The defendants respond they complied with Rule 26, provide a chart for disclosure comparisons in Doc. 148 at 16–18, and explain they did not know which witnesses to list when they did not know which facts were at issue based on the plaintiffs' assertedly insufficient discovery responses. Doc. 148 at 15–20; Doc. 154 at 134:17–25.

General categories of people were listed initially and supplemented with specific names or groups of people listed elsewhere in discovery. Doc. 148 at 16–18. Given that the categories of people were known in the initial disclosures (as opposed to being mentioned in passing in a deposition for the first time), the defendants' lack of knowledge about which facts were in dispute, and disclosures before the discovery

deadline, the Court **denies** the motion to strike under Rule 37(c), Doc. 141.² If discovery is needed from someone not specifically listed until recently, the Court will entertain a request to obtain the discovery.

N.    *Doc. 142*

Dairy Farmers explains the plaintiffs served amended responses to its second set of requests for admission that resolved some issues in the motion to compel. Doc. 170 at 14; *see* Doc. 170-7 (amended response). Dairy Farmers states the plaintiffs did not amend responses to the first set of interrogatories to Bi-Lo Holding, the second set of interrogatories to Winn-Dixie, and the first set of requests for production. Doc. 170 at 14. Issues remain relating to general objections, objections identifying the interrogatories as contention interrogatories, and objections for being unduly burdensome without explanation. Doc. 142 at 4–11. Dairy Farmers also explains the responses were unverified. Doc. 142 at 11 n.4. The requests for production relate to documents for contention interrogatories to which the plaintiffs objected, Doc. 142 at 11–12, documents with Topco, documents "relating to any group purchasing entity or other buying group" and certain milk products, and documents related to dairy-related periodicals. Doc. 142 at 12–14. In the supplement, Dairy Farmers complains the amended responses to the requests for admission, Doc. 170-7, remain problematic because they reword the original requests for admission, use boilerplate "reasonable inquiry" language, and use other general objections. Doc. 170 at 14 (citing 142 at 19–20).

The Court **grants** the motion, Doc. 142, in part. By **July 31, 2018**, the plaintiffs must provide amended, verified responses that remove any reliance on

---

²The plaintiffs rely on an unpublished case, *Cooley v. Great Southern Wood Preserving*, 138 F. App'x 149, 161 (11th Cir. 2005), to contend the Court should apply a three-step standard in considering whether to exclude a witness for late disclosure. In that case, unlike here, the witnesses were disclosed for the first time through affidavits at summary judgment. *Id.*

general objections and state any remaining objection with specificity. On the interrogatories, again, to target claims and identify and narrow the scope of unclear claims but avoid any requirement that plaintiffs provide detailed narratives, the plaintiffs must answer the first line of each interrogatory and provide any responsive documents but need not follow the answers with detailed narratives. The Court **denies** the motion on the remainder of the requests for production, Doc. 142 at 13–14, given they seek information related to Topco and industry publications for which the defendants received information from third-party subpoenas. On requests for admissions, by **July 31, 2018**, the plaintiffs must provide amended responses that specify any efforts to make a "reasonable inquiry" and that do not reword requests.

## O.    Doc. 143

In the supplement, the defendants explain the plaintiffs still object to many of the defendants' third requests for admissions and Agri-Mark's first set of interrogatories based on untimeliness. Doc. 170 at 15. The defendants explain the plaintiffs agreed to respond to written discovery arising from the 30(b)(6) deposition within 15 days. Doc 148 at 4. The parties disagree on whether the requests for admissions and interrogatories arise out of the deposition.

The requested discovery reasonably relates to information discussed at the Rule 30(b)(6) deposition insofar as it relates to dairy purchases, raw milk suppliers, discovery responses, and document collection efforts. The Court **grants** the motion, Doc. 143, and directs the plaintiffs to, by **July 31, 2018**, provide amended responses without objections based on untimeliness or duplication of information given at the deposition. If the request duplicates a response in another request, the plaintiffs must identify the previous request.

In the response to the supplement, the plaintiffs explain they inadvertently failed to amend the responses to Agri-Mark's first set of requests for production of documents and served an amended response on June 5, 2018. Doc. 172 at 3. The Court

16

therefore **denies** the motion without prejudice as to arguments on Agri-Mark's first requests for production.

## P.  Expenses

In some motions, an award of expenses is requested. Docs. 137, 140, 142. Given discovery issues on both sides, the Court's previous denial of the plaintiffs' requests for expenses against the defendants in compelling discovery, and that substantial justification supports positions taken by both sides on many issues, the Court declines to award expenses relating to any discovery motion.

## Q.  Doc. 175

The defendants have a filed motion to extend the dispositive- and *Daubert*-motion deadline—June 30, 2018—given the anticipated discovery to be completed; the deposition dates of Dr. Connor and Rainwater (including one date after the motion deadline); and the Court's ruling allowing staggered summary-judgment motions but not allowing later reliance on facts discovered after filing the first summary-judgment motion. Doc. 175 at 2–5. For their anticipated summary-judgment motion, the defendants request an extension to fourteen days from the later of when the plaintiffs provide amended discovery responses or when Rainwater is deposed. Doc. 175 at 5. For their anticipated *Daubert* motion, the defendants request an extension to twenty-one days from when Dr. Connor is deposed. Doc. 175 at 5.

The plaintiffs oppose the motion and respond the extensions are unnecessary, will further delay trial, and are not supported by good cause given the defendants' asserted failure to timely conduct discovery. Doc. 177 at 1–2. The plaintiffs alternatively request that, if the Court grants any relief requested, the Court move the deadline to file summary-judgment and *Daubert* motions to August 20, 2018, because of counsel's overseas family vacation planned around the earlier deadlines. Doc. 177 at 4 n.4.

Through the following circumstances, the defendants have shown good cause to change the deadlines: the relief ordered here, the outstanding discovery to be conducted, and the order stating the Court will not consider facts discovered after filing the first motion for summary judgment. The Court **grants** the motion, Doc. 175, to the extent the dispositive- and *Daubert*-motion deadlines are extended to August 20, 2018. To give the Court sufficient time to decide any such motions, the Court further amends the third amended case management and scheduling order, Doc. 153, as follows.

| Event | Date or Deadline |
|---|---|
| Dispositive and *Daubert* motions (responses due 21 days after service) | August 20, 2018 |
| Motions in limine | December 5, 2018 |
| All other motions and responses to motions in limine | December 12, 2018 |
| Joint final pretrial statement | December 12, 2018 |
| Final pretrial conference (courtroom 12C) | December 19, 2018, at 10:00 a.m. |
| Trial term (courtroom 12C; jury; expected to last 15 days) | January 7, 2019, at 9:00 a.m. |

All other directives in the second amended case management and scheduling order, Doc. 106, remain in effect.

**Ordered** in Jacksonville, Florida, on June 27, 2018.

---
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of record