**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

Winn-Dixie Stores, Inc. and
Bi-Lo Holdings, LLC,

    Plaintiffs,

v.                                      Case No. 3:15-cv-1143-J-39PDB

Southeast Milk, Inc., et al.,

    Defendants.

_____/

## PLAINTIFFS' MOTION TO SEAL

Plaintiffs Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC, pursuant to Rule 26(c), F.R.Civ.P. and Local Rule 1.09, move this Court to permit the FILING UNDER SEAL of Plaintiffs' Motion to Exclude or Limit the Opinions of Defendants' Experts and Supporting Memorandum of Law (the "Motion") that contains information Plaintiffs and/or Defendants have designated as Confidential or Highly Confidential and documents that Plaintiffs and/or Defendants have designated as Confidential or Highly Confidential in accordance with that certain Stipulated Confidentiality Agreement dated August 2, 2016 (Dkt. 108-1), and entered into by the parties. In support thereof, Plaintiffs state the following:

    1.    The Motion itself contains information that has been designated as Confidential or Highly Confidential. Additionally, in support of this Motion, Plaintiffs also attach, as exhibits to the Motion, documents that contain information that has been designated as Confidential or Highly Confidential. These documents are material to the Motions.

2. Plaintiffs and/or Defendants have designated these documents as either Confidential or Highly Confidential under Paragraph 9(a) of the Stipulated Confidentiality Agreement and, therefore, these materials should be filed under seal.

3. Pursuant to Local Rule 1.09(c), the proposed duration of the seal is one (1) year. M.D.Fla. R. 1.09(c).

4. Plaintiffs' counsel reviewed the Motion and supporting materials to determine if a means other than sealing is available. However, since substantial portions of the Motion and documents have been designated as Confidential or Highly Confidential, redacting to black out references to confidential information would render the relevant portions of the documents indecipherable.

5. Plaintiffs are desirous of honoring the Stipulated Confidentiality Agreement.

**MEMORANDUM OF LAW**

7. Local Rule 1.09, which governs motions seeking leave to file documents under seal, provides, in pertinent part:

(a) Unless filing under seal is authorized by statute, rule, or order, a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal" and which includes (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal. The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. No settlement agreement shall be sealed absent extraordinary circumstances, such as the preservation of national security, protection of trade secrets or other valuable proprietary information, protection of especially vulnerable persons including minors or persons with disabilities, or

protection of nonparties without either the opportunity or ability to protect themselves. Every order sealing any item pursuant this section shall state the particular reason the seal is required.

M.D.Fla. R. 1.09(a).  In this case, there is no statute, rule, or other order that authorizes filing the subject document under seal. Thus, in order for the Court to properly evaluate whether filing under seal is warranted, each motion must provide the information required by Local Rule 1.09(a).  The specific documents that are the subject of this motion are the Motion itself because it refers and cites confidential portions of the underlying document, along with the 18 exhibits identified as support for the Motion and discussed therein.  Attached hereto as **Exhibit A** is an index identifying each of the exhibits to the Motion.

8. "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007).  However, in this instance the subject materials are being filed in connection with a motion to compel discovery, and are therefore not subject to the common-law right of access. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312-13 (11th Cir. 2001).

9. The need for public access to discovery is low because discovery is "essentially a private process ... the sole purpose [of which] is to assist trial preparation." *United States v. Anders*on, 799 F.2d 1438, 1441 (11th Cir. 1986).

10. During a meet and confer held on August 20, 2018, the parties agreed to further confer after each party files their motions regarding the necessary sealing that

each party will seek after the extent of the confidential material submitted in support of the respective motions is better known.

WHEREFORE, Plaintiffs request that the Court permit the sealing of the Motion and supportive exhibits for one (1) year pursuant to LR 1.09 and the Stipulated Confidentiality Agreement.

Respectfully submitted August 20, 2018

>/s/ H. Timothy Gillis
> H. Timothy Gillis, Trial Counsel
> Florida Bar No. 133876
> Shutts & Bowen LLP
> 1022 Park Street, Suite 308
> Jacksonville, FL 32204
> Phone: (904) 647-6476
> Fax: (904) 738-8640
> tgillis@shutts.com
>
> Patrick J. Ahern
> Carl Poli
> Christopher Stuart
> Ahern and Associates, P.C.
> 8 South Michigan Avenue
> Suite 3600
> Chicago, IL 60603
> (312) 404-3760
> patrick.ahern@ahernandassociatespc.com
> (*Admitted Pro Hac Vice*)
>
> *Attorneys for Plaintiffs Winn-Dixie*
> *Stores, Inc., and Bi-Lo Holdings, LLC*

## CERTIFICATE OF GOOD FAITH CONFERENCE

In accordance with Rule 3.01(g), prior to the filing of this Motion, counsel for Plaintiffs conferred with counsel for Defendants and were not able to agree specifically on a resolution to this Motion, except that they agreed, as represented herein, to further confer after each party files their respective motions.

/s/ *H. Timothy Gillis*
Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 20, 2018, I electronically filed the foregoing with the Clerk of Court pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Cases of this Court by using the CM/ECF System, which will send a notice of electronic filing to all counsel of record.

/s/ *H. Timothy Gillis*
Attorney

SBDOCS 54045 1