**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

WINN-DIXIE STORES, INC. and
BI-LO HOLDINGS, LLC,

        Plaintiffs,

  v.

SOUTHEAST MILK, INC., *et al.*,

        Defendants.

Case No. 3:15-cv-01143-J-39-BJD-PDB

**RESPONSE IN OPPOSITION TO
PLAINTIFFS' CORRECTED MOTION TO EXCLUDE OR STRIKE DEFENDANTS'
AFFIRMATIVE DEFENSE OF LACK OF STANDING RELATING TO
PLAINTIFFS' PURCHASES OF RAW MILK (DOC. 199)**

In 2008, Plaintiff Winn-Dixie Stores, Inc. ("Winn-Dixie") sold two milk processing plants to a subsidiary of Defendant Southeast Milk, Inc. ("SMI"), and among the assets sold with those plants were any rights of action Winn-Dixie may have had arising out of its past purchases of raw milk at the plants.  In an attempt to avoid dismissal of its raw milk claims on the merits, Winn-Dixie has moved to strike certain arguments from Defendants' summary judgment motion (Doc. 187) on the ground that Defendants did not fully disclose the basis of this "affirmative defense" during discovery.  But Winn-Dixie's prior sale of its rights of action is not an affirmative defense that Defendants must prove.  Rather, having sold its rights of action, Winn-Dixie has no justiciable claim for raw milk purchases and it has no damages.  These are matters that go to the heart of Article III standing and subject-matter jurisdiction—which, of course, cannot be waived and which are Winn-Dixie's burden to

establish.  *See United States v. Hays*, 515 U.S. 737, 742 (1995); *Sanchez-Velasco v. Sec'y of Dep't of Corr.*, 287 F.3d 1015, 1026 (11th Cir. 2002).

Moreover, Winn-Dixie cannot claim any prejudice due to Defendants' conduct. Winn-Dixie has been fully aware of the terms of the 2008 transaction since the day it signed the papers, and its professed need for further discovery on the unambiguous terms of its own contract is nonsensical.  Winn-Dixie admitted to the sale in its discovery responses, and its corporate representative testified on March 6, 2018, that, under the terms of the sale, all assets related to the plants were transferred except those specifically excluded.  While Winn-Dixie claims prejudice, it has not identified any discovery that it would have taken but did not.  Nor has it explained why it did not take that discovery following the Rule 30(b)(6) deposition.

For the reasons discussed below, the Court should deny Winn-Dixie's motion to strike and decide Defendants' motion for summary judgment on the merits.

**Background**

In 2015, Winn-Dixie and its parent company, Bi-Lo Holdings, LLC, brought this action against Defendants, dairy cooperatives and a federation of dairy cooperatives, claiming that they engaged in an unlawful conspiracy to inflate the price of raw milk between 2003 and 2010, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.  Winn-Dixie claims damages based on its purchases from Defendants of raw milk, fluid milk, and other fresh dairy products from 2003 through 2013.

On August 20, 2018, Defendants moved for summary judgment against Winn-Dixie on the grounds that Winn-Dixie's claims are barred by the four-year statute of limitations and

that Winn-Dixie lacks standing to pursue two types of claims. (Doc. 187.) First, Defendants argued that Winn-Dixie lacks standing to bring claims based on raw milk purchases at two dairy-processing plants previously owned by Winn-Dixie because Winn-Dixie sold and assigned those claims to an affiliate of SMI, Sunshine State Dairy Farms ("Sunshine"), when it sold the plants to Sunshine in April 2008. In support of this "Assignment Argument," Defendants attached the Asset Purchase Agreement (Doc. 188-4), signed by both Winn-Dixie and SMI, which by its plain text shows that Winn-Dixie assigned to Sunshine all assets related to the plants except those explicitly excluded. Second, Defendants argued that Winn-Dixie lacks standing under the antitrust statutes to bring claims for indirect purchases based on the Supreme Court's decision in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977).

