UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| WINN-DIXIE STORES, INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>SOUTHEAST MILK, INC., *et al.*,<br><br>   Defendants. | Case No. 3:15-cv-01143-J-39-BJD-PDB |

**DEFENDANTS' PARTIAL OPPOSITION TO WINN-DIXIE'S MOTION TO SEAL AND REQUEST THAT EXHIBIT 11 BE MODIFIED AND REDACTED**

Defendants Dairy Farmers of America, Inc. ("DFA"), Southeast Milk, Inc., Land O'Lakes, Inc., Agri-Mark, Inc., and National Milk Producers Federation (collectively "Defendants") partially oppose Winn-Dixie's Motion to Seal in which Winn-Dixie seeks to file its Motion to Exclude or Limit the Opinions of Defendants' Experts and Supporting Memorandum of Law ("Motion to Exclude"), with all exhibits, entirely under seal. With the exception of Exhibit 11, a 239-page compilation deposition exhibit that has a large amount of competitively sensitive pricing and customer information, Defendants do not believe Winn-Dixie's Motion to Exclude warrants sealing. Because Winn-Dixie cites to only two pages of the compilation deposition exhibit it proposed filing as Exhibit 11, and because the other pages of that exhibit do not provide any necessary or helpful context, Defendants request that those two pages be filed as an excerpt as Exhibit 11, with sensitive pricing information on those two pages that is irrelevant to Plaintiff's Motion to Exclude redacted.

Defendants state that, pursuant to Local Rule 3.01(g), counsel for Defendants attempted to meet and confer regarding Defendants' position on Winn-Dixie's motion to seal and left a

detailed message seeking agreement, but counsel for Winn-Dixie has not been able to return the call by the filing deadline.  The undersigned has also emailed the details of Defendants' position to local counsel and to lead counsel.

In support of their position, Defendants state as follows:

1. In support of sealing its entire Motion to Exclude and exhibits, Winn-Dixie does not cite to any particular interest that would be harmed by the public filing of its documents that it asserts are confidential or highly confidential.

2. Defendants have reviewed Winn-Dixie's proposed Motion to Exclude and exhibits and found that, although some of the information produced by them contained therein was confidential when produced, they do not require their information to be filed under seal with the exception of Winn-Dixie's proposed Exhibit 11.

3. Winn-Dixie's proposed Exhibit 11 is a 239-page exhibit from the deposition of John Wilson, an employee of DFA.  It is a compilation of a variety of documents that is divided into sections.  Many of the documents included therein contain not just DFA's confidential pricing and competitive information, but its customers' competitively sensitive information.  It includes information such as volumes of raw milk delivered to customers from which their capacity could be discerned, which is competitively sensitive.  It also includes internal data and categories of data used by DFA for pricing, information that is competitively sensitive as it could reveal DFA's internal pricing strategies.

4. In its Motion to Exclude, Winn-Dixie cites to only pages 187 and 192 of this 239-page compilation exhibit.  See Motion to Exclude, n. 31.  These two pages include pricing information for two locations and speak for themselves.  They require none of the surrounding

pages to understand them. The two pages on their own provide support for the only purpose for which they are cited by Winn-Dixie.

5. Pursuant to Local Rule 1.09(a), a proponent of sealing must state "the reason that filing each item is necessary." Because the filing of the more than 200 other pages of Winn-Dixie's proposed Exhibit 11 are not necessary, Defendants propose that Winn-Dixie file an excerpt of the deposition exhibit Winn-Dixie initial proposed filing containing only the first page and the two pages to which Winn-Dixie cites in its Motion to Exclude.

6. Defendants further propose that the pricing information contained on those two pages, which is competitively sensitive and from which volume information related to specific customers could be ascertained, be redacted with the exception of the specific premiums cited by Winn-Dixie in its motion. This would mean that all of the information referenced by Winn-Dixie in its motion would be publicly accessible, while DFA's interest in its confidential pricing and customer information would still be protected.

## MEMORANDUM OF LAW

In support of its Motion, Winn-Dixie cites to case law supporting the rule that documents filed in support of motions to compel discovery do not implicate the public right of access. But Plaintiff's motion is not a motion to compel discovery, and the "common law right of access is implicated by any pretrial motion that requires judicial resolution of the merits, including… *Daubert* motions, and can be overcome only by a showing of 'good cause.'" *Cent. Buick, GMC, Inc. v. GM LLC*, No. 8:15-cv-2393-T-27AAS, 2017 U.S. Dist. LEXIS 6241, at *4 (M.D. Fla. Jan. 17, 2017) (quoting *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310-12 (11th Cir. 2001)).

Defendants believe that the only information for which "good cause" exists for sealing is the confidential pricing and customer information contained in Winn-Dixie's proposed Exhibit 11. However, for that information, filing the entire exhibit is not necessary. *See* Local Rule 1.09(a). The filing of a redacted excerpt containing the two pages to which Winn-Dixie cites, and with irrelevant pricing and customer information redacted from the excerpt, is "a means other than sealing" that is available and satisfactory "to preserve the interest advanced by the movant in support of the seal." Local Rules 1.09(a). It would allow Winn-Dixie to publicly file the information that is relevant to it motion, while preserving the interest advanced by DFA.

