UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| WINN-DIXIE STORES, INC.,<br><br>     Plaintiff,<br><br>v.<br><br>SOUTHEAST MILK, INC., *et al.*,<br><br>     Defendants. | Case No. 3:15-cv-01143-J-39-BJD-PDB |

**EMERGENCY JOINT MOTION TO STRIKE OR SEAL EXHIBITS 6, 7, AND 27 OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE THE OPINIONS OF DR. CONNOR  (ECF NO. 207) PENDING BRIEFING ON SEALING AND RULE 3.01(g) CERTIFICATION**

  Plaintiff and Defendant Dairy Farmers of America, Inc. ("DFA") hereby request emergency relief in the form of the removal of Exhibit 6 (ECF No. 207-7), Exhibit 7 (ECF No. 207-8), and Exhibit 27 (ECF No. 207-28) from the public docket.  In support of this request, the parties state as follows:

  1. These documents contain highly confidential competitively sensitive pricing and customer information in which both DFA and its customers have a strong privacy interest.

  2. One of these documents, Exhibit 27 (ECF No. 207-28), is already the subject of a pending motion to seal (ECF No. 195).  As Defendants explained in their filing with the Court, it is entirely unnecessary to file all 239 pages of this compilation exhibit that contains a large amount of irrelevant competitively sensitive information.  *See* Defendants' Partial

Opposition to Winn-Dixie's Motion to Seal and Request that Exhibit 11 Be Modified and Redacted (ECF No. 202) at 2-4.

3. Even before that filing, Plaintiffs were notified by email on three occasions that DFA considered the 239-page compilation document that Plaintiff filed as Exhibit 27 to be highly confidential, that it contained sensitive information, and that DFA would not agree to the public filing of the entire document. Plaintiffs rejected the offer as to Exhibit 27 that the two page excerpt be filed in an earlier exchange.

4. Exhibits 6 and 7 were both marked Highly Confidential when produced by DFA and both contain competitively sensitive pricing information.

5. Under Section 9(a) of the parties' confidentiality agreement (previously filed at ECF No. 193-1), Plaintiffs and Defendants both agreed that "[n]o pleading or document containing Confidential Material or Highly Confidential Material shall be filed in the public record without the written permission of the Producing Party or a court's order. The parties shall comply with Local Rule 1.09."

6. Counsel for Plaintiff has never requested nor received consent to file Exhibit 6, Exhibit 7, or Exhibit 27 publicly.

7. Plaintiff did not have DFA's written permission or a court order that permitted them to file Exhibits 6, 7, or 27 publicly.

8. DFA therefore requests that these exhibits be stricken or sealed to give DFA the opportunity to propose redacted and/or excerpted filings that protect DFA's interests and its customers' interests in their confidential information.

9. **Local Rule 3.01(g) certification:** The undersigned certifies that she has conferred with opposing counsel and is authorized to present this Motion as a Joint Motion.

## MEMORANDUM OF LAW

Under the terms of the parties' confidentiality agreement, Plaintiff was required to comply to Local Rule 1.09, which related to sealing. Plaintiff did not do so. DFA requests that these documents be removed from the public docket and the DFA be given the opportunity to propose revised and/or redacted version of these exhibits that are appropriate for public filing while still protecting DFA's and its customers' interests in their competitively sensitive information. This is warranted because courts in the Eleventh Circuit routinely permit the sealing of confidential pricing and financial information. *See, e.g., Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv-399-Orl-40TBS, 2017 U.S. Dist. LEXIS 72511, at *8-9 (M.D. Fla. May 12, 2017); *NXP B.V. v. Blackberry Ltd.*, No. 6:12-cv-498-Orl-22TBS, 2014 U.S. Dist. LEXIS 113591, at *13 (M.D. Fla. Aug. 15, 2014).

## CONCLUSION

For these reasons, the parties request that Exhibits 6, 7, and 27 to Plaintiff's opposition be stricken or sealed pending resolution of a motion to seal in which DFA is permitted the opportunity to justify the revision and/or redaction of those documents.

Dated: September 11, 2018

By: /s/ Cindy A. Laquidara
Cindy A. Laquidara
Florida Bar No. 394246
AKERMAN LLP
Email: cindy.laquidara@akerman.com
50 North Laura Street, Suite 3100
Jacksonville, FL 32202
Telephone: (904) 798-3700

Facsimile: (904) 798-3730

*Attorneys for Defendants National Milk Producers Federation; Southeast Milk, Inc.; Dairy Farmers of America, Inc.; Land O'Lakes, Inc.; and Agri-Mark, Inc.*

W. Todd Miller
District of Columbia Bar No. 414930
Lucy S. Clippinger
New York Bar No. 5105796
BAKER & MILLER PLLC
2401 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20037
Telephone: (202) 663-7820
Facsimile: (202) 663-7849
tmiller@bakerandmiller.com
lclippinger@bakerandmiller.com

Steven R. Kuney
District of Columbia Bar No. 253286
Carl R. Metz
District of Columbia Bar No. 490663
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20016
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
skuney@wc.com
cmetz@wc.com

*Attorneys for Defendant Dairy Farmers of America, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 11, 2018, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Cindy A. Laquidara*
Attorney