UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Winn-Dixie Stores, Inc. and
Bi-Lo Holdings, LLC,

    Plaintiffs,

v.

                                              Case No. 3:15-cv-01143-J-39PDB

Southeast Milk, Inc., *et al.*,

    Defendants.
_____/

**PLAINTIFFS' RESPONSE TO AND CLARIFICATION OF DEFENDANT**
**DFA'S EMERGENCY "JOINT" MOTION TO STRIKE OR SEAL (DKT. NO. 209)**

        Plaintiffs hereby respond to and clarify certain relief requested and characterized by Defendant Dairy Farmers of America, Inc. ("DFA") as "jointly" requested by Plaintiffs and DFA in DFA's emergency motion styled as a "*Emergency Joint Motion to Strike or Seal Exhibits 6, 7, and 27 of Plaintiffs' Opposition to Defendants' Motion to Exclude the Opinion of Dr. Connor (ECF No. 207) Pending Briefing on Sealing and Rule 3.01 Certification*" (Dkt. No. 209) ("Emergency Motion"), and state:

        1.    On September 10, 2018, Plaintiffs filed their Response in Opposition to Defendants' Motion to Strike or Exclude the Opinions of Plaintiffs' Expert (Dkt. No. 207) ("DDM Response"). Plaintiffs' DDM Response included as attachments an index of exhibits and thirty-two (32) separately number exhibits.

        2.    At about 1 p.m. on September 11, 2018, DFA's counsel:  (i) notified Plaintiffs' counsel that DFA objected to the public record filing of Exhibits 6, 7, and 27 to the DDM Response based upon DFA's contention that portions of the three exhibits contain

information designated "Confidential" or "Highly Confidential" by DFA and produced in this case pursuant to the Stipulated Confidentiality Agreement dated August 2, 2016 (Dkt. No. 108-1); and (ii) requested that Plaintiffs agree to a Joint Motion to Seal the three exhibits so they could be removed from the public record. At 3 p.m. that day, Plaintiffs' counsel and DFA's counsel spoke by telephone and Plaintiffs' counsel agreed to the filing of a Joint Motion to Seal as requested. There was no discussion, however, about striking the exhibits, only sealing them, and Plaintiffs' counsel expected to review a draft of the Joint Motion before it was filed as is customary with jointly submitted filings.

3. Before the close of business on September 11, 2018, without providing a draft for Plaintiff's counsel's review in advance, Defendants filed the Emergency Motion requesting striking or sealing of the three exhibits. Although styled as a "joint motion," the Emergency Motion inappropriately reads as an adversarial motion presented by DFA and not jointly by the Parties to it. Moreover, DFA represented in it that Plaintiffs agreed to the filing of the motion as a "joint motion." Because striking Exhibits 6, 7, and 27 was not discussed by counsel or agreed to by Plaintiffs, Plaintiffs file this Response to clarify their position with regard to the relief requested by DFA.

4. As discussed by Plaintiffs' counsel and DFA's counsel prior to the filing of the Emergency Motion, Plaintiffs have agreed to DFA's request to seal the three exhibits, or portions thereof, and to the extent that requires that they be removed by the Clerk from the public record temporarily while the Court determines: (i) whether the documents should be filed as exhibits in the public record notwithstanding DFA's request to seal them; or, (ii) whether the documents warrant the sealing requested by DFA, in which case they would be

filed by the Clerk under seal as part of the record in the case. To the extent, however, that DFA's request to "strike" the exhibits requests that they not be permitted to stand as timely submitted exhibits to Plaintiffs' DDM Response, Plaintiffs vigorously oppose any such request. Simply put, Exhibits 6, 7, and 27 to Plaintiffs' DDM Response are entitled to be a part of the Court record in this case and fully considered by the Court in deciding Defendants' Daubert Motion, whether out in the open in the public record or under seal.

5. Finally, as to those portions of DFA's Emergency Motion containing adversarial argument, Plaintiffs would simply point out that they did not agree to the characterization of such argument as "jointly" submitted and were not permitted the opportunity by DFA to review the contents of the Emergency Motion in advance of its filing.

Respectfully submitted September 12, 2018.

*/s/ H. Timothy Gillis*
H. Timothy Gillis, Trial Counsel
Florida Bar No. 133876
Shutts & Bowen LLP
1022 Park Street, Suite 308
Jacksonville, FL 32204
Phone: (904) 899-9926
Fax: (904) 899-9965
tgillis@shutts.com

Patrick J. Ahern
Ahern and Associates, P.C.
8 South Michigan Avenue
Suite 3600
Chicago, IL 60603
(312) 404-3760
patrick.ahern@ahernandassociatespc.com
(*Admitted Pro Hac Vice*)

*Attorneys for Plaintiffs Winn-Dixie Stores, Inc., and Bi-Lo Holdings, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 12, 2018, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF System, which will send a notice of electronic filing to all counsel of record.

/s/ *H. Timothy Gillis*
Attorney