UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| WINN-DIXIE STORES, INC. and BI-LO HOLDINGS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SOUTHEAST MILK, INC., *et al.*,<br><br>Defendants. | Case No. 3:15-cv-01143-BJD-PDB |

**DEFENDANT DAIRY FARMERS OF AMERICA, INC.'S MOTION TO SEAL**

Pursuant to Rule 5.2 of the Federal Rules of Civil Procedure, Local Rule 1.09(a), Section 9 of the parties' Stipulated Confidentiality Agreement dated August 2, 2016, and the Court's Order of September 14, 2018 (see ECF No. 213), Defendant Dairy Farmers of America, Inc. ("DFA"), by and through its undersigned counsel, hereby moves to keep under seal Exhibits 6 and 7 to Plaintiff's Response in Opposition to Defendants' Motion to Strike or Exclude the Opinions of Plaintiff's Expert ("Plaintiff's Opposition") (ECF No. 207), to publicly file a redacted excerpt of the underlying compilation of documents filed as Exhibit 27 to Plaintiff's Opposition as previously sought by DFA (see ECF No. 202) (explaining that filing the entire compilation is not necessary and requesting leave to file a redacted excerpt), while maintaining the sealing of the full 239-page document under seal.  Alternatively, DFA requests that if the Court determines that the entire compilation deposition exhibit should be publicly filed, DFA be allowed to redact all competitively sensitive information and confidential financial information from the public version of the document, including information on pages 17, 30, 32, 45-80, 82-87, 100-113, 115-137, 140-154, 156-166, 169-

1

174, 176-186, 188-195, 197-206, and 211-238.  DFA also seeks to publicly file redacted versions of the two volumes of the January 8-9, 2015 Deposition of John Wilson pursuant to Fed. R. Civ. P. 30(b)(6) in *Edwards, et al. v. National Milk Producers Federation, et al.*, Case No. 4:11-cv-4766-JSW (N.D. Cal.) in which specific prices are redacted.[1]

DFA states that, pursuant to Local Rule 3.01(g), counsel for DFA exchanged emails with opposing counsel, but due to the press of business lead counsel has been unavailable to confer beyond the exchange of information in the emails and telephone discussions with local counsel, and therefore Plaintiff's counsel has not agreed to the Motion.

In support of this position, DFA states as follows:

1. Exhibits 6 and 7 to Plaintiff's Opposition consist of charts of DFA's over-order premiums for the period of January 2000 to September 2012 and the period of October 2012 to December 2013, respectively.  Exhibit 27 to Plaintiff's Opposition is a 239-page compilation of multiple documents that was an exhibit in the January 8-9, 2015 Deposition of John Wilson in the *Edwards* case.  The January 8-9, 2015 Deposition Transcript of John Wilson took place in the *Edwards* case and contains two days of testimony, during which specific prices charged to customers were sometimes discussed.

2. DFA does not believe that filing each item is necessary to Plaintiff's Opposition.  This is particularly true of Plaintiff's Exhibit 27, which consists of more than 200 pages of materials (and numerous different documents) that Plaintiff does not even reference anywhere in its Opposition.  Accordingly, DFA proposes that it be permitted to file an excerpt of the exhibit containing only the first page and the two pages to which

---

[1] It is DFA's understanding that the Court has requested that Plaintiff file these volumes in their entirety after excerpts from the transcripts were submitted as exhibits to various filings. Plaintiff reached out to DFA to determine if the transcripts required sealing, causing DFA to seek permission to file a redacted version of the transcript in the instant Motion.

2

Plaintiff cites in Plaintiff's Opposition.  DFA further proposes that the pricing information contained on those two pages, which is competitively sensitive and from which volume information related to specific customers could be ascertained, be redacted with the exception of the specific premiums cited by Plaintiff in its motion. This would mean that all of the information referenced by Plaintiff in its motion would be publicly accessible, while DFA's interest in its confidential pricing and customer information would still be protected. This is the same approach DFA proposed to the Court in its September 4, 2018 filing regarding sealing.  *See* ECF No. 202.

3. In each instance, the information that DFA seeks to withhold is sensitive pricing information.  DFA seeks to maintain Exhibits 6 and 7 under seal in their entirety because they consist of charts of sensitive pricing information.  DFA seeks to publicly file an excerpt of the compilation of documents that make up the deposition exhibit that Plaintiff attached as Exhibit 27, redacting only the sensitive pricing information that was not specifically cited by Plaintiff.  The other documents that make up that compilation deposition exhibit simply do not need to be filed because they are not cited by Plaintiff. And for the deposition transcript volumes, DFA seeks to redact only specific prices that are discussed.

