**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

|  |  |
|---|---|
| Winn-Dixie Stores, Inc. and Bi-Lo Holdings LLC, | ) ) ) Case No. 3:15-cv-01143-J-39PDB |
| Plaintiffs | ) ) |
| v. | ) ) |
| Southeast Milk, Inc., et al. | ) ) |
| Defendants | ) |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO IDENTIFY OR NARROW LIST OF WITNESSES THAT THEY INTEND TO CALL AT TRIAL AND FOR LEAVE TO TAKE DISCOVERY OF WITNESSES NOT DISCLOSED UNTIL AMENDED RULE 26(A) DISCLOSURES SERVED ON THE <u>DISCOVERY DEADLINE AND SUPPORTING MEMORANDUM OF LAW</u>**

Plaintiffs move, pursuant to Rules 16 and 26, to compel Defendants to identify or narrow their list of witnesses that they intend to call at trial and for leave take discovery of the witnesses identified in Defendants' Amended Rule 26(a) Disclosures, served on March 22, 23 and 26, 2018.

On March 22, 23 and 26, 2018, most of the Defendants served amended Rule 26(a) disclosures which identified over 2,000 potential new witnesses. Plaintiffs moved to strike those newly identified witnesses (Dkt. #141). On June 27, 2018, the Magistrate Judge denied that motion (Dkt. #178). On July 11, 2018, Plaintiffs filed objections to the Magistrate's Order (Dkt. #180), which Judge Davis denied (Dkt. #184) on July 30, 2018. In its order denying Plaintiffs' motion to strike, the Magistrate Judge indicated that she would entertain a request for discovery of the witnesses newly named in Defendants' Amended Rule 26(a) disclosures. *See* Dkt. #178 ("If discovery is needed from someone not specifically listed until recently, the Court will entertain a request to obtain discovery"). Defendants have previously rejected any of Plaintiff's requests that Defendants identify or narrow the over 2,000 new witnesses identified in their Amended Rule 26(a) disclosures.

Insofar as it is not possible to take discovery from all 2,000 witnesses between now and trial, nor for Defendants to call all 2,000 witnesses at trial, within the 15 day trial estimate that Plaintiffs and Defendants previously provided to the Court, Plaintiffs now move to compel the Defendants to identify or narrow the list of witnesses that they intend to call at trial and for leave to take discovery of the newly named witnesses. First, Defendants have indicated that they will not call all 2,000 witnesses to testify at trial, but have refused to identify a smaller list of witnesses from the over 2,000 witnesses, prior to 30 days prior to the

1

January 7, 2019 trial date. Furthermore, Defendants have not indicated how many farmers will be identified on their trial witness lists, but only state that the number "will be appropriately limited based on the scope of the issues that remain unresolved after summary judgment." Dkt. #183, p. 7.

Second, the proposed discovery, attached as Exhibit 1 and Composite Exhibit 2 to this motion, is targeted to the areas of testimony anticipated from (1) the over 2,000 dairy farmers identified by Defendants and (2) the newly identified current and former government officials. Specifically, Defendants contend that dairy farmers who submitted bids under the Herd Retirement Program would have retired anyway and that a bid would reflect a farmer's low profitability. With respect to the Congressmen and former government officials, Defendants have set forth the information that these witnesses will likely testify to in their Motion for Summary Judgment (Dkt. #187, pp. 4-5), and Plaintiffs' proposed discovery is likewise tailored to those subjects or anticipated information.

The relief sought by Plaintiffs here is within the broad powers of the Court to manage the cases before it. *See Chrysler Int'l Corp. v. Chemaly*, 28 F.3d 1358, 1360 (11th Cir. 2002); *Worley v. State Farm Mutual Automobile Ins. Co.*, Case No. 3:12-cv-1041-J-MCR, 2013 WL 12157425 *2 (M.D. Fla. Sept. 10, 2013). In addition, according to Wright & Miller, it is "an abuse of [Rule 26] for a party to list so many witnesses … as to exceed any possibility of use at trial and swamp opposing counsel with a meaningless avalanche of information." Wright & Miller, §2054, p. 379. The best way in which to deal with such a tactic is to narrow the list of witnesses as part of the Court's pretrial preparation under Rule 16, as this motion seeks. Thus, according to Wright & Miller, "it seems that the better course

in winnowing overlong lists of eligible witnesses and exhibits would be to do so as part of the court's overall pretrial preparation under Rule 16 rather than as a feature of the Rule 26(a)(3) disclosure process." *Id.* Finally, courts have adopted the same approach as recommended in Wright & Miller. *See, e.g., Summers v. County of Charleston*, 2012 U.S. Dist. LEXIS 129212 at *8-9 (D.S.C. 2012)(addressing Plaintiff's motion to narrow Defendants' witness list, which identified 73 witnesses to be called at trial); *Jama v. City & County of Denver*, 304 F.R.D. 289, 298 (D. Colo. 2014)(rejecting party's approach of identifying hundreds of witnesses as a "laundry list of undifferentiated witnesses" in violation of Rule 26(a)).

Thus, Plaintiffs move this Court to compel Defendants to identify or narrow their list of witnesses to be called at trial and to provide responses to Plaintiffs' proposed discovery within 7 days, to produce documents within 14 days, and to provide dates for the depositions of the newly named witnesses so that their depositions can be taken within 28 days.

Respectfully submitted October 12, 2018

/s/ H. Timothy Gillis
H. Timothy Gillis, Trial Counsel
Florida Bar No. 133876
Jeffrey S. York
Florida Bar No. 987069
Shutts & Bowen LLP
1022 Park Street, Suite 308
Jacksonville, FL 32204
Phone: (904) 899-9926
Fax: (904) 899-9965
tgillis@shutts.com
jyork@shutts.com

Patrick J. Ahern
Ahern and Associates, P.C.
8 South Michigan Avenue
Suite 3600
Chicago, IL 60603
(312) 404-3760
patrick.ahern@ahernandassociatespc.com
(*Admitted Pro Hac Vice*)

*Attorneys for Plaintiffs Winn-Dixie Stores, Inc., and Bi-Lo Holdings, LLC*

## CERTIFICATE OF FAITH CONFERENCE

In accordance with Local Rule 3.01(g), prior to the filing of this Motion, counsel for Plaintiffs conferred with counsel for Defendants, who indicated that they oppose the relief requested in this Motion.

/s/ *H. Timothy Gillis*
Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 12, 2018 I electronically filed the foregoing with the Clerk of Court pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Cases of this Court by using the CM/ECF System, which will send a notice of electronic filing to all counsel of record.

*/s/ H. Timothy Gillis*
Attorney
