# COMPOSITE
# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 3:15-cv-01143-BJD-PDB ) ) |
| Southeast Milk, Inc., *et al.*, | ) ) |
| Defendants. | ) ) |

### PLAINTIFFS' SUPPLEMENTAL INTERROGATORIES
### TO DEFENDANT LAND O' LAKES, INC.

Plaintiffs Winn-Dixie Stores, Inc. ("Winn-Dixie") and Bi-Lo Holdings, LLC ("Bi-Lo") ("Plaintiffs"), pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, request that Defendant Land O'Lakes, Inc. ("Defendant") answer the following supplemental interrogatories ("Interrogatories") under oath within seven (7) days of service.

### DEFINITIONS

1.      "All" shall mean "each," "any," and "every."

2.      "Communication" means oral or written transmission or receipt of words or information, by all means, directly or indirectly, regardless of how or by whom the communication was initiated, including: (a) written statements by means such as letter, memorandum, e-mail, instant message or facsimile, and (b) oral statements by means such as face-to-face meetings or via telephone or computer. Communications with an entity include communications by or with its subsidiaries, divisions, subdivisions, affiliates, programs, predecessor and successor entities, partners, officers, directors, members, employees, agents,

legal counsel or other persons acting on its behalf.

3.      The term "meeting" means any contemporaneous presence (whether face-to-face or via telephone or computer) of two or more persons for any purpose, whether planned or arranged, scheduled or not.

4.      The term "employee" means a person currently or previously employed by or acting as the agent of another person.

5.      The term "person" means a natural person or an entity.

6.      The term "entity" means a business, legal or government entity such as a corporation, partnership, association, program or cooperative.

7.      The term "identify," when referring to a natural person, means to give the person's full name, present or last known residential address, and present or last known place of employment. When referring to an entity, the term "identify" means to give the full business name and present or last known business address.

8.      The term "identify," when used in reference to a Communication or Meeting, means to identify all persons involved in such Communication or Meeting, to list all documents related to such Communication or Meeting (including all documents recording or summarizing such Communication or Meeting or documents tending to show that the Communication or Meeting occurred) and to state any actions known by you to have been taken as a result of such Communication or Meeting.

9.      The term "identify," when used in reference to a fact, means to set forth all matters explaining, concerning, causing, or contributing to the information sought in the Interrogatory.

10.      "Concerning," "relating to," "referring to," "regarding" or "with respect to"

means discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, embodying, identifying, constituting, containing, mentioning, stating, evidencing, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting or otherwise involving, in whole or in part.

11.     "You" or "your" means the responding Defendant, its predecessors, successors, subsidiaries, departments, divisions, affiliates, locations or programs in the United States, including entities which the responding Defendant manages or controls, together with all present and former directors, officers, partners, members, employees, agents, attorneys, investigators, representatives, or other persons known by the responding Defendant to be acting in whole or in part on behalf of the responding Defendant.

12.     "Southeast Milk, Inc." or "SMI" means Southeast Milk, Inc., its predecessors, successors, subsidiaries, departments, divisions, affiliates, or locations in the United States, including entities which SMI manages or controls, together with all present and former directors, officers, partners, members, employees, agents, attorneys, investigators, representatives, or other persons known by SMI to be acting in whole or in part on behalf of SMI.  SMI shall include, but not be limited to, Gufstafson's Dairy, Sunshine State Dairy and Sunshine Dairy.

13.     "National Milk Producers Federation" or "NMPF" means National Milk Producers Federation, its predecessors, successors, subsidiaries, departments, divisions, affiliates, locations or programs in the United States, including entities which NMPF manages or controls, together with all present and former directors, officers, partners, members, employees, agents, attorneys, investigators, representatives, or other persons known by NMPF to be acting in whole or in part on behalf of NMPF.

14.     "Cooperatives Working Together" or "CWT" means Cooperatives Working

3

Together, its predecessors, successors, subsidiaries, departments, divisions, affiliates, locations or programs in the United States, including entities which CWT manages or controls, together with all present and former directors, officers, partners, members, employees, agents, attorneys, investigators, representatives, or other persons known by CWT to be acting in whole or in part on behalf of CWT.  For purposes of these Interrogatories, CWT shall exclude matters exclusively regarding the Export Assistance Program such that the Export Assistance Program is not intended, standing entirely alone, to be responsive.

15.     "Dairy Farmers of America, Inc." or "DFA" means Dairy Farmers of America, Inc., its predecessors, successors, subsidiaries, departments, divisions, affiliates or locations in the United States, including entities which DFA manages or controls, together with all present and former directors, officers, partners, members, employees, agents, attorneys, investigators, representatives, or other persons known by DFA to be acting in whole or in part on behalf of DFA.

