## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

WINN-DIXIE STORES, INC. and
BI-LO HOLDINGS, LLC,

                          Plaintiffs,

        v.

SOUTHEAST MILK, INC., *et al.*,

                          Defendants.

Case No. 3:15-cv-01143-J-39-BJD-PDB

---

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO IDENTIFY OR NARROW LIST OF WITNESSES THAT THEY INTEND TO CALL AT TRIAL AND FOR LEAVE TO TAKE DISCOVERY (DOC. 222)

Winn-Dixie's motion is nothing more than a belated request for reconsideration of an order issued by this Court on July 30, 2018, Doc. 184.  Dissatisfied with that order, Winn-Dixie waited over two and half months to file a motion that recites the same arguments and facts that this Court already considered and rejected.  Nothing in Winn-Dixie's motion meets the high bar of Fed. R. Civ. P. 60(b) for this court to revisit this issue.  Nor has anything changed in the underlying case to place Winn-Dixie's arguments in a new light.  Winn-Dixie's motion should be denied.

On March 30, 2018, Winn-Dixie moved to strike several of Defendants' amended Rule 26(a)(1) disclosures on the grounds that the amendments to the disclosures were untimely. Doc. 141.  Winn-Dixie argued at that time, as it does now, that the amendments amount to disclosure of "thousands" of new witnesses. *Id.* at 2.  Defendants opposed Winn-Dixie's motion, noting that the potential witnesses—participants in the program at the center of this litigation— had in fact been disclosed in discovery early in the case.  Doc. 148, at 16.  The Magistrate Judge

considered the parties' positions and denied Winn-Dixie's motion.  Doc. 178.  Winn-Dixie

objected to the ruling and sought relief from the District Judge.  Doc. 180.  In its objection Winn-

Dixie argued, as it does here, that its requests for premature trial witness identification had been

refused by Defendants and that it was "left in the unworkable position of being forced to take the

depositions of over 2,000 witnesses."  *Id.* at 2.  The District Judge overruled Winn-Dixie's

objection, noting Defendants' representation that they "will not list every farmer who participated

in the program on their trial witness list" and that the Magistrate Judge had provided that the Court

would entertain requests for discovery from trial witnesses who had not been "specifically listed

until recently."  Doc. 184, at 3.

"[R]econsideration is an extraordinary remedy to be employed sparingly."  *Barr v. One
Touch Direct*, No. 8:15-CV-2391, 2017 WL 1023378, at *2 (M.D. Fla. Mar. 16, 2017) (citation

omitted).  "A motion for reconsideration should raise new issues, not merely readdress issues

already litigated."  *Novero v. Duke Energy*, No. 5:16-CV-571, 2017 WL 6597946, at *2 (M.D. Fla.

Oct. 24, 2017).  In this motion, Winn-Dixie does not raise new issues but merely readdresses issues

already decided by this Court.  Moreover, nothing has changed in the underlying case that relates

to this issue since the Magistrate Judge's ruling in June, Doc. 178, or the District Judge's ruling in

July, Doc. 184.  Accordingly, there is no basis for reconsideration.

When resolving Winn-Dixie's prior motion, this Court observed that "[t]he Federal Rules

of Civil Procedure and this Court's Local Rules provide specific timelines to facilitate the

movement and ultimate resolution of cases."  Doc. 184, at 4.  Winn-Dixie appears not to have

heard the Court's message.  This motion again seeks to undermine the specific timelines

established by the Rules and by the Court.

46804501;1

First, discovery in this case closed more than six months ago, yet Winn-Dixie requests permission to issue new interrogatories and requests for production to Defendants regarding *potential* non-party witnesses identified under Fed. R. Civ. P. 26.  In fact, Winn-Dixie already served the new discovery on October 12, 2018, without waiting for an order granting leave to do so from the Court.  This is improper and untimely.

Second, Defendants' disclosures merely list those persons who are "likely to have discoverable information."  Fed. R. Civ. P. 26(a)(1)(A)(i).  Based solely on the magnitude of persons disclosed, Winn-Dixie moves to advance the timeline for trial witness disclosure, unilaterally, for Defendants alone.  This is neither called for, nor would it be fair since discovery in this case has been closed for months.  There is no requirement that Winn-Dixie take discovery from or depose any of the non-party witnesses Defendants intend to call at trial.  Parties in litigation routinely call witnesses who have not sat for depositions.  Winn-Dixie has made a strategic decision not to depose any witness from defendants National Milk Producers Federation, Land O'Lakes, or Agri-Mark and to take only one deposition of a potential witness from Dairy Farmers of America and two depositions of potential witnesses from Southeast Milk.  Winn-Dixie also chose not to depose any farmer that participated in the program, despite their centrality to this case and Defendants' inclusion of such a category of witnesses in its Rule 26(a)(1) disclosures since the beginning of discovery in 2016.  Winn-Dixie should not be permitted now that discovery has closed to reopen it so that it can revisit those choices.  *Cf. Jones v. Disc. Auto Parts, LLC*, No. 6:16-CV-138, 2017 WL 9362900, at *5 (M.D. Fla. Mar. 13, 2017) (noting that party made a strategic decision not to pursue certain depositions in discovery and that "any prejudice suffered arises largely from the party's own inaction").

