**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

Winn-Dixie Stores, Inc. and
Bi-Lo Holdings, LLC,

    Plaintiffs,

v.

                                                          Case No. 3:15-cv-01143-J-39PDB

Southeast Milk, Inc., *et al.*,

    Defendants.
_____/

**PLAINTIFFS' MOTION TO AMEND THE OPERATIVE**
**CASE MANAGEMENT AND SCHEDULING ORDER [DOC. 178]**

    Plaintiffs Winn-Dixie Stores, Inc., and Bi-Lo Holding, LLC, pursuant to Fed. R. Civ. P. 16, the Local Rules of this Court, and the inherent discretion of the Court to control its docket, and for good cause shown, move this Court for an Order amending the remaining case management and scheduling dates and deadlines set forth in the Court's Fourth Amended Scheduling Order [Doc. 178], and state:

    1.    On June 6, 2018, the Court entered an Order directing that summary judgment filings be "organized by issue in . . . logical sequence," with threshold issues relating to the statute of limitations and standing being filed and resolved first, and issues relating to liability and damages being presented thereafter in a second motion. (Doc. 174, at 3.) In so ordering, the Court granted Defendants' motion seeking such bifurcated and staged briefing on threshold issues, which Defendants argued "could aid the Court" and "would save significant time for the Court," stating or at least implying that the bifurcated, staged summary judgment briefing would provide some efficiency to the proceedings. (Doc. 168,

pp. 1-2). The Parties are still in the midst of such bifurcated, staged summary judgment briefing sought by the Defendants.

      2.    On June 27, 2018, the Court entered the Fourth Amended Scheduling Order granting Defendants' request to change the then-existing case management and scheduling deadlines and amending the prior Third Amended Case Management and Scheduling Order [Doc. 153] to establish the following schedule:

| | |
|---|---|
| Dispositive and *Daubert* motions | August 20, 2018 |
| Motions in limine | December 5, 2018 |
| All other motions and responses to motions in limine | December 12, 2018 |
| Joint final pretrial statement | December 12, 2018 |
| Final pretrial conference | December 19, 2018 |
| Trial term | January 7, 2019 |

*See* Doc. 178 at 18.

      3.    Since the entry of the Court's June 27, 2018 Fourth Amended Scheduling Order, Plaintiffs and Defendants have filed multiple dispositive motions and *Daubert* motions that remain pending before the Court, *see* Docs. 187 (Defendants' initial summary judgment motion), 190 (Defendants' *Daubert* motion), 194 (Plaintiffs' motion for partial summary judgment), 199 (Plaintiffs' motion to exclude or strike affirmative defense), and 223 (Plaintiffs' *Daubert* motion), some of which have not yet been fully briefed. *See* Doc. 174 (Providing for bifurcated briefing of summary judgment motions); Doc. 194 (Staying further briefing on Plaintiffs' partial summary judgment motion, Doc 190, pursuant to bifurcated briefing order, Doc. 174). Trial is currently scheduled to begin 48 days from now

(January 7, 2018), and the final pretrial conference is scheduled in 29 days (December 19, 2018).  In addition, there are pretrial milestones such as a meet and confer among counsel on the Final Pretrial Statement materials, which must occur no later than fourteen (14) days (December 5, 2018) prior to the Final Pretrial Conference, motions in limine (December 5, 2018), and responses to motions in limine and the Final Pretrial Statement (December 12, 2018).

4. It is Plaintiffs' position that the current schedule does not serve the interests of judicial economy and efficiency because Defendants' initial summary judgment motion has not yet been decided, and after it is decided, the Court will set a schedule on Plaintiffs' partial summary judgment motion and Defendants' second summary judgment motion, which will then need to be considered and ruled upon by this Court.  Additionally, the Parties' *Daubert* motions have yet to be decided.  Decisions on all of the above motions will streamline the final pretrial materials that will need to be submitted to the Court by allowing the parties to focus on evidence and testimony that remain relevant after the summary judgment and Daubert decisions are rendered.[1]

6. In a prior pleading, Defendants agreed with Plaintiffs' position stated here when Defendants stated in a filing on October 26, 2018 (Doc. 224 at 4) that it appeared likely

---

[1] Obtaining rulings on these motions before trial is particularly important because a key issue that has yet to be decided by this Court is the legal standard under which this case will be tried, which may dramatically alter the presentation of evidence at trial. Plaintiffs argue in their motion for partial summary judgment that the case should be decided under the *per se* standard. (Doc. 194, at 1–2.) In the second stage of summary judgment briefing, Defendants will argue in their response and cross-motion for summary judgment that, if summary judgment is not granted in their favor as a matter of law, the case should be decided under the Rule of Reason standard.

that the current schedule, including the trial date and pretrial milestones, would be need to be extended, for the same reasons stated herein.  Thus, Defendants stated:

> Under the Court's order bifurcating summary judgment briefing (See Docs. 174 and 203), Defendants' motion for summary judgment on threshold issues of standing and statute of limitations has yet to be decided, and the parties' cross-motions for summary judgment on the merits will be filed and decided sometime thereafter, if necessary. ***Under these circumstances, it appears likely that the current schedule (with the final pretrial conference set for December 19 and trial set for the January 2019 trial term) may have to be extended to allow the Court sufficient time to consider and rule on the parties' summary judgment motions and to determine which issues, if any, remain for trial.***

Id. (emphasis added).

