UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WINN-DIXIE STORES, INC. and BI-LO
HOLDINGS, LLC,

        Plaintiffs,

v.                                    Case No. 3:15-cv-1143-J-39PDB

SOUTHEAST MILK, INC., NATIONAL
MILK PRODUCERS FEDERATION,
DAIRY FARMERS OF AMERICA, INC.,
LAND O'LAKES, INC., DAIRYLEA
COOPERATIVE INC., and AGRI-MARK,
INC.,

        Defendants.

_____/

## ORDER

    **THIS CAUSE** is before the Court on Plaintiffs' Motion to Amend the Operative

Case Management and Scheduling Order (Doc. 227; Motion), filed on November 20,

2018. On June 27, 2018, the Court set the deadlines in the operative Case Management

and Scheduling Order (Doc. 178; CMSO) setting the case on the Court's January 7, 2019

trial term. CMSO at 18.

    In the Motion, Plaintiffs request that the Court extend the remaining deadlines to a

time after this Court has resolved the parties' dispositive and Daubert motions, which

were filed after the operative CMSO was entered. See Motion ¶¶ 3, 4. Specifically,

Plaintiffs state that the Court's rulings on the pending motions "will streamline the final

pretrial materials that will need to be submitted to the Court by allowing the parties to

focus on evidence and testimony that remain relevant after the summary judgment and

Daubert decisions are rendered." See id. ¶ 4. Plaintiffs represent that Defendant Land O'

Lakes, Inc.'s position is that it "neither supports nor objects" to the requested relief and that the remaining Defendants continue not to take a position on the Motion. See id. ¶ 7.[1]

Inherent in the Court's authority is the power to manage its affairs so as to achieve the orderly and expeditious disposition of its cases. See Wieckiewicz v. Edu. Credit Mgmt. Corp., 443 F. App'x 449, 450 (11th Cir. 2011). This includes the Court's ability "to extend or modify deadlines within a case management and scheduling order" upon a showing of good cause. See Gadsby v. Am. Golf Corp. of California, No. 2:10-CV-680-FTM-99, 2012 WL 2368568, at *1 (M.D. Fla. June 21, 2012); Fed. R. Civ. P. 16(b)(4). In consideration of the procedural posture of this case, and for good cause shown, the Court determines that the Motion is due to be granted and the deadlines in the operative CMSO are due to be vacated. An amended CMSO will be entered after the Court resolves Defendants' Motion and Supporting Memorandum for Summary Judgment on Statute of Limitations and Standing (Doc. 187).

Accordingly, after due consideration, it is

**ORDERED:**

The deadlines in the operative Case Management and Scheduling Order (Doc. 178) are **VACATED** and the case is **REMOVED** from the Court's January 7, 2019 trial term. The Court will enter an amended case management and scheduling order after

---

[1] Plaintiffs include the fact that Defendants sought to bifurcate the summary judgment issues in the interest of judicial economy and efficiency and previously argued that the operative CMSO may need to be extended. See Motion ¶¶ 1, 6 (quoting Doc. 224 at 4; Defendant's Response in Opposition to Plaintiffs' Motion to Compel ("[I]t appears likely that the current schedule (with the final pretrial conference set for December 19 and trial set for the January 2019 trial term) may have to be extended to allow the Court sufficient time to consider and rule on the parties' summary judgment motions and to determine which issues, if any, remain for trial.")).

ruling on Defendants' Motion and Supporting Memorandum for Summary Judgment on Statute of Limitations and Standing (Doc. 187).

      **DONE** and **ORDERED** in Jacksonville, Florida this 21st day of November, 2018.


_____
BRIAN J. DAVIS
United States District Judge




5
Copies furnished to:

Counsel of Record