UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WINN-DIXIE STORES, INC. and BI-LO
HOLDINGS, LLC,

    Plaintiffs,

v.                                           Case No. 3:15-cv-1143-J-39PDB

SOUTHEAST MILK, INC., NATIONAL
MILK PRODUCERS FEDERATION,
DAIRY FARMERS OF AMERICA, INC.,
LAND O'LAKES, INC., DAIRYLEA
COOPERATIVE INC., and AGRI-MARK,
INC.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiffs' Motion to Dismiss Plaintiff BI-LO Holdings, LLC, Pursuant to FRCP Rule 41(a)(2) and Incorporated Memorandum of Law (Doc. 179; Motion). The Court also considers Defendants' Response in Opposition to Plaintiffs' Motion to Dismiss BI-LO Holdings, LLC Without Prejudice (Doc. 182; Opposition).

On September 23, 2015, Plaintiffs Winn-Dixie Stores, Inc. ("Winn-Dixie") and BI-LO Holdings, LLC ("BI-LO") (collectively "Plaintiffs") initiated this action by filing the Complaint, Demand for Jury Trial, and Request for Injunctive Relief (Doc. 1). On August 31, 2016, Plaintiffs filed the Amended Complaint and Demand for Jury Trial (Doc. 56; Amended Complaint) against Defendants Southeast Milk, Inc. ("SMI"), National Milk Producers Federation ("NMPF"), Cooperatives Working Together ("CWT"), Dairy Farmers of America, Inc. ("DFA"), Land O'Lakes, Inc. ("LOL"), Dairylea Cooperative Inc. ("DCI"),

and Agri-Mark, Inc. ("AMI") (collectively "Defendants"). Am. Compl. ¶¶ 24-30. The action involves alleged violations of Section 1 of the Sherman Act, 15 U.S.C. § 1. See id. ¶¶ 126-131.

In the Motion, Plaintiffs request that the Court dismiss Plaintiff BI-LO from this action without prejudice. Motion at 2. Plaintiffs state that they originally included BI-LO in the commencement of this action because of BI-LO's "position as the parent company of Winn-Dixie . . . ." Id. at 1. Plaintiffs state that they subsequently determined that Winn-Dixie alone is the proper Plaintiff because it was the entity purchasing the products at issue and the discovery sought by Defendants is in the custody of Winn-Dixie. See id. at 1-2. Defendants oppose the Motion and argue that the Court should dismiss BI-LO with prejudice. Opp. at 1. In the alternative, Defendants request that the Court order BI-LO to pay attorneys' fees and costs incurred in this litigation if BI-LO refiles suit later. Id.

Upon the filing of an answer or a summary judgment motion, Rule 41(a)(2), Federal Rules of Civil Procedure ("Rule(s)"), governs a plaintiff's ability to voluntarily dismiss an action without prejudice. See Rule 41(a)(1)-(2); see also Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001).[1] Specifically, Rule 41(a)(2) permits a plaintiff to voluntarily dismiss an action without prejudice only "by court order, on terms that the court considers proper." Rule 41(a)(2). The dismissal is without prejudice unless otherwise specified in the order of dismissal. See id.; see also Pontenberg, 252 F.3d at 1255. A district court has broad discretion when considering a Rule 41(a)(2) motion for

---

[1] Rule 41(a)(2) provides, in pertinent part, that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." In turn, Rule 41(a)(1) provides that, generally, a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal before the defendant serves an answer or motion for summary judgment.

voluntary dismissal. See Pontenberg, 252 F.3d at 1255; see also In re Bayshore Ford Trucks Sales, Inc., 471 F.3d 1233, 1259 (11th Cir. 2006) ("The decision to grant or deny a Rule 41(a)(2) motion to dismiss an action without prejudice is entrusted to the sound discretion of the district court . . . .").

"'[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result.'" Pontenberg, 252 F.3d at 1255 (quoting McCants v. Ford Motor Co., Inc., 781 F.2d 855, 856-57 (11th Cir. 1986)). To determine whether a defendant will suffer clear legal prejudice, the district court "should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence . . . in prosecuting the action, insufficient explanation for . . . a dismissal, and whether a motion for summary judgment has been filed by the defendant." Opacmare USA, LLC v. Lazzara Custom Yachts, LLC, No. 8:16-CV-3288-T-33JSS, 2017 WL 4959436, at *2 (M.D. Fla. Nov. 1, 2017) (internal quotations and citations omitted). While the district court may consider these factors, "'[t]he crucial question to be determined is, [w]ould the defendant lose any substantial right by the dismissal'" Pontenberg, 252 F.3d at 1255-56 (quoting Durham v. Fla. E. Coast, Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967)[2]).

The fact that a plaintiff may gain an advantage in future litigation will not act as a bar to a Rule 41(a)(2) voluntary dismissal. See McCants, 781 F.2d at 857; see also Der v. E.I. Dupont de Nemours & Co., 142 F.R.D. 344, 346 (M.D. Fla. 1992) ("[I]t is no bar to a voluntary dismissal that the plaintiff may gain a tactical advantage in future litigation.").

