**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| WINN-DIXIE STORES, INC., <br><br> Plaintiff, <br><br> v. <br><br> SOUTHEAST MILK, INC., *et al.*, <br><br> Defendants. | Case No. 3:15-cv-1143-J-39PDB |

**MOTION TO SEAL PURSUANT**
**TO CONFIDENTIALITY AGREEMENT AND OPPOSITION**

Defendants Southeast Milk, Inc., Dairy Farmers of America, Inc., Land O'Lakes, Inc., Agri-Mark, Inc., and National Milk Producers Federation (collectively "Defendants") move, pursuant to Rule 5.2 of the Federal Rules of Civil Procedure, Local Rule 1.09, and section 9 of the parties' Stipulated Confidentiality Agreement dated August 2, 2016 ("Confidentiality Agreement," attached hereto as Exhibit A) for permission to file under seal unredacted versions of:

(i) the Expert Report of Dr. John Connor dated December 18, 2017, excerpts of which are Exhibit 2 to the Declaration of Sarah H. Catalano ("Catalano Decl.") submitted in support of Defendants' Renewed Motion and Supporting Memorandum for Summary Judgment on Standing ("Defs.' SJ Motion on Standing");

(ii) Plaintiffs' Third Amended Response to Defendant DFA's First Set of Interrogatories, dated August 6, 2018, which is Exhibit 3 to the Catalano Decl.;

1

    (iii)    Plaintiffs' Amended Response to Defendants' First Set of Requests for Admission, dated May 30, 2018, which is Exhibit 5 to the Catalano Decl.;

    (iv)    excerpts of the March 6, 2018 deposition transcript of Graham Leary, which is Exhibit 10 to the Catalano Decl.;

    (v)    excerpts of the February 13, 2018 deposition transcript of Dr. John Connor, which is Exhibit 11 to the Catalano Decl.; and

    (vi)    Plaintiffs' Amended Response to Defendants' First Set of Requests for Production, dated May 30, 2018, which is Exhibit 12 to the Catalano Decl., and say:

    1.    Defendants are filing this motion concurrently with Defs.' SJ Motion on Standing.

    2.    Certain of the supporting exhibits to Defs.' SJ Motion on Standing, listed above as the Confidential Documents, are documents that Winn-Dixie has designated "Confidential Material" and "Highly Confidential Material" under the Confidentiality Agreement.

    3.    Defs.' SJ Motion on Standing makes a reference to Exhibits 2, 3, 5, 10, 11, and 12, which are, respectively, Confidential Documents (i)-(vi). As filed, Defs.' SJ Motion on Standing notes in slip sheets attached to the Catalano Decl. that Defendants are seeking permission to file complete unredacted copies of those documents under seal.

    4.    The Confidential Documents in paragraphs (i), (ii), (iv), and (v) are already the subject of a pending motion to seal (ECF No. 193) because they were attached to the Declaration of Jill M. O'Toole in Support of Defendants' prior Motion for Summary Judgment on Statute of Limitations and Standing (ECF Nos. 188-2, 188-3, 188-28, 188-30).

5.       Defendants are filing this motion pursuant to section 9(a) of the Confidentiality Agreement which precludes public filing of materials designated Highly Confidential Materials or Confidential Materials without Plaintiff's permission. Plaintiff Winn-Dixie Stores, Inc. ("Winn-Dixie") represents to have a colorable claim to designate the Confidential Documents as confidential.

6.       Defendants oppose the instant motion. Defendants are filing this motion solely to comply with their obligations under the Confidentiality Agreement. In opposition, Defendants state that, standing alone, the existence of a confidentiality agreement between parties is insufficient to preclude public access to court documents. Moreover, precluding access to court documents is generally inappropriate where, as here, they relate to a dispositive motion or substantive motion to preclude evidence at trial. Finally, Defendants oppose sealing the Confidential Documents that are deposition transcripts because Winn-Dixie failed to comply with the procedures in the Confidentiality Agreement for designating deposition testimony as confidential.

7.       Defendants further note that, in the time since they filed their prior motion to seal the Confidential Documents described in paragraphs (i), (ii), (iv), and (v) (ECF No. 193), Winn-Dixie publicly filed an unredacted copy of the document in paragraph (i), the Expert Report of Dr. John Connor dated December 18, 2017, as an attachment to Winn-Dixie's opposition to Defendants' *Daubert* motion. (ECF No. 207-5.)

