United States District Court
Middle District of Florida
Jacksonville Division

**WINN-DIXIE STORES, INC.,**

 *Plaintiff,*

v.                **NOS. 3:15-cv-1143-J-39PDB**

**SOUTHEAST MILK, INC., ETC.,**

 *Defendants.*

# Order

In January, the Court granted in part the defendants' motion for summary judgment on statute of limitations (Doc. 187) and denied—without prejudice to refiling and without reaching the merits—the defendants' motion for summary judgment on standing (Doc. 187), the defendants' motion to exclude the opinions of Dr. John M. Connor (Doc. 190), the plaintiffs' motion to exclude or limit the opinions of the defendants' experts (Doc. 223-1),[1] the plaintiffs' motion for partial summary judgment (Doc. 194), and the plaintiffs' motion to strike the defendants' affirmative defense of lack of standing related to raw milk purchases (Doc. 199). Doc. 234. The defendants have since filed a renewed motion for summary judgment on standing. Doc. 242.

Outstanding are five related motions to seal documents offered to support the motions for summary judgment and to exclude the opinions of Dr. Connor and the

---

[1]The Court did not expressly deny the plaintiffs' motion to exclude or limit the opinions of the defendants' experts (Doc. 223-1) but implicitly did, including by extending deadlines to May 1, 2019. *See* Doc. 234 at 27–28.

defendants' experts. Docs. 192, 193, 195, 218, 241. Applying the standards for sealing,[2] the Court **grants** in part and **denies** in part the motions to seal as follows:

1. The following documents were never filed—whether in redacted or unredacted form—and the parties need not file them now because the Court did not decide the merits of the related motions or otherwise consider the documents: Doc. 188-2, Doc. 188-3, Doc. 188-28, Doc. 188-30, Doc. 191-3, Doc. 191-7, Doc. 191-8, Doc. 191-10, Doc. 191-17, and Doc. 191-21.

2. The following documents were provisionally filed under seal and may remain under seal until one year after judgment is entered or until the Court orders otherwise: Doc. 207-7 (S-214), Doc. 207-

---

[2]"Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). A court may determine which parts of the record should be sealed, but its discretion is guided by the presumption of public access. *Perez- Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013).

To decide if the presumption of public access applies, a court distinguishes documents that "may properly be considered public or judicial records" from "those that may not; the media and public presumptively have access to the former, but not to the latter." *Id*. The presumption applies to materials attached to documents that invoke judicial resolution on the merits but not to discovery documents irrelevant to the underlying issues. *F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 63–64 (11th Cir. 2013).

If the presumption does not apply, a court must conduct only the "good cause" analysis under Federal Rule of Civil Procedure 26(c). *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 355–56 (11th Cir. 1987). If the presumption applies, a court must consider the nature and character of the information and balance the public's right of access against a party's interest in confidentiality. *Perez-Guerrero*, 717 F.3d at 1235. The balancing depends on the facts and circumstances. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). Considerations include whether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if the documents are made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less-restrictive alternative to sealing. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). Immaterial is "whether the sealing of the record is an integral part of a negotiated settlement between the parties[.]" *Brown*, 960 F.2d 1013 at 1016.

Under Local Rule 1.09(a), a party seeking to file a document under seal must identify and describe the items proposed for sealing, state the reason filing each is necessary, state the reason sealing each is necessary, explain why a means other than sealing is unavailable or insufficient to preserve the movant's interests, and state the proposed duration of the seal.

8 (S-214-1), and Doc. 207-28 (S-214-2).[3] The presumption does not apply because the Court did not consider the merits of the related motion or otherwise consider the documents. Dairy Farmers of America provides good cause in its motion to seal. *See* Doc. 218.

3. The following documents were never filed—whether in redacted or unredacted form—and the Court decided the merits of the related motion: Doc. 188-14, Doc. 188-15, Doc. 188-17, and Doc. 188-29. The presumption applies because the Court decided the merits of the related motion, and that motion was dispositive. Neither side has tried to overcome the presumption. The defendants **must file** Doc. 188-14, Doc. 188-15, Doc. 188-17, and Doc. 188-29 on the public docket by **April 15, 2019**.

4. The following documents have not been filed—whether in redacted or unredacted form—to support the pending motion for summary judgment on standing (Doc. 242), but have been filed elsewhere on the public docket without objection: Doc. 243-2 (*see* Doc. 207-5), Doc. 243-5 (*see* Doc. 170-4), and Doc. 243-12 (*see* Doc. 170-2). The defendants **must file** Doc. 243-2, Doc. 243-5, and Doc. 243-12 on the public docket by **April 15, 2019**.

5. The following documents have not been filed—whether in redacted or unredacted form—to support the pending motion for summary judgment on standing (Doc. 242), and have not been filed elsewhere on the public docket: Doc. 243-3, Doc. 243-10, and Doc. 243-11. The presumption applies because the motion is dispositive. Neither side has tried to overcome the presumption. The defendants **must file** Doc. 243-3, Doc. 243-10, and Doc. 243-11 on the public docket by **April 15, 2019**.

In other sealing matters, the Court previously granted the plaintiffs' motion to file under seal Docs. S-112–S-112-2, deposition transcripts for a motion to compel. Doc. 133. Southeast Milk had designated the transcripts "Confidential" or "Highly Confidential." Doc. 133 at 1. The Court directed the clerk to maintain Docs. S-112–S-112-2 under seal until October 10, 2018, "subject to an extension upon timely motion

---

[3] Dairy Farmers of America proposes indefinite sealing of Doc. 207-7 (S-214), Doc. 207-8 (S-214-1), and Doc. 207-28 (S-214-2). Doc. 218 at 3. Because circumstances change over time, courts are loathe to seal documents indefinitely. Should Dairy Farmers of America want the documents to remain sealed beyond one year after the judgment is entered, it may file an appropriate motion before that time.

demonstrating good cause." Doc. 133 at 3. The deadline has passed, and no party has filed a motion to maintain the transcripts under seal. The clerk must unseal Docs. S-112–S-112-2 no earlier than **April 15, 2019**.

Any motion for reconsideration of any unsealing directive in this order must be filed by **April 5, 2019**.

Before seeking to file under seal any documents merely because they are designated "confidential" or "highly confidential," counsel should strive to work with opposing counsel to determine if the documents in fact should be sealed under the appropriate standards.

**Ordered** in Jacksonville, Florida, on March 14, 2019.

PATRICIA D. BARKSDALE
United States Magistrate Judge

c: Counsel of record