# EXHIBIT D

# Exhibit 29

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

|  |  |
|---|---|
| Winn-Dixie Stores, Inc. and<br>Bi-Lo Holdings, LLC,<br><br>　　　Plaintiffs,<br><br>v.<br><br>Southeast Milk, Inc., *et al.*,<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 3:15-cv-01143-BJD-PDB<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' AMENDED RESPONSE TO
DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, and all other applicable Rules and Orders of this Court, Plaintiffs Winn-Dixie Stores, Inc., and Bi-Lo Holdings, LLC ("Plaintiffs") submit this amended response to the First Set of Requests for Admission, propounded by National Milk Producers Federation aka Cooperatives Working Together, Dairy Farmers of America, Inc., Land O'Lakes, Inc., Southeast Milk, Inc., and Agri-Mark, Inc. ("Defendants"). [The information provided in this response is designated "Highly Confidential" pursuant to the Protective Order in this case.]

**I.      GENERAL OBJECTIONS**

1. Plaintiffs reserve all evidentiary objections and issues under the Federal Rules of Evidence.

2. Plaintiffs object to Defendants' requests to the extent that they seek any information that is protected from discovery based on the attorney-client privilege, the work product doctrine, or any other privilege or immunity (collectively "Privilege").

3. Plaintiffs object to the interrogatories to the extent the interrogatories seek information related to Plaintiffs' sales, pricing, marketing, distribution, revenue, profits, or information related to its retail sales practices, including but not limited to, sales of milk products, often referred to as "downstream" discovery. To the extent the interrogatories seek any "downstream" discovery, such information is irrelevant to the claims and defenses of the parties and not proportional to the needs of the case, unduly burdensome, harassing and protected by Privacy.

4. Plaintiffs object to the requests to the extent that they seek information that is not in Plaintiffs' possession custody or control or to the extent they seek information from persons or entities that are not parties to this litigation.

5. Unless Plaintiffs state in a Response that they are responding "Subject to and without waiving" a specific Objection, the Response is made without being subject to any Objection.

## II. OBJECTIONS TO DEFINITION AND INSTRUCTIONS

1. Plaintiffs object to Defendants' requests to the extent that Defendants' temporal scope conflicts with the temporal scope limits that Defendants place on their responses to Plaintiffs' discovery to Defendants.

2. Plaintiffs object to the definition of "Fresh Milk Products" because "Fresh Milk Products" is not a term used with initial capitals in Plaintiffs' Complaint and Amended Complaint, is not a defined term in the Complaint and Amended Complaint, and does not refer only or exclusively to the products specifically identified in the Complaint and Amended Complaint.

## III. RESPONSES TO REQUESTS FOR ADMISSION

1. Admit that Winn-Dixie's dairy processing plants in Hammond, Louisiana, and Plant City, Florida, were sold to Southeast Milk, Inc. ("SMI") on or about April 30, 2008.

2

Case 3:15-cv-01143-BJD-JBT   Document 169-2   Filed 06/01/18   Page 3 of 7 PageID 3257

**RESPONSE:** Plaintiffs admit that certain assets related to the Winn-Dixie dairy processing plants in Hammond, Louisiana and Plant City, Florida were sold to SMI on or about April 30, 2008. With respect to the remainder of the request, Plaintiffs state: Denied.

2. Admit that Winn-Dixie did not purchase raw milk after the date it sold the Hammond and Plant City plants to SMI.

**RESPONSE:** Plaintiffs state: Admitted.

3. Admit that "Fluid Milk" encompasses those products that use raw milk that is classified as Class I under federal regulations.

**RESPONSE:** Plaintiffs admit that fluid milk encompasses those products that use raw milk that is classified as Class I under federal regulations, and Plaintiffs further state that raw milk is fluid milk without respect to any Class under federal regulations.

4. Admit that "Fresh Milk Products" encompasses those products that use raw milk that is classified as Class II under federal regulations.

**RESPONSE:** Plaintiffs object to this request on the basis stated in Objection No. 2 to Definitions and Instructions. Plaintiffs admit that some dairy products made from raw milk utilize raw milk classified as Class II under federal regulations, and further state that some dairy products made from raw milk utilize raw milk classified as Class III and IV under federal regulations.

5. Admit that Winn-Dixie did not purchase Fluid Milk from Dairy Farmers of America, Inc.

**RESPONSE:** Plaintiffs admit that they purchased raw milk from DFA and admit that they did not purchase processed milk from DFA.

6. Admit that Winn-Dixie did not purchase Fluid Milk from Land O'Lakes, Inc.

**RESPONSE:** Plaintiffs admit that they did not purchased processed milk from LOL.

7. Admit that Winn-Dixie did not purchase Fluid Milk from Dairylea Cooperative Inc.

3

**RESPONSE:** Plaintiffs admit that they did not purchase processed milk from Dairylea.

8. Admit that Winn-Dixie did not purchase Fluid Milk from Agri-Mark, Inc.

**RESPONSE:** Plaintiffs admit that they did not purchase processed milk from Agri-Mark, Inc.

9. Admit that Winn-Dixie did not purchase Fresh Dairy Products from Dairy Farmers of America, Inc.

**RESPONSE:** Plaintiffs object to this request on the basis stated in Objection No. 2 to the Definitions and Instructions. Plaintiffs state: Denied, and further that they purchased Borden cheese from DFA.

