# EXHIBIT J

# Exhibit 12

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| Winn-Dixie Stores, Inc. and<br>Bi-Lo Holdings, LLC,<br><br>      Plaintiffs,<br><br>v.<br><br>Southeast Milk, Inc., *et al.*,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 3:15-cv-01143-BJD-PDB<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' AMENDED RESPONSE TO**
**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and all other applicable Rules and Orders of this Court, Plaintiffs Winn-Dixie Stores, Inc., and Bi-Lo Holdings, LLC ("Plaintiffs") submit this amended response to the First Set of Requests for Production, propounded by National Milk Producers Federation aka Cooperatives Working Together, Dairy Farmers of America, Inc., Land O'Lakes, Inc., Southeast Milk, Inc., and Agri-Mark, Inc. ("Defendants"). [The information provided in this response is designated "Highly Confidential" pursuant to the Protective Order in this case.]

**I.   GENERAL OBJECTIONS**

1. Plaintiffs reserve all evidentiary objections and issues under the Federal Rules of Evidence.

2. Plaintiffs object to Defendants' requests to the extent that they seek any information that is protected from discovery based on the attorney-client privilege, the work product doctrine, or any other privilege or immunity (collectively "Privilege").

3. Plaintiffs object to the Requests to the extent that they seek Documents that are not in Plaintiffs' possession custody or control or to the extent they seek Documents from persons or entities that are not parties to this litigation.

4. Plaintiffs object to the requests to the extent the requests seek information related to Plaintiffs' sales, pricing, marketing, distribution, revenue, profits, or information related to its retail sales practices, including but not limited to, sales of milk products, often referred to as "downstream" discovery. To the extent the requests seek any "downstream" discovery, such information is irrelevant to the claims and defenses of the parties and not proportional to the needs of the case, unduly burdensome, harassing and protected by Privacy.

5. Unless Plaintiffs state in a Response that they are responding "Subject to and without waiving" a specific Objection, the Response is made without being subject to any Objection.

## II.   **OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

1. Plaintiffs object to Defendants' requests to the extent that Defendants' temporal scope conflicts with the temporal scope limits that Defendants place on their responses to Plaintiffs' discovery to Defendants.

2. Plaintiffs object to the term "communications" on the grounds that it is unreasonably broad and therefore the requests, if any, to which the term applies are unreasonably burdensome. Plaintiffs further object to the term "broadest sense" as overly broad and to the extent it seeks information not relevant to any party's claim or defense and not proportional to the needs of the case.

3. Plaintiffs further object to the term "broadest sense" as overly broad and to the extent it seeks information not relevant to any party's claim or defense and not proportional to the needs of the case.

4. Plaintiffs object to the definition of "Fresh Milk Products" because "Fresh Milk Products" is not a term used with initial capitals in Plaintiffs' Complaint and Amended Complaint, is not a defined term in the Complaint and Amended Complaint, and does not refer only or exclusively to the products specifically identified in the Complaint and Amended Complaint.

### III. RESPONSES TO REQUESTS FOR PRODUCTION

1. All Documents or communications you were asked to Identify in response to Defendant Dairy Farmer of America, Inc.'s First Set of Interrogatories.

**RESPONSE:** Plaintiffs will produce responsive documents, if any.

2. All Documents that you or your attorneys received from any non-party as a result of formal or informal discovery requests in connection with this action, including all Documents concerning such requests.

**RESPONSE:** Plaintiffs respond that there are no documents responsive to this request.

3. All communications between you (or your counsel) and any federal, state, or local agency, committee, department, or division, or any other federal, state, or local governmental authority or entity, concerning the subject matter of this action or your claims in this action, including all Documents concerning any such communications.

**RESPONSE:** Plaintiffs respond that there are no documents responsive to this request.

4. All communications between you (or your counsel) and any agent, employee, member, or representative of the press, media, news organization, or social media entity, group, organization, or site, concerning the subject matter of this action or your claims in this action, including all Documents concerning any such communications.

