**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

Winn-Dixie Stores, Inc.,

    Plaintiff,

v.                                       Case No. 3:15-cv-1143-J-39PDB

Southeast Milk, Inc., *et al.*,

    Defendants.

_____/

**PLAINTIFF'S MOTION TO SEAL**

Plaintiff, Winn-Dixie Stores, Inc., pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Local Rule 1.09, and the Parties' Stipulated Confidentiality Agreement dated August 2, 2016 ("Confidentiality Agreement") (Doc. 75-1), move this Court to permit the FILING UNDER SEAL of the documents listed herein because they may reference information that has been designated as "Confidential" or "Highly Confidential pursuant to the Confidentiality Agreement. In support of this Motion, Plaintiff states:

1. By this Motion, Plaintiff seeks Court permission to file under seal un-redacted versions of the following documents:

    i. Exhibits 22 through 26, 31, and 36 to Plaintiff's Response to Defendants' Motion for Summary Judgment (Dkt. 276) because these exhibits are Confidential or Highly Confidential CWT Committee materials;

    ii. Exhibit 40 to Plaintiff's Response to Defendants' Motion for Summary Judgment (Dkt. 276) because this exhibit is National Milk Producers

        Federation Board of Directors meeting minutes designated as Highly Confidential;

iii. Exhibit 41 to Plaintiff's Response to Defendants' Motion for Summary Judgment (Dkt. 276) because this exhibit is an email marked as Confidential by Defendants;

iv. Exhibit 8 to Plaintiff's Response to Defendants' Motion to Strike or Exclude the Opinions of Plaintiff's Expert because this exhibit is a letter enclosing a Confidential Milk Supply Agreement;

v. Exhibit 11 to Plaintiff's Response to Defendants' Motion to Strike or Exclude the Opinions of Plaintiff's Expert because this exhibit is a Highly Confidential tabulation of raw milk purchases;

vi. Exhibit 16 to Plaintiff's Response to Defendants' Motion to Strike or Exclude the Opinions of Plaintiff's Expert because these exhibits contain confidential excerpts of the deposition of John M. Connor Ph.D.;

vii. Exhibits 19, 20, and 22 to Plaintiff's Response to Defendants' Motion to Strike or Exclude the Opinions of Plaintiff's Expert because these exhibits contain Confidential or Highly Confidential CWT materials;

2. As stated, the referenced exhibits to Plaintiff's Motions may contain references and citations to information that has been designated as "Confidential" or "Highly Confidential" pursuant to Paragraph 9(a) of the Confidentiality Agreement.

3.     Pursuant to Local Rule 1.09(c), the proposed duration of the seal is one (1) year.  *See* M.D.Fla. L.R. 1.09(c).  Additionally, Plaintiff's counsel has reviewed the referenced exhibits to Plaintiff's Motions to determine if a means other than sealing is available and there is not another option.  Since substantial portions of these exhibits may reference information that has been designated as "Confidential" or "Highly Confidential," redacting to black out references to "Confidential" or "Highly Confidential" information would render the relevant portions of the documents indecipherable and is not an available option.

4.     By filing this Motion to Seal, Plaintiff only seeks to comply with the terms of the Confidentiality Agreement regarding the Defendants' "Confidential" or "'Highly Confidential" designation of documents produced and deposition testimony given in discovery in this case.

## **MEMORANDUM OF LAW**

Local Rule 1.09, which governs motions seeking leave to file documents under seal, provides, in pertinent part:

> (a)     Unless filing under seal is authorized by statute, rule, or order, a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal" and which includes (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal. The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. No settlement agreement shall be sealed absent extraordinary circumstances, such as the preservation of national security, protection of trade secrets or other valuable proprietary information, protection of especially vulnerable persons including minors or persons with disabilities, or

>protection of nonparties without either the opportunity or ability to protect themselves. Every order sealing any item pursuant this section shall state the particular reason the seal is required.

M.D.Fla. R. 1.09(a).  In this case, there is no statute, rule, or other order that authorizes filing the subject documents, the referenced exhibits to Plaintiff's Motion which have as of the filing of this Motion to Seal been served upon Defendants' counsel, under seal. Thus, in order for the Court to properly evaluate whether filing under seal is warranted, this Motion must provide the information required by Local Rule 1.09(a).

"Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007).  The need for public access to discovery is low because discovery is "essentially a private process ... the sole purpose [of which] is to assist trial preparation." *United States v. Anders*on, 799 F.2d 1438, 1441 (11th Cir. 1986).

Again, the reason Plaintiff needs to file the referenced exhibits to the Motions under seal is because they may referenced portions of "Confidential" and/or "Highly Confidential" information and contain "Confidential" and/or "Highly Confidential" content.  Plaintiff must include this information in order to make and support the assertions and arguments set forth in the Motions.

Respectfully submitted May 22, 2019.

/s/ *Jeffrey S. York*
H. Timothy Gillis
Florida Bar No. 133876
Jeffrey S. York
Florida Bar No. 987069
Shutts & Bowen LLP
1022 Park Street, Suite 308
Jacksonville, FL 32204
Phone: (904) 899-9926
Fax: (904) 899-9965
tgillis@shutts.com
jyork@shutts.com

Patrick J. Ahern, Trial Counsel
Theodore Bell
Ahern and Associates, P.C.
8 South Michigan Avenue
Suite 3600
Chicago, IL 60603
(312) 404-3760
patrick.ahern@ahernandassociatespc.com
theo.bell@ahernandassociatespc.com
(*Admitted Pro Hac Vice*)

*Attorneys for Plaintiff Winn-Dixie Stores, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 22, 2019, I electronically filed the foregoing with the Clerk of Court pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Cases of this Court by using the CM/ECF System, which will send a notice of electronic filing to all counsel of record.

/s/ *Jeffrey S. York*
Attorney