United States District Court
Middle District of Florida
Jacksonville Division

**WINN-DIXIE STORES, INC.,**

    *Plaintiff,*

v.                                                            **NOS. 3:15-cv-1143-J-39PDB**
                                                                                   **3:18-mc-14-J-34PDB**

**SOUTHEAST MILK, INC., ETC.,**

    *Defendants.*

---

# Order

Earlier in the case, the Court denied the plaintiff's motion to strike witnesses in the defendants' amended disclosures, adding, "If discovery is needed from someone not specifically listed until recently, the Court will entertain a request to obtain the discovery." *See* Doc. 141 at 1–5 (motion), Doc. 178 at 14–15 (order). In an order overruling an objection to the denial of the motion to strike, the Court recognized the "many challenges associated with litigating such a complex case" and emphasized that the parties must abide by the rules on case management and exhibit "the utmost level of professionalism" at all times. Doc. 184 at 4.

Before the Court is a motion for discovery by the plaintiff that followed that order. Doc. 222. The plaintiff moves to compel the defendants to identify and narrow the list of witnesses they intend to call at trial and for leave to obtain discovery from any newly named witnesses. Doc. 222 at 2. The plaintiff states the defendants have acknowledged they will not try to call 2000 witnesses at trial but have refused to identify the witnesses they likely will call. Doc. 222 at 2. The plaintiff further moves to compel those witnesses identified for the first time in the amended disclosures and identified in the narrowed list to respond to a request for production of documents

and interrogatories. Docs. 222, 222-1, 222-2. For the witnesses who are farmers, the proposed request for production seeks documents related to their farming businesses for the decade from 2003 to 2013, including tax returns. Doc. 222-1 at 10–11. The plaintiff explains a need for the discovery for trial, not for dispositive-motion purposes. *See generally* Doc. 222.

The defendants contend the motion is a "belated request" to reconsider the order overruling the objections to the order on the motion to strike. Doc. 224 at 1. The defendants emphasize discovery is closed, their amended disclosures list only those likely to have discoverable information, and witnesses who have never been deposed routinely testify at trials. Doc. 224 at 3. The defendants complain the plaintiff seeks to advance the deadline for disclosing witness lists only for the defendants. Doc. 224 at 3. The defendants contend the plaintiff strategically decided to depose only three potential witnesses related to only two defendants and should not be permitted to revisit that strategy. Doc. 224 at 3. And the defendants observe that because the parties do not yet know what issues will be tried, granting the motion will cause wasted resources on both sides. Doc. 224 at 4.

Since the plaintiff moved for discovery, a lot has happened in the case. Previous deadlines have been vacated at the plaintiff's request. Docs. 227, 229. A previous plaintiff has been dismissed from the case at the plaintiff's request. Doc. 232. A previous motion for summary judgment has been granted in part. Doc. 234. A settlement conference has been conducted. Doc. 250. Another previous motion for summary judgment has been granted in part. Doc. 257. New deadlines have been entered. Doc. 258. And several more substantive motions have been filed and remain pending: a motion to strike the defendants' affirmative defense of lack of standing about the plaintiff's purchase of raw milk, Doc. 259, a motion to exclude the opinions of the plaintiff's expert Dr. John Connor, Doc. 260, a motion to exclude or limit the opinions of the defendants' experts, Doc. 263, a motion for summary judgment by the

defendants, Doc. 264, and a motion for partial summary judgment by the plaintiff, Doc. 267.

Remaining true is the defendants' observation that because the parties do not yet know what issues will be tried, granting the motion will cause wasted resources on both sides (plus, significantly, wasted resources of third parties). Guided by Federal Rule of Civil Procedure 1, the Court **denies** the plaintiff's motion for discovery, Doc. 222, without prejudice to requesting more tailored discovery at the pretrial conference, after issues have been narrowed and witness lists have been exchanged. By then, the parties will have a better understanding of what discovery if any should be allowed as a matter of fairness and reasonableness, considering relevancy, proportionality, the circumstances leading to the motion, and the witness-list designations. *See* Fed. R. Civ. P. 26(a)(3)(A)(i) (party must separately identify the witnesses the party expects to present and those the party may call if the need arises); Doc. 258 ¶ 4 ("[T]he parties are directed to meet the pretrial disclosure requirements in Fed. R. Civ. P. 26(a)(3)[.]").

Under the new deadlines, the parties must file the pretrial statement on December 9, 2019, and must exchange witness lists by December 18, 2019. Doc. 258. The final pretrial conference will be conducted at 10:00 a.m. on December 18, 2019. Doc. 258. Trial is scheduled for the January 2020 trial term. Doc. 258. There accordingly will be a short turnaround between the pretrial conference and the trial, and discovery will have to be done on an expedited basis during the holiday season. But the likelihood of discovery—much less substantial discovery—seems exceedingly low considering the presumed winnowing of trial witnesses and the very limited number of depositions the plaintiff took during the discovery period. In any event, taking depositions so close to trial is not unheard of. *Cf.* Local Rule 3.04(b).

To allow meaningful discussion at the final pretrial conference of any need to further winnow witness lists or of any need to conduct expedited discovery, the parties must exchange the witness lists before the conference begins.*

**Ordered** in Jacksonville, Florida, on September 30, 2019.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Counsel of record

---

*Citing Rule 37(a)(5)(B), the defendants ask for expenses incurred in opposing the motion, contending the motion is not substantially justified and is a "third attempt to relitigate the appropriateness of Defendants' amended disclosures." Doc. 224 at 4. Finding the plaintiff was substantially justified in bringing the motion and not trying to relitigate previous rulings, requiring the plaintiff to pay expenses is unwarranted. *See* Fed. R. Civ. P. 37(a)(5)(B) (court must not order payment of expenses if motion was substantially justified).