United States District Court
Middle District of Florida
Jacksonville Division

**WINN-DIXIE STORES, INC.,**

*Plaintiff,*

v.  NOS. 3:15-cv-1143-J-39PDB
 3:18-mc-14-J-39PDB

**SOUTHEAST MILK, INC., ETC.,**

*Defendants.*

# Order

Before the Court are seven motions to seal exhibits relating to motions for summary judgment, to exclude expert opinions, and to strike a defense. Docs. 262, 265, 266, 268, 274, 275, 278. An overview of the case and the standards for sealing are in earlier filings and not repeated here. *See* Docs. 34, 74, 254.

For receipt by **October 25, 2019**, the plaintiff must provide the clerk's office hardcopy versions of the following exhibits. Upon receipt, the clerk must file the exhibits on the public docket, replacing the placeholders with the exhibits. The defendants designated the documents as confidential or highly confidential but do not oppose filing them on the public docket. Doc. 279.

| Doc. No. | Ex. | Associated Filing |
|---|---|---|
| Doc. 276-23 | 22 | Plaintiff's Response in Opposition to Defendants' MSJ |
| Doc. 276-24 | 23 | Plaintiff's Response in Opposition to Defendants' MSJ |
| Doc. 276-25 | 24 | Plaintiff's Response in Opposition to Defendants' MSJ |
| Doc. 276-26 | 25 | Plaintiff's Response in Opposition to Defendants' MSJ |
| Doc. 276-27 | 26 | Plaintiff's Response in Opposition to Defendants' MSJ |
| Doc. 276-32 | 31 | Plaintiff's Response in Opposition to Defendants' MSJ |
| Doc. 276-37 | 36 | Plaintiff's Response in Opposition to Defendants' MSJ |
| Doc. 276-41 | 40 | Plaintiff's Response in Opposition to Defendants' MSJ |
| Doc. 276-42 | 41 | Plaintiff's Response in Opposition to Defendants' MSJ |
| Doc. 277-9 | 8 | Plaintiff's Response in Opposition to Defendants' Motion to Strike or Exclude |

| Doc. 277-12 | 11 | Plaintiff's Response in Opposition to Defendants' Motion to Strike or Exclude |
| Doc. 277-17 | 16 | Plaintiff's Response in Opposition to Defendants' Motion to Strike or Exclude |
| Doc. 277-20 | 19 | Plaintiff's Response in Opposition to Defendants' Motion to Strike or Exclude |
| Doc. 277-21 | 20 | Plaintiff's Response in Opposition to Defendants' Motion to Strike or Exclude |
| Doc. 277-23 | 22 | Plaintiff's Response in Opposition to Defendants' Motion to Strike or Exclude |

For receipt by **October 25, 2019**, the plaintiff must provide the clerk's office hardcopy versions of the following exhibits to be temporarily placed under seal. The Court will direct the clerk to file the exhibits on the public docket unless, by **November 1, 2019**, the defendants file a motion and memorandum of law showing the presumption of public access to the exhibits is overcome.

| Doc. No. | Ex. | Associated Filing |
|---|---|---|
| Doc. 263-10 | 9 | Plaintiff's Motion to Exclude or Limit Opinions of Defendants' Experts |
| Doc. 263-21 | 20 | Plaintiff's Motion to Exclude or Limit Opinions of Defendants' Experts |

For receipt by **October 25, 2019**, the defendants must provide the clerk's office hardcopy versions of the following exhibits in both redacted and unredacted form. Upon receipt, the clerk must file the redacted versions on the public docket, replacing the placeholders with the exhibits. The clerk must file the unredacted versions under seal. For the reasons stated in the motions, Docs. 262, 265, 274, the defendants have overcome the presumption of public access to the redacted information.

| Doc. No. | Ex. | Associated Filing |
|---|---|---|
| Doc. 261-21 | U | Declaration of Nathan P. Eimer |
| Doc. 264-32 | 31 | Defendants' MSJ on Antitrust Immunity, Liability, and Standard of Review |
| Doc. 264-33 | 32 | Defendants' MSJ on Antitrust Immunity, Liability, and Standard of Review |
| Doc. 264-34 | 33 | Defendants' MSJ on Antitrust Immunity, Liability, and Standard of Review |
| Doc. 264-39 | 38 | Defendants' MSJ on Antitrust Immunity, Liability, and Standard of Review |
| Doc. 264-40 | 39 | Defendants' MSJ on Antitrust Immunity, Liability, and Standard of Review |
| Doc. 264-41 | 40 | Defendants' MSJ on Antitrust Immunity, Liability, and Standard of Review |
| Doc. 264-42 | 41 | Defendants' MSJ on Antitrust Immunity, Liability, and Standard of Review |
| Doc. 264-44 | 43 | Defendants' MSJ on Antitrust Immunity, Liability, and Standard of Review |
| Doc. 273-3 | 2 | Defendants' Response in Opposition to Plaintiff's Partial MSJ |