Winn-Dixie now moves for sanctions pursuant to Rules 16(f) and 37(b) and (c) of the Federal Rules of Civil Procedure, asking this Court to strike Defendants' first standing argument—the Assignment Argument—on the ground that it is an "affirmative defense" that was not disclosed prior to the close of discovery. Winn-Dixie contends that Defendants were obligated to identify this argument in response to Winn-Dixie's interrogatory seeking the "documentary and testimonial basis" for Defendants' affirmative defenses and that, as a result of Defendants' not including the argument in their interrogatory responses, Winn-Dixie was prejudiced because it was unable to conduct discovery on the issue.

**Legal Standard**

District courts may impose sanctions under Rules 16 and 37, including striking pleadings or excluding evidence, against parties that fail to obey an order of the court or to provide discovery. Fed. R. Civ. P. 16(f) and 37(b), (c). But "the exclusion of critical

evidence is an extreme sanction which is not normally imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence." *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, No. 3:10-cv-891-J-37JBT, 2011 WL 5357833, at *2 (M.D. Fla. Nov. 3, 2011) (quoting *Kotes v. Super Fresh Food Mkts., Inc.*, 157 F.R.D. 18, 20 (E.D. Pa. 1994)). Courts "vastly prefer[] to decide cases on their merits, rather than exclude evidence." *Miami Yacht Charters, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh Pa.*, No. 11-21163-CIV-GOODMAN, 2012 WL 12862811, at *3 (S.D. Fla. Nov. 2, 2012) (quoting *Graphic Packaging*, 2011 WL 5357833, at *2). The Eleventh Circuit has explained that Rule 16(f) sanctions are "designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation." *United States v. Samaniego*, 345 F.3d 1280, 1284 (11th Cir. 2003).

## Analysis

Defendants have not violated a court order or shirked any discovery obligation. Defendants were not required to list their Assignment Argument in response to Winn-Dixie's interrogatory seeking information about affirmative defenses because standing is not an affirmative defense. Rather, the question whether Winn-Dixie has standing to bring claims that it assigned to Sunshine goes to the heart of this Court's subject-matter jurisdiction under Article III of the U.S. Constitution. *See, e.g.*, *OMS Collections, Ltd. v. Tien*, 634 F. App'x 750, 755 (11th Cir. 2015) (nonprecedential) (analyzing validity of assignment of claims to plaintiffs as issue of Article III standing); *Anaford AG v. Sharp Kemm P.A.*, No. 8:12-cv-1264-T-35-TBM, 2013 WL 12156824, at *2 (M.D. Fla. Mar. 29, 2013) (analyzing whether

4

prior agreement assigning claims to plaintiffs was legally effective as a matter of Article III standing).[1]

Article III standing is "rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Roins*, 136 S. Ct. 1540, 1547 (2016). To meet this "irreducible constitutional minimum," the party invoking federal jurisdiction bears the burden of showing that it "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). Winn-Dixie cannot meet this burden. When Winn-Dixie assigned its claims to Sunshine, it transferred its right to assert an injury in fact and thus no longer holds any rights or titles to those claims. *See Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 773 (2000) (recognizing "the doctrine that the assignee of a claim has standing to assert the injury in fact suffered by the assignor"); *see also Mills, Potoczak & Co. v. Landmark Am. Ins. Co.*, No. 5:14-cv-689-Oc-37PRL, 2016 WL 230485, at *1 (M.D. Fla. Jan. 15, 2016) (finding that assignor, who assigned all rights to sue its insurance company to a class of plaintiffs, "no longer holds any rights or title to its claims" against the insurance company).