The redaction of the irrelevant pricing information contained in the two cited pages is warranted. Courts in the Eleventh Circuit routinely permit the sealing of confidential pricing and financial information. *See, e.g., Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv-399-Orl-40TBS, 2017 U.S. Dist. LEXIS 72511, at *8-9 (M.D. Fla. May 12, 2017); *NXP B.V. v. Blackberry Ltd.*, No. 6:12-cv-498-Orl-22TBS, 2014 U.S. Dist. LEXIS 113591, at *13 (M.D. Fla. Aug. 15, 2014). The redactions sought by Defendants are narrowly tailored and the redacted information is not relevant to the motion at hand; DFA's privacy interest in its pricing information and in avoiding competitive harm therefore outweighs the public's right of access to judicial proceedings. *See Reed v. Chase Home Fin.*, No. 11-0412-WS-C, 2012 U.S. Dist. LEXIS 138312 (S.D. Ala. Sep. 26, 2012) (permitting redaction of fees and pricing information but not sealing of entire documents due to public right to access). It is therefore appropriate for the deposition exhibit excerpt to be redacted.[1]

---

[1] Should the Court deny Defendants' request that an excerpt of the 239-page deposition exhibit be filed as Exhibit 11, Defendants request that DFA be granted the opportunity to redact competitively sensitive information that is irrelevant to Winn-Dixie's Motion to Exclude prior to the filing of that exhibit.

## CONCLUSION

For the foregoing reasons, Defendants request that Winn-Dixie's motion to seal be denied with respect to all aspects of its filing except for Exhibit 11.  Defendants request that the Court order that a three-page excerpt be filed in place of Winn-Dixie's proposed Exhibit 11 containing the cover page and two pages to which Winn-Dixie cites, and with competitively sensitive information to which Winn-Dixie does not cite redacted from the excerpt.

Dated:  September 4, 2018

By:  /s/ Cindy A. Laquidara
Cindy A. Laquidara
Florida Bar No. 394246
AKERMAN LLP
Email: cindy.laquidara@akerman.com
50 North Laura Street, Suite 3100
Jacksonville, FL  32202
Telephone: (904) 798-3700
Facsimile: (904) 798-3730

*Attorneys for Defendants National Milk Producers Federation; Southeast Milk, Inc.; Dairy Farmers of America, Inc.; Land O'Lakes, Inc.; and Agri-Mark, Inc.*

Jill M. O'Toole
Connecticut Bar No. 414338
SHIPMAN & GOODWIN LLP
One Constitution Plaza
Hartford, CT 06103
Telephone: (860) 251-5000
Facsimile: (860) 251-5218
jotoole@goodwin.com

Diane C. Polletta
Connecticut No. 428468
SHIPMAN & GOODWIN LLP
300 Atlantic Street, Third Floor
Stamford, CT 06901-3522
Telephone: (203) 324-8100
Facsimile: (203) 324-8199
dpolletta@goodwin.com

John DiMarco
District of Columbia No. 1032127
Connecticut No. 435220
SHIPMAN & GOODWIN LLP
1875 K Street N.W., Suite 600
Washington, DC 2006
Telephone: (202) 741-4681
Facsimile: (202) 469-7751
jdimarco@goodwin.com

*Attorneys for Defendant Agri-Mark, Inc.*

Michael J. Beaudine, Esq.
Florida Bar No. 0772763
beaudine@lseblaw.com
LATHAM, SHUKER, EDEN & BEAUDINE, LLP
111 N. Magnolia Avenue, Suite 1400
Orlando, Florida 32801
Telephone: (407) 481-5800
Facsimile: (407) 481-5801

*Attorneys for Defendant Southeast Milk, Inc.*

W. Todd Miller
District of Columbia Bar No. 414930
Lucy S. Clippinger
New York Bar No. 5105796
BAKER & MILLER PLLC
2401 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20037
Telephone: (202) 663-7820
Facsimile: (202) 663-7849
tmiller@bakerandmiller.com
lclippinger@bakerandmiller.com

Steven R. Kuney
District of Columbia Bar No. 253286
Carl R. Metz
District of Columbia Bar No. 490663
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20016
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

6

46280582;1

skuney@wc.com
cmetz@wc.com

*Attorneys for Defendant Dairy Farmers of America, Inc.*

Nathan P. Eimer
Illinois State Bar No. 00735353
Scott C. Solberg
Illinois State Bar No. 6204487
Ben E. Waldin
Illinois State Bar No. 6317991
EIMER STAHL LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
Telephone: (312) 660-7600
Facsimile: (312) 692-1718
neimer@eimerstahl.com
ssolberg@eimerstahl.com
bwaldin@eimerstahl.com

*Attorneys for Defendant Land O'Lakes, Inc.*

Jonathan B. Sallet
District of Columbia Bar No. 336198
John J. Kavanagh
New York Bar No. 2858074
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
jsallet@steptoe.com
jkavanagh@steptoe.com

*Attorneys for Defendant National Milk Producers Federation aka Cooperatives Working Together*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 4, 2018, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Cindy A. Laquidara*
Cindy A. Laquidara

46280582;1