4. Both DFA and its customers have a strong privacy interest in the highly confidential, competitively sensitive pricing information that DFA seeks to redact or otherwise withhold.

5. DFA proposes that the information be redacted or sealed indefinitely.

## MEMORANDUM OF LAW

Courts in the Eleventh Circuit routinely permit the sealing of confidential pricing and financial information. *See, e.g., Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv-399-Orl-40TBS, 2017 U.S. Dist. LEXIS 72511, at *8-9 (M.D. Fla. May 12, 2017); *NXP B.V. v. Blackberry Ltd.*, No. 6:12-cv-498-Orl-22TBS, 2014 U.S. Dist. LEXIS 113591, at *13 (M.D. Fla. Aug. 15, 2014).

First, DFA seeks to file Exhibits 6 and 7 to Plaintiff's Opposition under seal, which consist of charts of DFA's over-order premiums for the period of January 2000 to September 2012 and the period of October 2012 to December 2013. These charts consist entirely of highly confidential, competitively sensitive pricing information in which both DFA and its customers have a strong privacy interest. "A party's interest in the privacy of its financial records and the terms of confidential agreements may outweigh the public's right of access." *Local Access*, 2017 U.S. Dist. LEXIS 72511, at *8.

Next, DFA requests that it be permitted to publicly file a redacted excerpt of the deposition exhibit that Plaintiff filed as Exhibit 27, a 239-page compilation of multiple documents. DFA further requests that the pricing information contained on those two pages be redacted with the exception of the specific premiums cited by Plaintiff in its briefs. This exhibit is already the subject of a motion to seal. *See* ECF Nos. 195, 202. As Defendants explained in their earlier filing, it is entirely unnecessary to file each of the numerous documents that comprise the deposition exhibit, many of which contain entirely irrelevant, competitively sensitive information. *See* ECF No. 202 at 2-4. DFA's proposal would mean that all of the information referenced by Plaintiff in its motion would be publicly accessible, while still preserving DFA's interest in its confidential pricing and customer information. Alternatively, if the full 239-page compilation is filed, DFA should be permitted to redact

competitively sensitive information and confidential financial information on pages 17, 30, 32, 45-80, 82-87, 100-113, 115-137, 140-154, 156-166, 169-174, 176-186, 188-195, 197-206, and 211-238.

Finally, DFA moves to publicly file redacted versions of the two volumes of the Deposition Transcript of John Wilson, dated January 8-9, 2015, excerpts of which were filed as exhibits to multiple filings. DFA does not seek to seal the transcript in its entirety, nor does it seek to seal any of the information cited by Plaintiff, but instead requests that the Court permit it to make very narrowly tailored redactions of specific pricing information designed to protect DFA's and its customers' sensitive pricing information. *See Local Access*, 2017 U.S. Dist. LEXIS 72511, at *8.

## CONCLUSION

For the foregoing reasons, DFA requests that it be permitted to maintain the confidentiality of its competitively sensitive pricing information by indefinitely maintaining under seal Exhibits 6 and 7 to Plaintiff's Opposition, by publicly filing a redacted excerpt of the compilation deposition exhibit Plaintiff filed as Exhibit 27 to its Opposition, and by publicly filing the transcripts to the January 8-9, 2015 Deposition of John Wilson with minimal redactions of sensitive pricing information.

Dated:  September 28, 2018                    Respectfully submitted,

                                             By: /s/ *Cindy A. Laquidara*
                                             Cindy A. Laquidara
                                             Florida Bar No. 394246
                                             AKERMAN LLP
                                             Email: cindy.laquidara@akerman.com
                                             50 North Laura Street, Suite 3100
                                             Jacksonville, FL  32202

Telephone: (904) 798-3700
Facsimile: (904) 798-3730

*Attorneys for Defendants National Milk Producers Federation, Southeast Milk, Inc.; Dairy Farmers of America, Inc., Land O'Lakes, Inc.; and Agri-Mark, Inc.*

W. Todd Miller
District of Columbia Bar No. 414930
Lucy S. Clippinger
New York Bar No. 5105796
BAKER & MILLER PLLC
2401 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20037
Telephone: (202) 663-7820
Facsimile: (202) 663-7849
tmiller@bakerandmiller.com
lclippinger@bakerandmiller.com

Steven R. Kuney
District of Columbia Bar No. 253286
Carl R. Metz
District of Columbia Bar No. 490663
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20016
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
skuney@wc.com
cmetz@wc.com

*Attorneys for Defendant Dairy Farmers of America, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 28, 2018, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Cindy A. Laquidara*
Attorney