16.     "Land O'Lakes, Inc." or "Land O'Lakes" means Land O'Lakes, Inc., its predecessors, successors, subsidiaries, departments, divisions, affiliates or locations in the United States, including entities which Land O'Lakes manages or controls, together with all present and former directors, officers, partners, members, employees, agents, attorneys, investigators, representatives, or other persons known by Land O'Lakes to be acting in whole or in part on behalf of Land O'Lakes.

17.     "Dairylea Cooperative Inc." or "Dairylea" means Dairylea Cooperative Inc., its predecessors, successors, subsidiaries, departments, divisions, affiliates or locations in the United States, including entities which Dairylea manages or controls, together with all present and former directors, officers, partners, members, employees, agents, attorneys, investigators,

representatives, or other persons known by Dairylea to be acting in whole or in part on behalf of Dairylea.

18.     "Agri-Mark, Inc." or "Agri-Mark" means Agri-Mark, Inc., its predecessors, successors, subsidiaries, departments, divisions, affiliates or locations in the United States, including entities which Agri-Mark manages or controls, together with all present and former directors, officers, partners, members, employees, agents, attorneys, investigators, representatives, or other persons known by Agri-Mark to be acting in whole or in part on behalf of Agri-Mark.

19.     The term "Milk Product" shall mean raw farm milk as well as fluid milk (whole milk, 2% milk, 1% milk and skim milk) and other fresh milk products, including without limitation cream, half & half, yogurt, cottage cheese, cream cheese, sour cream, butter, cheese and ice cream.

20.     A "dairy cow" shall mean a milking cow, dry cow or bred heifer.

21.     The term "BST-free" shall mean Milk Products that you describe, offer, produce, sell, advertise or market as being produced from milk drawn from dairy cows that are not treated with bovine somatotropin or recombinant bovine growth hormone, sometimes also referred to as rBST or rBGH, respectively (or as artificial growth hormones).

22.     The "dairy industry" shall mean persons that produce, asSMIble, bottle or sell Milk Products in the United States, or such other meaning as you may from time to time use in the ordinary course of your business.

23.     The term "Herd Retirement Program" refers to a program or effort developed, sponsored, implemented or funded in whole or in part by NMPF, CWT or other Defendants by which dairy cows were removed from production through retirement or otherwise, including the

ten herd retirements implemented by CWT during the Relevant Time Period.

24. The "United States Congress" shall mean members, committees, subcommittees, employees, offices or agencies of the United States Congress, as well as registered lobbyists. A "State Legislature" shall mean members, committees, subcommittees, employees, offices or agencies of a legislative body of one of the fifty United States (for example, the Florida Legislature), as well as registered lobbyists.

25. "USDA" shall mean the United States Department of Agriculture, the Agriculture Secretary, and employees, offices or agencies of the United States Department of Agriculture, as well as registered lobbyists. A "State Department of Agriculture" shall mean a State Agriculture Secretary, and employees, offices or agencies of a State Department of Agriculture (for example, the Florida Department of Agriculture and Consumer Services), as well registered lobbyists.

## **INSTRUCTIONS**

1. In addition to all requirements set forth in the Federal Rules of Civil Procedure, which Plaintiffs incorporate herein, the following instructions apply to each of the Interrogatories set forth below, and are deemed to be incorporated in each of these Interrogatories.

2. Defined terms apply without regard to capitalization.

3. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Interrogatories are continuing in nature so that if you subsequently discover or obtain possession, custody or control of information previously requested or required to be produced, you shall promptly make such information available. Each supplemental response shall be served on Plaintiffs no later than thirty (30) days after the discovery of the further information, and in no event shall a supplemental response be served later than thirty days before the first day of trial, absent leave of court.

4.      You should construe these Interrogatories as follows:

   a.   the conjunctions "and" and "or" should be read either disjunctively or conjunctively to bring within the scope of the Interrogatory all information that might otherwise be construed to be outside its scope; and

   b.   the present tense of a verb includes its past tense and vice versa.

5.      These Interrogatories require that you produce all responsive information without regard to when the information was generated, discovered or prepared.

6.      Produce all responsive information in your possession, custody or control whether such information is possessed directly by you or by others from whom you can obtain the information.

7.      Each Interrogatory must be answered separately and fully in writing under oath, unless it is objected to, in whole or in part.  The answers to these Interrogatories are to be signed by all persons making them and the objections signed by the attorney making them.

8.      If you object to a part of these Interrogatories: (a) state each objection in sufficient detail to permit the Court to determine the validity of the objection; and (b) produce all responsive information to which your objection does not apply.  If you claim the attorney-client privilege or any other privilege or work-product protection for any requested information, the particular privilege or protection invoked shall be clearly stated.  Pursuant to Rule 26, you must provide a statement of the claim of privilege and all facts relied on in support of that claim, including the parties and dates involved, the relevant subject including the dates, authors, recipients, title and subject matter, and present location of any documents involved, and also identify the litigation in connection with which any asserted work product was prepared.