46804501;1

Additionally, the Federal and Local Rules provide adequate time for disclosure of witnesses before trial, and advancing the time for disclosure for Defendants alone, before rulings on summary judgment have issued, would put them at a disadvantage. *See* Local Rule 3.06 (parties disclose witnesses fourteen days before final pretrial conference); Doc. 178, at 18 (setting final pretrial conference for December 19, 2018).

Given the procedural posture of the case (with the pending and yet-to-be-filed motions for summary judgment) the parties do not yet know what issues will be tried in this case, so premature identification of witnesses is likely to lead to wasted resources on both sides. Under the Court's order bifurcating summary judgment briefing (See Docs. 174 and 203), Defendants' motion for summary judgment on threshold issues of standing and statute of limitations has yet to be decided, and the parties' cross-motions for summary judgment on the merits will be filed and decided sometime thereafter, if necessary. Under these circumstances, it appears likely that the current schedule (with the final pretrial conference set for December 19 and trial set for the January 2019 trial term) may have to be extended to allow the Court sufficient time to consider and rule on the parties' summary judgment motions and to determine which issues, if any, remain for trial.

Presenting no good grounds to revisit this Court's prior orders, Winn-Dixie's motion to compel the early disclosure of Defendants' list of trial witnesses and to respond to supplemental discovery should be denied. Moreover, because the motion is not substantially justified under any rule in the Federal or Local Rules and is instead a third attempt to relitigate the appropriateness of Defendants' amended disclosures, Defendants should be awarded reasonable expenses, including attorney's fees, incurred in opposing this motion. *See* Fed. R. Civ. P. 37(a)(5)(B).

DATED:  October 26, 2018          Respectfully submitted,


By: */s/ Cindy A. Laquidara*

Cindy A. Laquidara
Florida Bar No. 394246
AKERMAN LLP
50 North Laura Street, Suite 3100
Jacksonville, FL 32202
Telephone: (904) 798-3700
Facsmile: (904) 798-3730
Email: cindy.laquidara@akerman.com

*Attorneys for Defendants National Milk Producers
Federation; Southeast Milk, Inc.; Dairy Farmers of
America, Inc.; Land O'Lakes, Inc.; and Agri-Mark, Inc.*


Jonathan B. Sallet
District of Columbia Bar No. 336198
John J. Kavanagh
New York Bar No. 2858074
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
jsallet@steptoe.com
jkavanagh@steptoe.com

*Attorneys for Defendant National Milk Producers
Federation aka Cooperatives Working Together*


Michael J. Beaudine, Esq.
Florida Bar No. 0772763
LATHAM, SHUKER, EDEN & BEAUDINE, LLP
111 N. Magnolia Avenue, Suite 1400
Orlando, FL 32801
Telephone: (407) 481-5800
Facsimile: (407) 481-5801
beaudine@lseblaw.com

*Attorneys for Defendant Southeast Milk, Inc.*

46804501;1

W. Todd Miller
District of Columbia Bar No. 414930
Lucy S. Clippinger
New York Bar No. 5105796
BAKER & MILLER PLLC
2401 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20037
Telephone: (202) 663-7820
Facsimile: (202) 663-7849
tmiller@bakerandmiller.com
lclippinger@bakerandmiller.com

*Attorneys for Defendant Dairy Farmers of America, Inc.*


Nathan P. Eimer
Illinois Bar No. 00735353
Scott C. Solberg
Illinois Bar No. 6204487
Ben E. Waldin
Illinois Bar No. 6317991
EIMER STAHL LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
Telephone: (312) 660-7600
Facsimile: (312) 692-1718
neimer@eimerstahl.com
ssolberg@eimerstahl.com
bwaldin@eimerstahl.com

*Attorneys for Defendant Land O'Lakes, Inc.*


Jill M. O'Toole
Connecticut Bar No. 414338
SHIPMAN & GOODWIN LLP
One Constitution Plaza
Hartford, CT 06103
Telephone: (860) 251-5000
Facsimile: (860) 251-5218
jotoole@goodwin.com

*Attorneys for Defendant Agri-Mark, Inc.*

46804501;1

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 26, 2018, I electronically filed the foregoing with the Clerk of Court pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Cases of this Court by using the CM/ECF System, which will send a notice of electronic filing to all counsel of record.

/s/ <i>Cindy A. Laquidara</i>
Attorney

46804501;1