7.      After meeting and conferring with Plaintiffs, Defendant Land O' Lakes, Inc.'s position is that it "neither supports nor objects" to the Motion. The remaining Defendants continued not to have a position with respect to the Motion at the time of filing (see Rule 3.01(g) Certification below), notwithstanding that they were essentially for it a few weeks ago. Moreover, as seen in Paragraph 2 above, Defendants argued that the bifurcated and staged summary judgment briefing would lead to greater efficiency in the proceedings.  Any position of any Defendant (other than Land O' Lakes) in opposition to the Motion now is contrary to the efficiency that they claimed that they wanted and argued to this Court.

8.      In sum, Plaintiffs request that the Court grant this Motion and extend the remaining case schedule dates and deadlines (motions in limine, responses to motions in limine and motions cutoff, joint final pretrial statement, pretrial conference, and trial) to a time at the Court's discretion after the Court has fully and finally decided the Parties' dispositive and *Daubert* motions, but no sooner than 60 days after such decision(s), so that

Plaintiffs and Defendants have sufficient time to prepare for trial and meet the pretrial milestones.

9. Plaintiffs do not submit this Motion for any purpose of undue delay, but in good faith and in order to serve judicial economy and efficiency in providing further time for the Court to deal with and decide the pending dispositive motions which will determine for Plaintiffs and Defendants how they will prepare this case for trial.

## MEMORANDUM OF LAW

District courts have broad discretion in managing their own cases. *See Chrysler Int'l Corp. v. Chemaly*, 28 F.3d 1358, 1360 (11th Cir. 2002). Indeed, Fed. R. Civ. P. 16 affords district courts the power to control their own dockets. *See Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F. 2d 101, 102(11th Cir. 1989). Here, the relief requested by this Motion is in keeping with this well-recognized judicial discretion, and should be granted in the interests of judicial economy and efficiency. Plaintiffs simply request that this Court extend the trial date and pretrial milestones to a time after the Court decides both Parties' summary judgment and *Daubert* motions so that the trial and pretrial milestones can be streamlined and accomplished efficiently thereafter.

WHEREFORE, Plaintiffs move this Court to grant their Motion and extend the remaining case scheduling deadlines and dates to a time at this Court's discretion after it decides all of the Parties' dispositive and *Daubert* motions, but in any event not earlier than 60 days after those decisions.

Respectfully submitted this 20th day of November, 2018.

/s/ Patrick J. Ahern

        H. Timothy Gillis
        Florida Bar No. 133876
        Jeffrey S. York
        Florida Bar No. 987069
        Shutts & Bowen LLP
        1022 Park Street, Suite 308
        Jacksonville, FL 32204
        Phone: (904) 899-9926
        Fax: (904) 899-9965
        tgillis@shutts.com
        jyork@shutts.com

        Patrick J. Ahern
        Ahern and Associates, P.C.
        8 South Michigan Avenue
        Suite 3600
        Chicago, IL 60603
        (312) 404-3760
        patrick.ahern@ahernandassociatespc.com
        (*Admitted Pro Hac Vice*)
        *Attorneys for Plaintiffs Winn-Dixie*
        *Stores, Inc., and Bi-Lo Holdings, LLC*

## CERTIFICATE OF GOOD FAITH CONFERENCE

In accordance with Local Rule 3.01(g), prior to the filing of this Motion, counsel for Plaintiffs conferred with counsel for Defendant Land O'Lakes, Inc. and counsel for the other Defendants, starting at 12 noon Central time on November 19, 2018. Counsel for Defendant Land O'Lakes, Inc. indicated that it neither supported nor objected to this Motion. Counsel for the other Defendants indicated they still do not have a position with regard to the relief requested by this Motion, as of the time of the filing of this Motion, at approximately 9:35 pm Eastern time on November 20, 2018.

        */s/ Patrick J. Ahern*
        Attorney

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on November 20, 2018 I electronically filed the foregoing with the Clerk of Court pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Cases of this Court by using the CM/ECF System, which will send a notice of electronic filing to all counsel of record.

                                                */s/ Patrick J. Ahern*
                                                Attorney