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

"Rather, the district court must exercise its broad equitable discretion under Rule 41(a)(2) to weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." McCants, 781 F.2d at 857 (internal citations omitted). Indeed, "Rule 41(a)(2) exists chiefly for protection of defendants." Sobe News, Inc. v. Ocean Drive Fashions, Inc., 199 F.R.D. 377, 378 (S.D. Fla. 2001) (internal quotations and citations omitted); see also McCants, 781 F.2d at 856 ("The purpose of the rule is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." (internal quotations and citations omitted)).

While Rule 41(a)(2) allows a plaintiff to dismiss an action voluntarily once the plaintiff receives approval of the district court, "[t]he rule also permits the court to attach certain conditions to its order . . . ." Iraola & CIA, S.A. v. Kimberly-Clark Corp., 232 F.3d 854, 861 (11th Cir. 2000). "[T]he authority to attach conditions to the order of dismissal prevents defendants from being unfairly affected thereby." Ortega Trujillo v. Banco Central Del Ecuador, 379 F.3d 1298, 1301 (11th Cir. 2004) (internal quotations and citations omitted). Such conditions may include requiring the plaintiff to pay the defendant a certain sum of money in costs, expenses, and reasonable attorney's fees, creating an enforceable judgment on which the defendant can execute. See Engle v. Celadon Grp., Inc., No. 3:16-CV-1437-J-34JRK, 2017 WL 6387780, at *2 (M.D. Fla. Dec. 14, 2017) (Howard, J.) (citing Ortega Trujillo, 379 F.3d at 1300; Yoffe v. Keller Inds., Inc., 582 F.2d 982, 983 (5th Cir. 1978)). The district court may also condition the dismissal on the payment of costs to the defendant should the plaintiff later re-file. See Engle, 2017 WL 6387780 at *2 (citing Pontenberg, 252 F.3d at 1260; Roberts Enters., Inc. v. Olympia

Sales, Inc. 186 F. App'x 871 (11th Cir. 2006); Versa Products, Inc. v. Home Depot, USA, Inc., 387 F.3d 1325, 1328 (11th Cir. 2004); McCants, 781 F.2d at 860).[3] The condition that a plaintiff pay the costs and fees only upon refiling is less severe than the conditions of immediate payment. See Versa Prod., Inc., 387 F.3d at 1328.

The Court considers Defendants' efforts and expense in defending this action but also considers the various discovery and procedural issues on both sides. (See Doc. 178 at 17). On June 6, 2018, the Court granted Defendants' request to bi-furcate the briefing schedule for dispositive and Daubert motions to first consider the issues of Statute of Limitations and standing. (See Doc. 174 at 4). It was not until August 20, 2018 that Defendants' filed the Motion and Supporting Memorandum for Summary Judgment on Statute of Limitations and Standing (Doc. 187). Thus, as of July 3, 2018 when Plaintiffs filed the instant Motion, there were no pending summary judgment motions. Regardless, "[t]he mere pendency of a summary judgment motion, by itself, does not constitute legal prejudice sufficient to support a denial of a Rule 41(a)(2) voluntary dismissal without prejudice." Pontenberg, 252 F.3d at 1258. The Court also finds that at this juncture, there has been no excessive delay or lack of diligence by Plaintiffs in prosecuting this action. Additionally, Plaintiffs provide a reasonable explanation, albeit weak, for why they included BI-LO in this case given its position as the parent company of Winn-Dixie. As the case progressed through contested discovery procedures, Plaintiffs determined that Winn-Dixie alone is the proper Plaintiff.

---

[3] Rule 41(d) provides that a court may order a plaintiff to pay all or part of the costs of a previous action filed and dismissed by the plaintiff which includes the same claim and the same defendant. Fed. R. Civ. P. 41(d); see also Pontenberg, 252 F.3d at 1256 n.2.

In light of the foregoing considerations and given the procedural posture of this complex antitrust case, the Court in its discretion determines that BI-LO is due to be dismissed without prejudice subject to the condition set forth more fully below.

Accordingly, after due consideration, it is

**ORDERED:**

1. Plaintiffs' Motion to Dismiss Plaintiff BI-LO Holdings, LLC, Pursuant to FRCP Rule 41(a)(2) and Incorporated Memorandum of Law (Doc. 179) is **GRANTED**.

2. Plaintiff BI-LO Holdings, LLC is **DISMISSED WITHOUT PREJUDICE** subject to the condition that should BI-LO Holdings, LLC refile in any court a future action based on or including the claims in this case, BI-LO Holdings, LLC shall be obligated to pay all attorneys' fees and costs incurred by Defendants from their defense of the claims in this case.

**DONE** and **ORDERED** in Jacksonville, Florida this 13th day of December, 2018.

BRIAN J. DAVIS
United States District Judge

5
Copies furnished to:

Counsel of Record