8.       Defendants provided notice to Plaintiff's counsel on February 14, 2019, that they would be attaching the above-listed Confidential Documents to Defs.' SJ Motion on

Standing, to which Plaintiff's counsel did not respond.  In the absence of further guidance from Winn-Dixie, Defendants respectfully request that this motion be denied.

## MEMORANDUM OF LAW

In order to file an item under seal, a party must first comply with the procedural requirements set forth in the Local Rules of the Middle District of Florida.  When filing under seal is not specifically authorized by statute, rule, or order, the party seeking to file under seal must file and serve a motion to seal, which (i) identifies and describes each item proposed for sealing, (ii) states the reason that filing each item is necessary, (iii) states the reason that sealing each item is necessary, (iv) states the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal, (v) states the proposed duration of the seal, and (vi) includes a memorandum of law.  *See* Local Rule 1.09(a).  Unless the Court grants the motion to seal, the movant shall not file or otherwise tender to the Clerk of this Court the item or items it wishes to seal.  *Id.*

**I.      Description of the Items to be Filed Under Seal, Necessity of Filing and Sealing Each Item, Reason Why Means Other than Sealing Is Unavailable, and Duration of the Seal**

The first document Defendants move to seal is the Expert Report of Dr. John Connor dated December 18, 2017 (the "Connor Report") which sets forth an expert opinion in support of Winn-Dixie's damages claim.  (Catalano Decl., Ex. 2.)  Filing the Connor Report with Defs.' SJ Motion on Standing is necessary to demonstrate that Winn-Dixie's claim for damages relies on certain purchases for which they lack standing to assert a claim.

The second document that Defendants move to seal is Plaintiffs' Third Amended Responses to Defendant DFA's First Set of Interrogatories, dated August 6, 2018. (Catalano Decl., Ex. 3.) Filing Plaintiffs' Third Amended Responses to Defendant DFA's First Set of Interrogatories with Defs.' SJ Motion on Standing is necessary because it establishes that Winn-Dixie's purported raw milk claims are limited to purchases at two dairy processing plants that it used to own in Plant City, Florida, and Hammond, Louisiana, because Winn-Dixie did not buy raw milk from Defendants during the relevant time period at the other two plants that it owned.

The third document that Defendants move to seal is Plaintiffs' Amended Response to Defendants' First Set of Requests for Admission, dated May 30, 2018. (Catalano Decl., Ex. 5.) Filing Plaintiffs' Amended Response to Defendants' First Set of Requests for Admission with Defs.' SJ Motion on Standing is necessary because it establishes that Winn-Dixie sold its dairy processing plants in Plant City, Florida, and Hammond, Louisiana on April 30, 2008, and that Winn-Dixie purchased no raw milk from any Defendant after April 30, 2008.

The fourth document that Defendants move to seal contains excerpts of the March 6, 2018, deposition transcript of Graham Leary. (Catalano Decl., Ex. 10.) Filing Mr. Leary's transcript with Defs.' SJ Motion on Standing is necessary because it establishes that Winn-Dixie sold its claims for raw milk purchases to an affiliate of Defendant Southeast Milk, Inc. with the sale of its dairy processing plants and lack standing to bring a claim based on those purchases.

The fifth document that Defendants move to seal contains excerpts of the February 13, 2018, deposition transcript of Dr. John Connor.  (Catalano Decl., Ex. 11.)  Filing Dr. Connor's February 13, 2018, transcript with Defs.' SJ Motion on Standing is necessary to demonstrate that Winn-Dixie's claim for damages relies on certain indirect purchases for which it lacks antitrust standing to assert a claim.

The sixth document that Defendants move to seal is Plaintiffs' Amended Response to Defendants' First Set of Requests for Production, dated May 30, 2018.  (Catalano Decl., Ex. 12.)  Filing Plaintiffs' Amended Response to Defendants' First Set of Requests for Production with Defs.' SJ Motion on Standing is necessary to establish that Defendants requested in discovery that Winn-Dixie produce its supply contract with wholesale distributor C&S Wholesale Grocers, Inc. and thus Winn-Dixie cannot now claim that its failure to produce the contract creates an issue of fact as to the nature of the contract.