10. Admit that Winn-Dixie did not purchase Fresh Dairy Products from Land O'Lakes, Inc.

**RESPONSE:** Plaintiffs object to this request on the basis stated in Objection No. 2 to the Definitions and Instructions. Plaintiffs state: Denied, and further that they purchased butter from LOL.

11. Admit that Winn-Dixie did not purchase Fresh Dairy Products from Dairylea Cooperative, Inc.

**RESPONSE:** Plaintiffs object to this request on the basis stated in Objection No. 2 to the Definitions and Instructions. Plaintiffs state: Admitted.

12. Admit that Winn-Dixie did not purchase any Fresh Milk Products from Agri-Mark, Inc. before January 1, 2010.

**RESPONSE:** Plaintiffs object to this request on the basis stated in Objection No. 2 to Definitions and Instructions. Plaintiffs state: Denied, and further that they purchased yogurt and Cabot cheese from Agri-Mark.

13. Admit that the only Fresh Milk Product that Winn-Dixie purchased from Agri-Mark, Inc. after January 1, 2010 was yogurt.

Case 3:15-cv-01143-BJD-PDB   Document 169-2   Filed 06/01/18   Page 5 of 7 PageID 3259

**RESPONSE:** Plaintiffs object to this request on the basis stated in Objection No. 2 to Definitions and Instructions. Plaintiffs state: Denied, and further that they purchased Cabot cheese from Agri-Mark.

14. Admit that Winn-Dixie did not purchase raw milk from Land O'Lakes, Inc.

**RESPONSE:** Plaintiffs state: Admitted.

15. Admit that Winn-Dixie did not purchase raw milk from Dairylea Cooperative Inc.

**RESPONSE:** Plaintiffs state: Admitted.

16. Admit that Winn-Dixie did not purchase raw milk from Agri-Mark, Inc.

**RESPONSE:** Plaintiffs state: Admitted.

17. Admit that raw milk produced in Florida was sold to Winn-Dixie's Plant City, Florida plant.

**RESPONSE:** Plaintiffs state: Denied, to the extent that the request suggests that all of the raw milk sold to Winn-Dixie's Plant City, Florida plant was produced in Florida.

18. Admit that raw milk produced in Louisiana was sold to Winn-Dixie's Hammond, Louisiana plant.

**RESPONSE:** Plaintiffs state: Denied, to the extent that the request suggests that all of the raw milk sold to its Hammond plant was produced in Louisiana.

19. Admit that some Fresh Milk Products purchased by Winn-Dixie in Florida were processed in Florida using raw milk produced in Florida.

**RESPONSE:** Plaintiffs object to this request on the basis stated in Objection No. 2 to Definitions and Instructions. Plaintiffs admit that some of the dairy products purchased by Winn-Dixie were made from raw milk produced in Florida.

20. Admit that some Fresh Milk Products purchased by Winn-Dixie in Louisiana were processed in Louisiana using raw milk produced in Louisiana.

5

**RESPONSE:** Plaintiffs object to this request on the basis stated in Objection No. 2 to Definitions and Instructions. Plaintiffs admit that some of the dairy products purchased by Winn-Dixie were made from raw milk produced in Louisiana.

21. Admit that the federal government sets the minimum price for the raw milk used to process the Fluid Milk and manufacture the Fresh Milk Products purchased by Winn-Dixie during the Relevant Period.

**RESPONSE:** Plaintiffs object to this request on the basis stated in Objection No. 2 to Definitions and Instructions. Plaintiffs object to this request on the grounds that it is overly broad, vague, seeks information not relevant to the subject matter of this action and seems information not likely to lead to the discovery of admissible evidence. Plaintiffs state: Denied.

22. Admit that the only portion of the price of raw milk not set by the federal government in the regions in which Winn-Dixie had milk processing plants was the "over-order premium" or "service charge."

**RESPONSE:** Plaintiffs admit that all of the amounts over the federal minimum price were not set or regulated by the federal government. As to the remainder of the request, Plaintiffs state: Denied.

Dated: May 30, 2018

                                                  */s/ Patrick J. Ahern*
                                           Ahern & Associates, P.C.
                                           Willoughby Tower
                                           8 South Michigan Avenue
                                           Suite 3600
                                           Chicago, Illinois 60603
                                           Phone: (312) 404-3760
                                           patrick.ahern@ahernandassociatespc.com

                                           *Attorney for Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC*

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on May 30, 2018, I served the foregoing by email on counsel of record for all defendants.


                                       */s/ Patrick J. Ahern*
                                        Patrick J. Ahern