**RESPONSE:** Plaintiffs respond that there are no documents responsive to this request.

5. Documents sufficient to show, from January 1, 2003, to the December 31, 2010, all persons with managerial, supervisory or direct responsibility for:

  a. running your company;
  b. buying (i) raw milk; (ii) Fluid Milk; or (iii) Fresh Milk Products;

3

      c. creating, maintaining, or editing market forecasts, market studies, or inventory-related materials for (i) raw milk; (ii) Fluid Milk; or (iii) Fresh Milk Products; and

      d. selling (i) products that you produced from the raw milk that you purchased; (ii) Fluid Milk; or (iii) Fresh Milk Products.

**RESPONSE:** To the extent this request seeks "downstream" information, Plaintiffs object on the basis of General Objection No. 4. Plaintiffs also object to subpart a on the grounds that it is overly broad, unduly burdensome, harassing, seeks information not relevant to the subject matter of this action, and seeks information not proportional to the needs of the case, given the relative importance of the issues. In addition, Plaintiffs object to this request on the basis stated in Objection No. 4 to Definitions and Instructions. Subject to and without waiving the above objections, Plaintiffs will produce responsive documents, if any.

6. All communications between you and any seller of (i) raw milk; (ii) Fluid Milk; or (iii) Fresh Milk Products, including any Defendant, relating to the purchase of or offer to purchase or sell any (i) raw milk; (ii) Fluid Milk; or (iii) Fresh Milk Products.

**RESPONSE:** Plaintiffs object to this request based on Objection No. 4 to Definitions and Instructions. Plaintiffs will produce responsive documents, if any.

7. All Documents reflecting, regarding, referring to, relating to, constituting, or pertaining to any of your purchases of (i) raw milk; (ii) Fluid Milk; or (iii) Fresh Milk Products from Southeast Milk, Inc. "during the Relevant Period," as alleged in Paragraph 24 of the Complaint.

**RESPONSE:** Plaintiffs object to this request based on Objection No. 4 to Definitions and Instructions. Plaintiffs will produce responsive documents, if any.

8. All Documents reflecting, regarding, referring to, relating to, constituting, or pertaining to any of your purchases of (i) raw milk; (ii) Fluid Milk; or (iii) Fresh Milk Products from any person other than Southeast Milk, Inc. "during the Relevant Period" of the Complaint.

**RESPONSE:** Plaintiffs object to this request based on Objection No. 4 to Definitions and Instructions. Plaintiffs will produce responsive documents, if any.

9. All Documents concerning Communications with Defendants regarding the supply, demand, or prices for raw milk, Fluid Milk, or Fresh Milk Products or the Herd Retirement Program.

**RESPONSE:** Plaintiffs object to this request based on Objection No. 4 to Definitions and Instructions. Plaintiffs will produce responsive documents, if any. Further responding, Plaintiffs state that there are no responsive documents concerning the Herd Retirement Program.

10. All contracts governing your purchases, from any seller, of (i) raw milk; (ii) Fluid Milk; or (iii) Fresh Milk Products originally produced or sold by Defendants or any other CWT Member during the Relevant Period of the Complaint.

**RESPONSE:** Plaintiffs object to this request based on Objection No. 4 to Definitions and Instructions. Plaintiffs will produce responsive documents.

11. All Documents reflecting, regarding, referring to, relating to, constituting, or pertaining to supply, demand, or prices of (i) raw milk; (ii) Fluid Milk; or (iii) Fresh Milk Products "during the Relevant Period" of the Complaint.

**RESPONSE:** Plaintiffs object to this request based on Objection No. 4 to Definitions and Instructions. Plaintiffs will produce responsive documents, if any.

12. All Documents concerning requests for proposals, solicitations, and responses relating to purchases of (i) raw milk; (ii) Fluid Milk; or (iii) Fresh Milk Products "during the Relevant Period" of the Complaint.

**RESPONSE:** Plaintiffs object to this request based on Objection No. 4 to Definitions and Instructions. Plaintiffs will produce responsive documents, if any.

13. All Documents concerning over order premiums ("OOP") for raw milk offered to or paid by you, or any announcements, analyses, compilations, or discussions of OOPs paid by other purchasers or users of raw milk.