For receipt by **October 25, 2019**, the defendants must provide the clerk's office hardcopy versions of the following exhibits. The clerk must file the exhibits under seal. For the reasons stated in the motion, Doc. 265, the defendants have overcome the presumption of public access to the redacted information.

| Doc. No. | Ex. | Associated Filing |
|---|---|---|
| Doc. 264-22 | 21 | Defendants' MSJ on Antitrust Immunity, Liability, and Standard of Review |
| Doc. 264-23 | 22 | Defendants' MSJ on Antitrust Immunity, Liability, and Standard of Review |
| Doc. 264-24 | 23 | Defendants' MSJ on Antitrust Immunity, Liability, and Standard of Review |
| Doc. 264-25 | 24 | Defendants' MSJ on Antitrust Immunity, Liability, and Standard of Review |
| Doc. 264-26 | 25 | Defendants' MSJ on Antitrust Immunity, Liability, and Standard of Review |
| Doc. 264-27 | 26 | Defendants' MSJ on Antitrust Immunity, Liability, and Standard of Review |
| Doc. 264-28 | 27 | Defendants' MSJ on Antitrust Immunity, Liability, and Standard of Review |
| Doc. 264-43 | 42 | Defendants' MSJ on Antitrust Immunity, Liability, and Standard of Review |

For receipt by **October 25, 2019**, the defendants must provide the clerk's office a hardcopy version of the following exhibit. Upon receipt, the clerk must file the exhibit on the public docket, replacing the placeholder with the exhibit. The defendants provide no good reason to seal the exhibit, and the exhibit already has been filed on the public docket without opposition. *See* Doc. 256-6.

| Doc. No. | Ex. | Associated Filing |
|---|---|---|
| Doc. 261-8 | H | Declaration of Nathan P. Eimer |

For receipt by **October 25, 2019**, the defendants must provide the clerk's office hardcopy versions of the following deposition transcripts (and any exhibits to the transcripts) in their entirety. Upon receipt, the clerk must file them under seal. The parts of the deposition transcripts (and any exhibits to the transcripts) pertinent to the pending motions and responses are already on the public docket.

| Deposition | Date(s) |
|---|---|
| Scott Brown | November 7, 2014 |
| John Connor | May 13, 2015;[1] February 13, 2018; June 22, 2018 |
| Calvin Covington | December 6, 2017 |
| Edward Gallagher | May 6, 2015 |
| Jerome Kozak | February 5, 2015 |
| Graham Leary | March 6, 2018 |
| Andrew Novakovic | March 16, 2018 |
| Bryan Ricchetti | March 22, 2018 |
| Richard Stammer | January 30, 2015 |

---

[1]The exhibit list for the defendants' summary-judgment motion and the transcript excerpt show May 13, 2015, as the date of Connor's first deposition. *See* Doc. 264-1 (exhibit list), Doc. 264-6 (excerpt). In the motion to seal, the defendants reference May 6, 2016. Doc. 266 at 4. This may be an error. But if the defendants also rely on a transcript of a May 6, 2016, deposition of Connor, they must file under seal the deposition transcript (and any exhibits to the transcript) in their entirety.

3

| Thomas Wegner | January 22, 2015 |
| John Wilson | January 8–9, 2015 |
| Joseph Wright[2] | January 12, 2017 |

For receipt by **October 25, 2019**, the plaintiff must provide the clerk's office a hardcopy version of the following deposition transcript (and any exhibits to the transcript) in its entirety. The clerk must file the deposition transcript (and any exhibits to the transcript) under seal. The parts of the deposition transcript (and any exhibits to the transcript) pertinent to the plaintiff's response in opposition to the defendants' motion to strike or exclude opinions of the plaintiff's expert are already on the public docket.

| **Deposition** | **Date** |
| --- | --- |
| Donald Bernos | May 11, 2018 |

For the documents or redacted information to be sealed under this order, neither side has shown that the documents or redacted information—much of which may become obsolete over time—should be sealed indefinitely. The duration of the seal is three years from the date of this order absent another order shortening or extending the time. A party may move to extend that period before it ends. The parties should know that documents or redacted information may be disclosed earlier in an order or at the trial.

Thus, the Court:

(1)  **grants in part** Dairy Farmers' motion to seal, Doc. 262;

(2)  **grants in part** the defendants' motion to seal, Doc. 265;

(3)  **grants in part** the defendants' motions to seal, Docs. 266, 275;

(4)  **denies** without prejudice the plaintiff's motion to seal, Doc. 268;

---

[2]The defendants do not include Wright's deposition transcripts in their motions to seal but rely on an excerpt of and exhibit from his deposition in their response in opposition to the plaintiff's motion for partial summary judgment. *See* Doc. 273-1 (defendants' exhibit list referencing excerpts filed by the plaintiff [Doc. 267-36, Doc. 267-84]).

4

(5) **grants in part** the defendants' motion to seal, Doc. 274; and

(6) **denies** the plaintiff's motion to seal, Doc. 278.

**Ordered** in Jacksonville, Florida, on October 21, 2019.

*PATRICIA D. BARKSDALE*
*United States Magistrate Judge*

c: Counsel of record