Defendants cannot waive their Assignment Argument. Article III standing is jurisdictional and may be challenged at any point in the litigation, by any party or by the

---

[1] *See also Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004) (holding that the "correct analysis" whether bankruptcy debtor can maintain pre-petition discrimination lawsuit against employer is whether "the debtor lacked standing" after transferring all assets—including legal causes of action—to bankruptcy trustee); *Bischoff v. Osceola Cty., Fla.*, 222 F.3d 874, 880 (11th Cir. 2000) (citing approvingly Fifth Circuit's decision in *Martin v. Morgan Drive Away, Inc.*, 665 F.2d 598 (5th Cir. 1982), that dispute over plaintiff's agreement with a bank to assign him the relevant legal claims required a hearing on standing).

court, and is not "subject to waiver." *Hays*, 515 U.S. at 742; *see Sanchez-Velasco*, 287 F.3d at 1026 ("[B]ecause standing issues resonate with Article III concerns we are under an obligation to consider standing at every step in the judicial process even if the parties do not press it or have acted or failed to act in a way that would have waived some other issue."); *Bischoff*, 222 F.3d at 877–78 (collecting cases).

Moreover, Defendants were under no obligation to disclose their Assignment Argument in response to Winn-Dixie's interrogatory about affirmative defenses because a lack of Article III standing is not an affirmative defense. *See Sream, Inc. v. MLF Tobacco Shop, LLC*, No. 17-22518-Civ-Scola, 2017 WL 4838788, at *2 (S.D. Fla. Oct. 24, 2017) ("[U]nder Eleventh Circuit jurisprudence, the Defendant's standing defenses do not qualify as affirmative defenses."). *See also Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 269–73 (3d Cir. 2016) (explaining the difference between constitutional standing under Article III and statutory standing to sue under the antitrust laws, including the *Illinois Brick* direct-purchaser rule). The Eleventh Circuit has held that while "it is well established that the party asserting an affirmative defense usually has the burden of proving it," *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988), "[t]he party invoking federal jurisdiction bears the burden of proving standing," *Bischoff*, 222 F.3d at 878. Winn-Dixie bears the burden of establishing federal jurisdiction over its claims, regardless of Defendants' discovery responses. *See Sanchez-Velasco*, 287 F.3d at 1026 (explaining that court must "consider standing at every step in the judicial process even if the parties do not press it or have acted or failed to act in a way that would have waived some other issue").

Finally, even if Defendants were required to disclose their standing argument under Rule 26—which they were not—Winn-Dixie has not shown that it suffered any prejudice that would warrant sanctions under Rules 16 and 37. *See Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999) ("Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process."); *Graphic Packaging*, 2011 WL 5357833, at *4 (denying motion to strike portions of defendant's expert report that relied on evidence not previously produced because plaintiffs did not show that they would be "unfairly prejudice[d] … and the 'integrity of the discovery process' appears intact") (quoting *Gratton*, 178 F.3d at 1374).

Winn-Dixie had actual notice of the Assignment Argument long before Defendants filed their motion for summary judgment. First, Winn-Dixie was a party to the Asset Purchase Agreement and was well aware of its terms at the time it was signed in 2008. Second, in January 2017 SMI produced to Winn-Dixie seventeen documents related to the Asset Purchase Agreement, including communications between Winn-Dixie and SMI about the agreement and other documents related to the negotiation, drafting, and closing of the agreement. (SMI-005349; SMI-005469; SMI-005698; SMI-005844; SMI-006023; SMI-006314; SMI-006318; SMI-006320; SMI-006323; SMI-006327; SMI-006422; SMI-006426; SMI-006887; SMI-006898; SMI-006902; SMI-006903; SMI-006905.) Also in January 2017, Winn-Dixie admitted that it sold the plants in 2008 and that after that date "it did not purchase raw milk." (Ex. A, Pls.' Resp. to Defs.' 1st Set of Requests for Admission, Jan. 19, 2017, at 4–5.) Third, Winn-Dixie further was put on notice of Defendants' Assignment Argument before the close of discovery during its Rule 30(b)(6) deposition on March 6,

7

2018, during which Defendants' counsel asked numerous questions about the Asset Purchase Agreement, including whether Winn-Dixie assigned all assets to Sunshine and whether raw milk sales were "directly related" to the plants. (Ex. B, Excerpts of Dep. of G. Leary, Mar. 6, 2018, at 22:21–24:1, 28:9–19, 31:10–13, 45:9–48:9, 89:17–90:22, 103:2–18.) Finally, Defendants explicitly identified their Assignment Argument in their Motion Regarding Procedures for Briefing, filed on June 1, 2018. (Doc. 168.)