9.      If an Interrogatory cannot be answered completely, it shall be answered to the extent possible.  If you do not have personal knowledge sufficient to respond to an Interrogatory, you shall so state, but you shall make a reasonable and good faith effort to obtain the information

by inquiry to other persons.

10.      If you claim that a part of these Interrogatories is vague or ambiguous, identify the specific language you consider vague or ambiguous and state the interpretation of the language in question you used to frame your response.

**11.**      If you elect to answer an Interrogatory by specifying or producing business records pursuant to Federal Rule of Civil Procedure 33(d), state the Interrogatories to which the records are responsive.  For production, label the records with control or Bates numbers, and (a) produce the records as they are kept in the ordinary course of business, or (b) organize and label the records to correspond with the Interrogatory.  For all records specified or produced pursuant to Rule 33(d), identify the person certifying the records as business records.

12.      Identify, separately for each Interrogatory, all persons that furnished information provided in your responses to these Interrogatories.

## **INTERROGATORIES**

1.  Identify each witness from Paragraph A(15) of your Amended Rule 26 Disclosure dated March 22, 2018, that you intend to call at the trial of this matter.

2.  For each witness identified in response to No. 1 above, please provide:

    a.  The witness' last known address and telephone number;

    b.  Whether counsel for one of the Defendants will be representing the witness, and if so, whether counsel will accept service of a document and deposition subpoena;

    c.  Whether the witness is currently engaged in dairy farming, and if not, the last date that the witness was engaged in dairy farming;

    d.  The form of entity or entities that the witness used to conduct his/her dairy farming business, i.e., sole proprietorship, corporation, limited liability company,

general or limited partnership, etc., and the name of that entity, state of incorporation or registration, and dates of incorporation or registration, including without limitation, the last effective date for the entity and the last known address and telephone number for the entity;

e. The name of each bank, credit union or other financing source that the witness' dairy farming business used from 2003 until 2013;

f. State whether the witness is being or has been compensated or remunerated in any way by any Defendant from 2003 to the present, including without limitation, in connection with his or her potential testimony, oral or written, in this matter, and if so, the amount and form of that compensation or remuneration.

3. Identify each witness from Paragraph A(14) of your Amended Rule 26 Disclosure dated March 22, 2018, that you intend to call at the trial of this matter.

4. For each witness identified in response to No. 3 above, please provide:

a. The witness' last known address and telephone number;

b. Whether counsel for one of the Defendants will be representing the witness and if so, whether counsel will accept service of a document and deposition subpoena;

c. Identify any statements made by the witness about Cooperatives Working Together;

d. Identify any statements made by the witness about the CWT Herd Retirement Program;

e. Identify any statements made by the witness about the Capper-Volstead Act and/or Capper-Volstead immunity;

    f.   For each statement identified in response to subparts c-e, identify the date of the statement and the medium by which the statement was recorded;

    g.   State whether the witness is being or has been compensated or remunerated in any way by any Defendant from 2003 to the present, including without limitation, in connection with his or her potential testimony, oral or written, in this matter, and if so, the amount and form of that compensation or remuneration.

Dated: October 12, 2018

> */s/ H. Timothy Gillis*
> H. Timothy Gillis, Trial Counsel
> Florida Bar No. 133876
> Jeffrey S. York
> Florida Bar No. 987069
> Shutts & Bowen LLP
> 1022 Park Street, Suite 308
> Jacksonville, FL 32204
> Phone: (904) 899-9926
> Fax: (904) 899-9965
> tgillis@shutts.com
> jyork@shutts.com
>
> Patrick J. Ahern
> Ahern and Associates, P.C.
> 8 South Michigan Avenue
> Suite 3600
> Chicago, IL 60603
> (312) 404-3760
> patrick.ahern@ahernandassociatespc.com
> (*Admitted Pro Hac Vice*)
>
> *Attorneys for Plaintiffs Winn-Dixie*
> *Stores, Inc., and Bi-Lo Holdings, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 12, 2018, I served the foregoing by email on counsel of record for all defendants.

*/s/ H. Timothy Gillis*

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 3:15-cv-01143-BJD-PDB ) ) |
| Southeast Milk, Inc., *et al.*, | ) ) |
| Defendants. | ) ) |

## PLAINTIFFS' SUPPLEMENTAL INTERROGATORIES
## TO DEFENDANT DAIRY FARMERS OF AMERICA, INC.

Plaintiffs Winn-Dixie Stores, Inc. ("Winn-Dixie") and Bi-Lo Holdings, LLC ("Bi-Lo") ("Plaintiffs"), pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, request that Defendant Dairy Farmers of America, Inc. ("Defendant") answer the following supplemental interrogatories ("Interrogatories") under oath within seven (7) days of service.

## DEFINITIONS

1.    "All" shall mean "each," "any," and "every."