Defendants move to seal the six documents identified above to satisfy their obligations under the Confidentiality Agreement because all of the Confidential Documents were designated Confidential Materials or Highly Confidential Materials by Winn-Dixie.  Section 9(a) of the Confidentiality Agreement states that "[n]o pleading or document containing Confidential Material or Highly Confidential Material shall be filed in the public record without the written permission of the Producing Party or a court's order," and requires that "[t]he parties shall comply with Local Rule 1.09."  As discussed above, Defendants need to cite this evidence to support Defs.' SJ Motion on Standing.  Where possible, Defendants have attempted limit the amount of each document that needs to be disclosed by excerpting deposition transcripts and expert reports instead of including the full transcript or report.  In

6

the absence of further guidance from Winn-Dixie, there is no alternative to sealing. Defendants request that the Confidential Documents be filed under seal for one year or for as long as the Court deems proper.

## II.     Authority in Support of Sealing

On February 14, 2019, Defendants provided Winn-Dixie with notice of their intent to file the Confidential Documents with Defs.' SJ Motion on Standing and requested that Winn-Dixie's counsel identify whether he would require the Confidential Documents be filed under seal and the basis for sealing.  Winn-Dixie's counsel did not respond to the inquiry.  Accordingly, Defendants only move to seal the Confidential Documents because they do not have permission to file the Confidential Materials on the public docket by operation of the Confidentiality Agreement.

## III.    Defendants' Opposition to Sealing

Without further guidance from Winn-Dixie, Defendants oppose the sealing of the Confidential Documents.  In evaluating a motion to seal, courts balance a party's interest in keeping the information confidential against the public interest in accessing court documents. *See Romero v. Drummond Co., Inc.,* 480 F.3d 1234, 1246 (11th Cir. 2007).  "This right [of access] includes the right to inspect and copy public records and documents.  This right of access is not absolute, however [and] may be overcome by a showing of good cause." *Id.* at 1245 (internal citation and quotation marks omitted).  In balancing these two interests, courts consider "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the

information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id* at 1246. Winn-Dixie cannot make these showings based solely on the operation of a confidentiality agreement and thus cannot demonstrate good cause.

As discussed above, for now, Defendants only basis to seal the Winn-Dixie's Confidential Documents is the operation of the parties' Confidentiality Agreement. It is well established that the existence of a confidentiality agreement is insufficient on its own to overcome the public interest in accessing court documents. *See TMH Med. Servs., LLC v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, No. 617CV920ORL37DCI, 2018 WL 1918262, at *3 (M.D. Fla. Jan. 17, 2018) (denying motion to seal based on existence of confidentiality agreement); *Schojan v. Papa John's Int'l, Inc.*, No. 8:14-CV-1218-T-33MAP, 2014 WL 4674340, at *2 (M.D. Fla. Sept. 18, 2014) (same). "[T]he parties' private agreement concerning confidentiality does not bind the Court, whether or not the parties agree that documents 'shall' be under seal." *TMH Med. Servs., LLC*, 2018 WL 1918262, at *3 (citation omitted).

In addition, the procedural posture of the case, generally, precludes sealing. "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Romero*, 480 F.3d at 1246. Here, the Confidential Documents are being submitted in connection with a substantive pretrial motion for summary judgment that, if granted, would dismiss a significant portion of Winn-Dixie's claims against the Defendants. Documents and testimony produced during fact and expert discovery are no longer "only discovery when they were filed in connection with a

dispositive motion and other motions that will determine the admissibility of evidence at trial." *Diaz-Granados v. Wright Med. Tech., Inc.*, No. 614CV1953ORL28TBS, 2016 WL 1090060, at *2–3 (M.D. Fla. Mar. 21, 2016) (denying motion to seal transcripts submitted in support of summary judgment motion and motion to exclude experts).

Defendants further oppose sealing the excerpts of the Expert Report of Dr. Connor described in paragraph (i) because Winn-Dixie already has filed the full report on the public docket. (ECF No. 207-5.)