**RESPONSE:** Plaintiffs will produce responsive documents, if any.

14. All Documents concerning pricing of raw milk, Fluid Milk, or Fresh Milk Products offered to or purchased by you that were produced by cows that were not treated with recombinant bovine somatotropin ("rBST-free"), or any announcements, analyses, compilations, or discussions of prices for rBST-free products by other purchasers.

5

**RESPONSE:** Plaintiffs object to this request based on Objection No. 4 to Definitions and Instructions. Plaintiffs will produce responsive documents, if any.

15. All Documents supporting, contradicting, regarding, referring to, relating to, constituting, or pertaining to your allegations in Paragraph 34 of the Complaint that "[t]he acts alleged herein that were done by each of the co-conspirators were fully authorized by each of those co-conspirators, or ordered, or committed by duly authorized officers, managers, agents, employees, or representatives of each co- conspirator while actively engaged in the management, direction, or control of its affairs."

**RESPONSE:** Plaintiffs object to this request on the ground that information responsive to this request is in the possession of Defendants, and that responsive documents have already been produced in the Edwards and First Impressions Litigations, which were then produced to Plaintiffs by Defendants. Plaintiffs will produce responsive documents, if any.

16. All Documents concerning, supporting or refuting Plaintiffs' allegations that they were each injured as a result of the alleged conspiracy (see, e.g., Complaint ¶¶ 22, 23, 57, 102), including but not limited to, the data and methodology underlying such allegations.

**RESPONSE:** Plaintiffs object to this request on the grounds that it is more appropriately the subject of expert discovery, will be revealed in the report(s) of Plaintiffs' expert(s). Plaintiffs will produce responsive documents, if any.

17. All Documents concerning, supporting or refuting that the Herd Retirement Program's alleged effect on over-order premiums caused an increase in the price of the Fluid Milk and Fresh Dairy Products that you purchased.

**RESPONSE:** Plaintiffs object to this request based on Objection No. 4 to Definitions and Instructions. Plaintiffs object to this request on the ground that information responsive to this request is in the possession of Defendants, and that responsive documents have already been produced in the Edwards and First Impressions Litigations, which were then produced to Plaintiffs by Defendants. Plaintiffs further object to this request on the grounds that it is more appropriately the subject of expert discovery, will be revealed in the report(s) of Plaintiffs' expert(s). Plaintiffs will produce responsive documents, if any.

6

18. All Documents concerning the purchase, sale or pricing of (i) raw milk; (ii) Fluid Milk; or (iii) Fresh Milk Products upon which you base your claim in this Action, including, but not limited to, all communications, draft and final contracts, and draft and final purchase orders.

**RESPONSE:** Plaintiffs object to this request based on Objection No. 4 to Definitions and Instructions. Plaintiffs object to this request on the grounds that it is more appropriately the subject of expert discovery, will be revealed in the report(s) of Plaintiffs' expert(s). Plaintiffs will produce responsive documents, if any.

19. Transactional data relating to your purchases of (i) raw milk; (ii) Fluid Milk; or (iii) Fresh Milk Products sufficient to show the following information for each such purchase:

   a. identity of the purchaser;
   b. product;
   c. date of transaction;
   d. date of shipment;
   e. date of arrival;
   f. origin of the product;
   g. destination;
   h. seller;
   i. gross price invoiced or charged;
   j. actual net price paid;
   k. any price adjustment, including discounts, rebates, credits, commissions, special commodity rates, or incentives that were applied at the time of purchase or ex post, separately identified;
   l. actual weight of shipment;
   m. chargeable weight of shipment;
   n. volume shipped; and
   o. contract price, if any.

**RESPONSE:** Plaintiffs object to this request based on Objection No. 4 to Definitions and Instructions. Plaintiffs will produce responsive documents, if any.