Moreover, Winn-Dixie has not identified "specific support for the conclusion" that it will be prejudiced without more discovery on the issue. *Graphic Packaging*, 2011 WL 5357833, at *4. It has neither identified what discovery it would have taken nor explained why it did not take that discovery following its Rule 30(b)(6) deposition.

This Court need not look past the plain text of the Asset Purchase Agreement to decide Defendants' motion for summary judgment. By moving to strike the argument, Winn-Dixie is seeking a windfall based on an agreement that Winn-Dixie itself signed and that Winn-Dixie fully understood at the time of the agreement to encompass all assets except those specifically excluded. If Winn-Dixie's Motion to Strike is granted, Winn-Dixie stands to potentially recover millions of dollars in damages for claims that it knowingly assigned to Sunshine over ten years ago.

## Conclusion

For the foregoing reasons, Winn-Dixie's motion to strike Defendants' standing argument is without merit. This Court has a duty to analyze its subject-matter jurisdiction and that duty is not subject to waiver by the parties. Therefore, Winn-Dixie's motion must be denied.

Dated:  August 29, 2018    Respectfully submitted,


By: */s/ Cindy A. Laquidara*

Cindy A. Laquidara
Florida Bar No. 394246
Email: cindy.laquidara@akerman.com
AKERMAN LLP
50 North Laura Street, Suite 3100
Jacksonville, FL  32202
Telephone: (904) 798-3700
Facsimile: (904) 798-3730

*Attorneys for Defendants National Milk Producers Federation; Southeast Milk, Inc.; Dairy Farmers of America, Inc.; Land O'Lakes, Inc.; and Agri-Mark, Inc.*


Jonathan B. Sallet
District of Columbia Bar No. 336198
John J. Kavanagh
New York Bar No. 2858074
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
jsallet@steptoe.com
jkavanagh@steptoe.com

*Attorneys for Defendant National Milk Producers Federation aka Cooperatives Working Together*


Michael J. Beaudine, Esq.
Florida Bar No. 0772763
beaudine@lseblaw.com
LATHAM, SHUKER, EDEN
 & BEAUDINE, LLP
111 N. Magnolia Avenue, Suite 1400

Orlando, Florida  32801
Telephone: (407) 481-5800
Facsimile: (407) 481-5801

*Attorneys for Defendant Southeast Milk, Inc.*


W. Todd Miller
District of Columbia Bar No. 414930
Lucy Clippinger
New York Bar No. 5105796
BAKER & MILLER PLLC
2401 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20037
Telephone: (202) 663-7820
Facsimile: (202) 663-7849
tmiller@bakerandmiller.com
lclippinger@bakerandmiller.com

*Attorneys for Defendant*
*Dairy Farmers of America, Inc.*


Nathan P. Eimer
Illinois State Bar No. 00735353
Scott C. Solberg
Illinois State Bar No. 6204487
Ben E. Waldin
Illinois State Bar No. 6317991
EIMER STAHL LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
Telephone: (312) 660-7600
Facsimile: (312) 692-1718
neimer@eimerstahl.com
ssolberg@eimerstahl.com
bwaldin@eimerstahl.com

*Attorneys for Defendant Land O'Lakes, Inc.*

Jill M. O'Toole
Connecticut No. 414338
SHIPMAN & GOODWIN LLP
One Constitution Plaza
Hartford, CT 06103
Telephone: (860) 251-5000

>Facsimile: (860) 251-5218
>jotoole@goodwin.com
>
>*Attorneys for Defendant Agri-Mark, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 29, 2018, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

>*/s/ Cindy A. Laquidara*
>Cindy A. Laquidara, Esq.

46240461;1