2.    "Communication" means oral or written transmission or receipt of words or information, by all means, directly or indirectly, regardless of how or by whom the communication was initiated, including: (a) written statements by means such as letter, memorandum, e-mail, instant message or facsimile, and (b) oral statements by means such as face-to-face meetings or via telephone or computer. Communications with an entity include communications by or with its subsidiaries, divisions, subdivisions, affiliates, programs, predecessor and successor entities, partners, officers, directors, members, employees, agents,

legal counsel or other persons acting on its behalf.

3.      The term "meeting" means any contemporaneous presence (whether face-to-face or via telephone or computer) of two or more persons for any purpose, whether planned or arranged, scheduled or not.

4.      The term "employee" means a person currently or previously employed by or acting as the agent of another person.

5.      The term "person" means a natural person or an entity.

6.      The term "entity" means a business, legal or government entity such as a corporation, partnership, association, program or cooperative.

7.      The term "identify," when referring to a natural person, means to give the person's full name, present or last known residential address, and present or last known place of employment. When referring to an entity, the term "identify" means to give the full business name and present or last known business address.

8.      The term "identify," when used in reference to a Communication or Meeting, means to identify all persons involved in such Communication or Meeting, to list all documents related to such Communication or Meeting (including all documents recording or summarizing such Communication or Meeting or documents tending to show that the Communication or Meeting occurred) and to state any actions known by you to have been taken as a result of such Communication or Meeting.

9.      The term "identify," when used in reference to a fact, means to set forth all matters explaining, concerning, causing, or contributing to the information sought in the Interrogatory.

10.      "Concerning," "relating to," "referring to," "regarding" or "with respect to"

means discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, embodying, identifying, constituting, containing, mentioning, stating, evidencing, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting or otherwise involving, in whole or in part.

11.     "You" or "your" means the responding Defendant, its predecessors, successors, subsidiaries, departments, divisions, affiliates, locations or programs in the United States, including entities which the responding Defendant manages or controls, together with all present and former directors, officers, partners, members, employees, agents, attorneys, investigators, representatives, or other persons known by the responding Defendant to be acting in whole or in part on behalf of the responding Defendant.

12.     "Southeast Milk, Inc." or "SMI" means Southeast Milk, Inc., its predecessors, successors, subsidiaries, departments, divisions, affiliates, or locations in the United States, including entities which SMI manages or controls, together with all present and former directors, officers, partners, members, employees, agents, attorneys, investigators, representatives, or other persons known by SMI to be acting in whole or in part on behalf of SMI.  SMI shall include, but not be limited to, Gufstafson's Dairy, Sunshine State Dairy and Sunshine Dairy.

13.     "National Milk Producers Federation" or "NMPF" means National Milk Producers Federation, its predecessors, successors, subsidiaries, departments, divisions, affiliates, locations or programs in the United States, including entities which NMPF manages or controls, together with all present and former directors, officers, partners, members, employees, agents, attorneys, investigators, representatives, or other persons known by NMPF to be acting in whole or in part on behalf of NMPF.

14.     "Cooperatives Working Together" or "CWT" means Cooperatives Working

3

Together, its predecessors, successors, subsidiaries, departments, divisions, affiliates, locations or programs in the United States, including entities which CWT manages or controls, together with all present and former directors, officers, partners, members, employees, agents, attorneys, investigators, representatives, or other persons known by CWT to be acting in whole or in part on behalf of CWT.  For purposes of these Interrogatories, CWT shall exclude matters exclusively regarding the Export Assistance Program such that the Export Assistance Program is not intended, standing entirely alone, to be responsive.

15.    "Dairy Farmers of America, Inc." or "DFA" means Dairy Farmers of America, Inc., its predecessors, successors, subsidiaries, departments, divisions, affiliates or locations in the United States, including entities which DFA manages or controls, together with all present and former directors, officers, partners, members, employees, agents, attorneys, investigators, representatives, or other persons known by DFA to be acting in whole or in part on behalf of DFA.

16.    "Land O'Lakes, Inc." or "Land O'Lakes" means Land O'Lakes, Inc., its predecessors, successors, subsidiaries, departments, divisions, affiliates or locations in the United States, including entities which Land O'Lakes manages or controls, together with all present and former directors, officers, partners, members, employees, agents, attorneys, investigators, representatives, or other persons known by Land O'Lakes to be acting in whole or in part on behalf of Land O'Lakes.

17.    "Dairylea Cooperative Inc." or "Dairylea" means Dairylea Cooperative Inc., its predecessors, successors, subsidiaries, departments, divisions, affiliates or locations in the United States, including entities which Dairylea manages or controls, together with all present and former directors, officers, partners, members, employees, agents, attorneys, investigators,

representatives, or other persons known by Dairylea to be acting in whole or in part on behalf of Dairylea.

18.     "Agri-Mark, Inc." or "Agri-Mark" means Agri-Mark, Inc., its predecessors, successors, subsidiaries, departments, divisions, affiliates or locations in the United States, including entities which Agri-Mark manages or controls, together with all present and former directors, officers, partners, members, employees, agents, attorneys, investigators, representatives, or other persons known by Agri-Mark to be acting in whole or in part on behalf of Agri-Mark.