Finally, Defendants oppose the sealing of certain Confidential Documents that are deposition transcripts because Winn-Dixie failed to comply with section 4(d) of the Confidentiality Agreement in designating those transcripts confidential. Section 4(d) states that:

> The designation of Confidential Material or Highly Confidential Material for the purposes of this Agreement shall be made in the following manner: . . . (d) In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure, or (ii) by written notice sent to all counsel of record for the Parties within fifteen business days after receipt of the transcript of the deposition unless the parties agree to an extension of this time period for designation. (Ex. A, 2-3)

Winn-Dixie did not follow any of the procedures identified in Section 4(d), including designating testimony as confidential on the record or providing a follow-on written notice within **fifteen business days** of receipt of the deposition transcript. The deposition of Dr. Connor occurred on February 13, 2018, and the deposition of Graham Leary occurred on March 6, 2018. But Winn-Dixie did not designate the transcripts as confidential until months later on August 16, 2018, when, in response to Defendants' inquiry related to their prior

9

summary-judgment motion, which was due on August 20, 2018, Winn-Dixie provided a blanket designation that all deposition transcripts that Defendants sought to use were confidential. To the extent such a blanket designation constitutes written notice under section 4(d)—which Defendants contend it does not—that notice was well past the fifteen-business-day cut-off.

For the foregoing reasons, and without further input from Winn-Dixie, Defendants respectfully request that this motion be denied.

WHEREFORE, pursuant to the Confidentiality Agreement Defendants respectfully requests that this Court enter an order allowing Defendants to file the Confidential Documents under seal.

IN THE ALTERNATIVE, subject to further meet and confer discussions with Winn-Dixie, Defendants respectfully request that this motion be denied and Defendants be ordered to file the Confidential Documents on the public docket.

DATED: February 15, 2019        Respectfully submitted,

By: */s/ Cindy A. Laquidara*

Florida Bar No. 394246
Email: cindy.laquidara@akerman.com
AKERMAN LLP
50 North Laura Street, Suite 3100
Jacksonville, FL 32202
Telephone: (904) 798-3700
Facsimile: (904) 798-3730

*Attorneys for Defendants National Milk Producers Federation; Southeast Milk, Inc.; Dairy Farmers of America, Inc.; Land O'Lakes, Inc.; and Agri-Mark, Inc.*

Jonathan B. Sallet
District of Columbia Bar No. 336198
John J. Kavanagh
New York Bar No. 2858074
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
jsallet@steptoe.com
jkavanagh@steptoe.com

*Attorneys for Defendant National Milk Producers Federation aka Cooperatives Working Together*


Michael J. Beaudine, Esq.
Florida Bar No. 0772763
beaudine@lseblaw.com
LATHAM, SHUKER, EDEN & BEAUDINE, LLP
111 N. Magnolia Avenue, Suite 1400
Orlando, FL 32801
Telephone: (407) 481-5800
Facsimile: (407) 481-5801

*Attorneys for Defendant Southeast Milk, Inc.*


W. Todd Miller
District of Columbia Bar No. 414930
Lucy S. Clippinger
New York Bar No. 5105796
BAKER & MILLER PLLC
2401 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20037
Telephone: (202) 663-7820
Facsimile: (202) 663-7849
tmiller@bakerandmiller.com
lclippinger@bakerandmiller.com

*Attorneys for Defendant Dairy Farmers of America, Inc.*

11

Nathan P. Eimer
Illinois State Bar No. 00735353
Scott C. Solberg
Illinois State Bar No. 6204487
Ben E. Waldin
Illinois State Bar No. 6317991
EIMER STAHL LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
Telephone: (312) 660-7600
Facsimile: (312) 692-1718
neimer@eimerstahl.com
ssolberg@eimerstahl.com
bwaldin@eimerstahl.com

*Attorneys for Defendant Land O'Lakes, Inc.*


Jill M. O'Toole
Connecticut No. 414338
SHIPMAN & GOODWIN LLP
One Constitution Plaza
Hartford, CT 06103
Telephone: (860) 251-5000
Facsimile: (860) 251-5218
jotoole@goodwin.com

*Attorneys for Defendant Agri-Mark, Inc.*

## **CERTIFICATE OF SERVICE**

      I certify that on February 15, 2019, I electronically filed the foregoing with the Clerk of Court pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Cases of this Court by using the CM/ECF System, which will send a notice of electronic filing to all counsel of record.

DATED:  February 15, 2019　　　　　　　　　　*/s/ Cindy A. Laquidara*

                                              *Attorney for Defendants National Milk*
                                              *Producers Federation; Southeast Milk, Inc.;*
                                              *Dairy Farmers of America, Inc.;*
                                              *Land O'Lakes, Inc.; and Agri-Mark, Inc.*