20. All Documents referring or relating to the Herd Retirement Program.

**RESPONSE:** Plaintiffs respond that there have no documents responsive to this request.

21. All Documents referring or relating to this litigation, the Complaint, or any other litigation involving allegations regarding the Herd Retirement Program, including, but not limited

7

to, the cases referred to in Request No. 15 of your First Request for Production of Documents, Electronically Stored Information and Other Tangible Things.

**RESPONSE:** Plaintiffs object to this request on the ground that information responsive to this request is in the possession of Defendants, and that responsive documents have already been produced in the Edwards and First Impressions Litigations, which were then produced to Plaintiffs by Defendants. Plaintiffs will produce responsive documents, if any.

22. All Documents relating to your consideration or decision to file the Complaint, including but not limited to any board minutes, presentations, or memoranda.

**RESPONSE:** Plaintiffs object to this request on the grounds that it seeks documents covered by the attorney-client privilege and the attorney work product. Subject to and without waiving the above objection, Plaintiffs state that there are no non-privileged documents to this request.

23. All Documents referring or relating to your allegations that "Defendants Are Not Entitled to the Limited Protections of the Capper-Volstead Act" (Complaint 103-108).

**RESPONSE:** Plaintiffs object to this request on the ground that information responsive to this request is in the possession of Defendants, and that responsive documents have already been produced in the Edwards and First Impressions Litigations, which were then produced to Plaintiffs by Defendants. Plaintiffs will produce responsive documents, if any.

24. All Documents referring or relating to your "Fraudulent Concealment Allegations (Complaint, 109-121).

**RESPONSE:** Plaintiffs object to this request on the ground that information responsive to this request is in the possession of Defendants, and that responsive documents have already been produced in the Edwards and First Impressions Litigations, which were then produced to Plaintiffs by Defendants. Plaintiffs will produce responsive documents, if any.

25. All Documents referring or relating to your efforts to conduct due diligence into the existence of your claim.

8

**RESPONSE:** Plaintiffs object to this request on the grounds that it seeks information that is overly broad, not relevant to the subject matter of this action and not proportional to the needs of the case. The case law is clear that any inquiry into whether Plaintiffs were required to exercise due diligence and did so, comes only after Defendants have demonstrated that Plaintiffs were on inquiry notice, due to "storm warnings" or "red flags," which Defendants have not demonstrated. Plaintiffs will produce responsive documents, if any.

26. All Documents concerning your Document retention or destruction policies, procedures and practices as the foregoing relate to Documents relevant to the claims in your Complaint.

**RESPONSE:** Plaintiffs object to this request on the ground that it seeks information protected by the attorney work product doctrine and attorney-client privilege. Plaintiffs will produce responsive documents, if any.

27. All Documents whatsoever regarding, referring to, relating to, containing, constituting, or pertaining to:

   a. Any attempts to identify, recruit, contact, or retain any person to serve as a plaintiff, witness, financial supporter, assistant, agent, employee, attorney, or accountant in this action or any other action, proceeding, or activity regarding CWT or any of its programs, or any person who did, may have, or was thought to have purchased directly from Defendants raw milk, Fluid Milk, or Fresh Milk Products during the relevant Period as defined in the Complaint; and
   b. Any communications with any such persons relating to CWT, any of its programs, or any of the subjects identified, listed, or referenced in subparagraph (a) of this request.

**RESPONSE:** Plaintiffs object to this request on the ground that it seeks information protected by the attorney work product doctrine and attorney-client privilege. Subject to and without waiving the above objection, Plaintiffs respond that there are no documents responsive to this request.

9

Dated: May 30, 2018

                                                  */s/ Patrick J. Ahern*
                                                  Ahern & Associates, P.C.
                                                  Willoughby Tower
                                                  8 South Michigan Avenue
                                                  Suite 3600
                                                  Chicago, Illinois 60603
                                                  Phone: (312) 404-3760
                                                  patrick.ahern@ahernandassociatespc.com

                                                  *Attorney for Winn-Dixie Stores, Inc. and Bi-Lo*
                                                  *Holdings, LLC*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on May 30, 2018, I served the foregoing by email on counsel of record for all defendants.

                                                  */s/ Patrick J. Ahern*
                                                  Patrick J. Ahern