19.     The term "Milk Product" shall mean raw farm milk as well as fluid milk (whole milk, 2% milk, 1% milk and skim milk) and other fresh milk products, including without limitation cream, half & half, yogurt, cottage cheese, cream cheese, sour cream, butter, cheese and ice cream.

20.     A "dairy cow" shall mean a milking cow, dry cow or bred heifer.

21.     The term "BST-free" shall mean Milk Products that you describe, offer, produce, sell, advertise or market as being produced from milk drawn from dairy cows that are not treated with bovine somatotropin or recombinant bovine growth hormone, sometimes also referred to as rBST or rBGH, respectively (or as artificial growth hormones).

22.     The "dairy industry" shall mean persons that produce, asSMIble, bottle or sell Milk Products in the United States, or such other meaning as you may from time to time use in the ordinary course of your business.

23.     The term "Herd Retirement Program" refers to a program or effort developed, sponsored, implemented or funded in whole or in part by NMPF, CWT or other Defendants by which dairy cows were removed from production through retirement or otherwise, including the

ten herd retirements implemented by CWT during the Relevant Time Period.

24. The "United States Congress" shall mean members, committees, subcommittees, employees, offices or agencies of the United States Congress, as well as registered lobbyists. A "State Legislature" shall mean members, committees, subcommittees, employees, offices or agencies of a legislative body of one of the fifty United States (for example, the Florida Legislature), as well as registered lobbyists.

25. "USDA" shall mean the United States Department of Agriculture, the Agriculture Secretary, and employees, offices or agencies of the United States Department of Agriculture, as well as registered lobbyists. A "State Department of Agriculture" shall mean a State Agriculture Secretary, and employees, offices or agencies of a State Department of Agriculture (for example, the Florida Department of Agriculture and Consumer Services), as well registered lobbyists.

## **INSTRUCTIONS**

1. In addition to all requirements set forth in the Federal Rules of Civil Procedure, which Plaintiffs incorporate herein, the following instructions apply to each of the Interrogatories set forth below, and are deemed to be incorporated in each of these Interrogatories.

2. Defined terms apply without regard to capitalization.

3. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Interrogatories are continuing in nature so that if you subsequently discover or obtain possession, custody or control of information previously requested or required to be produced, you shall promptly make such information available. Each supplemental response shall be served on Plaintiffs no later than thirty (30) days after the discovery of the further information, and in no event shall a supplemental response be served later than thirty days before the first day of trial, absent leave of court.

6

4.       You should construe these Interrogatories as follows:

   a.   the conjunctions "and" and "or" should be read either disjunctively or conjunctively to bring within the scope of the Interrogatory all information that might otherwise be construed to be outside its scope; and
   b.   the present tense of a verb includes its past tense and vice versa.

5.       These Interrogatories require that you produce all responsive information without regard to when the information was generated, discovered or prepared.

6.       Produce all responsive information in your possession, custody or control whether such information is possessed directly by you or by others from whom you can obtain the information.

7.       Each Interrogatory must be answered separately and fully in writing under oath, unless it is objected to, in whole or in part.  The answers to these Interrogatories are to be signed by all persons making them and the objections signed by the attorney making them.

8.       If you object to a part of these Interrogatories: (a) state each objection in sufficient detail to permit the Court to determine the validity of the objection; and (b) produce all responsive information to which your objection does not apply.  If you claim the attorney-client privilege or any other privilege or work-product protection for any requested information, the particular privilege or protection invoked shall be clearly stated.  Pursuant to Rule 26, you must provide a statement of the claim of privilege and all facts relied on in support of that claim, including the parties and dates involved, the relevant subject including the dates, authors, recipients, title and subject matter, and present location of any documents involved, and also identify the litigation in connection with which any asserted work product was prepared.

9.       If an Interrogatory cannot be answered completely, it shall be answered to the extent possible.  If you do not have personal knowledge sufficient to respond to an Interrogatory, you shall so state, but you shall make a reasonable and good faith effort to obtain the information

by inquiry to other persons.

10.     If you claim that a part of these Interrogatories is vague or ambiguous, identify the specific language you consider vague or ambiguous and state the interpretation of the language in question you used to frame your response.

11.     If you elect to answer an Interrogatory by specifying or producing business records pursuant to Federal Rule of Civil Procedure 33(d), state the Interrogatories to which the records are responsive.  For production, label the records with control or Bates numbers, and (a) produce the records as they are kept in the ordinary course of business, or (b) organize and label the records to correspond with the Interrogatory.  For all records specified or produced pursuant to Rule 33(d), identify the person certifying the records as business records.

12.     Identify, separately for each Interrogatory, all persons that furnished information provided in your responses to these Interrogatories.

## INTERROGATORIES

1.  Identify each witness from Paragraph 4(h) of your Amended Rule 26 Disclosure dated March 23, 2018, that you intend to call at the trial of this matter.

2.  For each witness identified in response to No. 1 above, please provide:

    a.  The witness' last known address and telephone number;

    b.  Whether counsel for one of the Defendants will be representing the witness, and if so, whether counsel will accept service of a document and deposition subpoena;

    c.  Whether the witness is currently engaged in dairy farming, and if not, the last date that the witness was engaged in dairy farming;

    d.  The form of entity or entities that the witness used to conduct his/her dairy farming business, i.e., sole proprietorship, corporation, limited liability company,

general or limited partnership, etc., and the name of that entity, state of incorporation or registration, and dates of incorporation or registration, including without limitation, the last effective date for the entity and the last known address and telephone number for the entity;

e.  The name of each bank, credit union or other financing source that the witness' dairy farming business used from 2003 until 2013;

f.  State whether the witness is being compensated or remunerated in any way in connection with his or her potential testimony, oral or written, in this matter, and if so, the amount and form of that compensation or remuneration.

Dated: October 12, 2018

*/s/ H. Timothy Gillis*
H. Timothy Gillis, Trial Counsel
Florida Bar No. 133876
Jeffrey S. York
Florida Bar No. 987069
Shutts & Bowen LLP
1022 Park Street, Suite 308
Jacksonville, FL 32204
Phone: (904) 899-9926
Fax: (904) 899-9965
tgillis@shutts.com
jyork@shutts.com

Patrick J. Ahern
Ahern and Associates, P.C.
8 South Michigan Avenue
Suite 3600
Chicago, IL 60603
(312) 404-3760
patrick.ahern@ahernandassociatespc.com
(*Admitted Pro Hac Vice*)

*Attorneys for Plaintiffs Winn-Dixie*
*Stores, Inc., and Bi-Lo Holdings, LLC*

9

## **<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on October 12, 2018, I served the foregoing by email on counsel of record for all defendants.

*/s/ H. Timothy Gillis*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| Winn-Dixie Stores, Inc. and | ) |
| Bi-Lo Holdings, LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 3:15-cv-01143-BJD-PDB |
| v. | ) |
| | ) |
| Southeast Milk, Inc., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFFS' SUPPLEMENTAL INTERROGATORIES**
**TO DEFENDANT AGRI-MARK, INC.**

Plaintiffs Winn-Dixie Stores, Inc. ("Winn-Dixie") and Bi-Lo Holdings, LLC ("Bi-Lo") ("Plaintiffs"), pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, request that Defendant Agri-Mark, Inc. ("Defendant") answer the following supplemental interrogatories ("Interrogatories") under oath within seven (7) days of service.

**DEFINITIONS**

1.     "All" shall mean "each," "any," and "every."

2.     "Communication" means oral or written transmission or receipt of words or information, by all means, directly or indirectly, regardless of how or by whom the communication was initiated, including: (a) written statements by means such as letter, memorandum, e-mail, instant message or facsimile, and (b) oral statements by means such as face-to-face meetings or via telephone or computer. Communications with an entity include communications by or with its subsidiaries, divisions, subdivisions, affiliates, programs, predecessor and successor entities, partners, officers, directors, members, employees, agents,

legal counsel or other persons acting on its behalf.

3.      The term "meeting" means any contemporaneous presence (whether face-to-face or via telephone or computer) of two or more persons for any purpose, whether planned or arranged, scheduled or not.

4.      The term "employee" means a person currently or previously employed by or acting as the agent of another person.

5.      The term "person" means a natural person or an entity.

6.      The term "entity" means a business, legal or government entity such as a corporation, partnership, association, program or cooperative.

7.      The term "identify," when referring to a natural person, means to give the person's full name, present or last known residential address, and present or last known place of employment. When referring to an entity, the term "identify" means to give the full business name and present or last known business address.

8.      The term "identify," when used in reference to a Communication or Meeting, means to identify all persons involved in such Communication or Meeting, to list all documents related to such Communication or Meeting (including all documents recording or summarizing such Communication or Meeting or documents tending to show that the Communication or Meeting occurred) and to state any actions known by you to have been taken as a result of such Communication or Meeting.

9.      The term "identify," when used in reference to a fact, means to set forth all matters explaining, concerning, causing, or contributing to the information sought in the Interrogatory.

10.      "Concerning," "relating to," "referring to," "regarding" or "with respect to"

means discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, embodying, identifying, constituting, containing, mentioning, stating, evidencing, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting or otherwise involving, in whole or in part.

11.     "You" or "your" means the responding Defendant, its predecessors, successors, subsidiaries, departments, divisions, affiliates, locations or programs in the United States, including entities which the responding Defendant manages or controls, together with all present and former directors, officers, partners, members, employees, agents, attorneys, investigators, representatives, or other persons known by the responding Defendant to be acting in whole or in part on behalf of the responding Defendant.

12.     "Southeast Milk, Inc." or "SMI" means Southeast Milk, Inc., its predecessors, successors, subsidiaries, departments, divisions, affiliates, or locations in the United States, including entities which SMI manages or controls, together with all present and former directors, officers, partners, members, employees, agents, attorneys, investigators, representatives, or other persons known by SMI to be acting in whole or in part on behalf of SMI.  SMI shall include, but not be limited to, Gufstafson's Dairy, Sunshine State Dairy and Sunshine Dairy.

13.     "National Milk Producers Federation" or "NMPF" means National Milk Producers Federation, its predecessors, successors, subsidiaries, departments, divisions, affiliates, locations or programs in the United States, including entities which NMPF manages or controls, together with all present and former directors, officers, partners, members, employees, agents, attorneys, investigators, representatives, or other persons known by NMPF to be acting in whole or in part on behalf of NMPF.

14.     "Cooperatives Working Together" or "CWT" means Cooperatives Working

Together, its predecessors, successors, subsidiaries, departments, divisions, affiliates, locations or programs in the United States, including entities which CWT manages or controls, together with all present and former directors, officers, partners, members, employees, agents, attorneys, investigators, representatives, or other persons known by CWT to be acting in whole or in part on behalf of CWT.  For purposes of these Interrogatories, CWT shall exclude matters exclusively regarding the Export Assistance Program such that the Export Assistance Program is not intended, standing entirely alone, to be responsive.

15.     "Dairy Farmers of America, Inc." or "DFA" means Dairy Farmers of America, Inc., its predecessors, successors, subsidiaries, departments, divisions, affiliates or locations in the United States, including entities which DFA manages or controls, together with all present and former directors, officers, partners, members, employees, agents, attorneys, investigators, representatives, or other persons known by DFA to be acting in whole or in part on behalf of DFA.

16.     "Land O'Lakes, Inc." or "Land O'Lakes" means Land O'Lakes, Inc., its predecessors, successors, subsidiaries, departments, divisions, affiliates or locations in the United States, including entities which Land O'Lakes manages or controls, together with all present and former directors, officers, partners, members, employees, agents, attorneys, investigators, representatives, or other persons known by Land O'Lakes to be acting in whole or in part on behalf of Land O'Lakes.

17.     "Dairylea Cooperative Inc." or "Dairylea" means Dairylea Cooperative Inc., its predecessors, successors, subsidiaries, departments, divisions, affiliates or locations in the United States, including entities which Dairylea manages or controls, together with all present and former directors, officers, partners, members, employees, agents, attorneys, investigators,

representatives, or other persons known by Dairylea to be acting in whole or in part on behalf of Dairylea.

18.     "Agri-Mark, Inc." or "Agri-Mark" means Agri-Mark, Inc., its predecessors, successors, subsidiaries, departments, divisions, affiliates or locations in the United States, including entities which Agri-Mark manages or controls, together with all present and former directors, officers, partners, members, employees, agents, attorneys, investigators, representatives, or other persons known by Agri-Mark to be acting in whole or in part on behalf of Agri-Mark.

19.     The term "Milk Product" shall mean raw farm milk as well as fluid milk (whole milk, 2% milk, 1% milk and skim milk) and other fresh milk products, including without limitation cream, half & half, yogurt, cottage cheese, cream cheese, sour cream, butter, cheese and ice cream.

20.     A "dairy cow" shall mean a milking cow, dry cow or bred heifer.

21.     The term "BST-free" shall mean Milk Products that you describe, offer, produce, sell, advertise or market as being produced from milk drawn from dairy cows that are not treated with bovine somatotropin or recombinant bovine growth hormone, sometimes also referred to as rBST or rBGH, respectively (or as artificial growth hormones).

22.     The "dairy industry" shall mean persons that produce, asSMIble, bottle or sell Milk Products in the United States, or such other meaning as you may from time to time use in the ordinary course of your business.

23.     The term "Herd Retirement Program" refers to a program or effort developed, sponsored, implemented or funded in whole or in part by NMPF, CWT or other Defendants by which dairy cows were removed from production through retirement or otherwise, including the

ten herd retirements implemented by CWT during the Relevant Time Period.

24.     The "United States Congress" shall mean members, committees, subcommittees, employees, offices or agencies of the United States Congress, as well as registered lobbyists. A "State Legislature" shall mean members, committees, subcommittees, employees, offices or agencies of a legislative body of one of the fifty United States (for example, the Florida Legislature), as well as registered lobbyists.

25.     "USDA" shall mean the United States Department of Agriculture, the Agriculture Secretary, and employees, offices or agencies of the United States Department of Agriculture, as well as registered lobbyists. A "State Department of Agriculture" shall mean a State Agriculture Secretary, and employees, offices or agencies of a State Department of Agriculture (for example, the Florida Department of Agriculture and Consumer Services), as well registered lobbyists.

## **INSTRUCTIONS**

1.      In addition to all requirements set forth in the Federal Rules of Civil Procedure, which Plaintiffs incorporate herein, the following instructions apply to each of the Interrogatories set forth below, and are deemed to be incorporated in each of these Interrogatories.

2.      Defined terms apply without regard to capitalization.

3.      Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Interrogatories are continuing in nature so that if you subsequently discover or obtain possession, custody or control of information previously requested or required to be produced, you shall promptly make such information available. Each supplemental response shall be served on Plaintiffs no later than thirty (30) days after the discovery of the further information, and in no event shall a supplemental response be served later than thirty days before the first day of trial, absent leave of court.

4. You should construe these Interrogatories as follows:

 a. the conjunctions "and" and "or" should be read either disjunctively or conjunctively to bring within the scope of the Interrogatory all information that might otherwise be construed to be outside its scope; and

 b. the present tense of a verb includes its past tense and vice versa.

5. These Interrogatories require that you produce all responsive information without regard to when the information was generated, discovered or prepared.

6. Produce all responsive information in your possession, custody or control whether such information is possessed directly by you or by others from whom you can obtain the information.

7. Each Interrogatory must be answered separately and fully in writing under oath, unless it is objected to, in whole or in part.  The answers to these Interrogatories are to be signed by all persons making them and the objections signed by the attorney making them.

8. If you object to a part of these Interrogatories: (a) state each objection in sufficient detail to permit the Court to determine the validity of the objection; and (b) produce all responsive information to which your objection does not apply.  If you claim the attorney-client privilege or any other privilege or work-product protection for any requested information, the particular privilege or protection invoked shall be clearly stated.  Pursuant to Rule 26, you must provide a statement of the claim of privilege and all facts relied on in support of that claim, including the parties and dates involved, the relevant subject including the dates, authors, recipients, title and subject matter, and present location of any documents involved, and also identify the litigation in connection with which any asserted work product was prepared.

9. If an Interrogatory cannot be answered completely, it shall be answered to the extent possible.  If you do not have personal knowledge sufficient to respond to an Interrogatory, you shall so state, but you shall make a reasonable and good faith effort to obtain the information

by inquiry to other persons.

10.     If you claim that a part of these Interrogatories is vague or ambiguous, identify the specific language you consider vague or ambiguous and state the interpretation of the language in question you used to frame your response.

11.     If you elect to answer an Interrogatory by specifying or producing business records pursuant to Federal Rule of Civil Procedure 33(d), state the Interrogatories to which the records are responsive.  For production, label the records with control or Bates numbers, and (a) produce the records as they are kept in the ordinary course of business, or (b) organize and label the records to correspond with the Interrogatory.  For all records specified or produced pursuant to Rule 33(d), identify the person certifying the records as business records.

12.     Identify, separately for each Interrogatory, all persons that furnished information provided in your responses to these Interrogatories.

## **INTERROGATORIES**

1.  Identify each witness from Paragraph i.III.3 of your Amended Rule 26 Disclosure dated March 26, 2018, that you intend to call at the trial of this matter.

2.  For each witness identified in response to No. 1 above, please provide:

    a.  The witness' last known address and telephone number;

    b.  Whether counsel for one of the Defendants will be representing the witness, and if so, whether counsel will accept service of a document and deposition subpoena;

    c.  Whether the witness is currently engaged in dairy farming, and if not, the last date that the witness was engaged in dairy farming;

    d.  The form of entity or entities that the witness used to conduct his/her dairy farming business, i.e., sole proprietorship, corporation, limited liability company,

8

general or limited partnership, etc., and the name of that entity, state of incorporation or registration, and dates of incorporation or registration, including without limitation, the last effective date for the entity and the last known address and telephone number for the entity;

e. The name of each bank, credit union or other financing source that the witness' dairy farming business used from 2003 until 2013;

f. State whether the witness is being or has been compensated or remunerated in any way by any Defendant from 2003 to the present, including without limitation, in connection with his or her potential testimony, oral or written, in this matter, and if so, the amount and form of that compensation or remuneration.

Dated: October 12, 2018

*/s/ H. Timothy Gillis*
H. Timothy Gillis, Trial Counsel
Florida Bar No. 133876
Jeffrey S. York
Florida Bar No. 987069
Shutts & Bowen LLP
1022 Park Street, Suite 308
Jacksonville, FL 32204
Phone: (904) 899-9926
Fax: (904) 899-9965
tgillis@shutts.com
jyork@shutts.com

Patrick J. Ahern
Ahern and Associates, P.C.
8 South Michigan Avenue
Suite 3600
Chicago, IL 60603
(312) 404-3760
patrick.ahern@ahernandassociatespc.com
(*Admitted Pro Hac Vice*)

*Attorneys for Plaintiffs Winn-Dixie*
*Stores, Inc., and Bi-Lo Holdings, LLC*

9

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on October 12, 2018, I served the foregoing by email on counsel of record for all defendants.

*/s/ H. Timothy Gillis*