UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| WINN-DIXIE STORES, INC., <br><br> Plaintiff, <br><br> v. <br><br> SOUTHEAST MILK, INC., *et al.*, <br><br> Defendants. | Case No. 3:15-cv-01143-J-39-BJD-JBT |

**DEFENDANTS' MOTION (A) FOR LEAVE TO FILE CERTAIN DEPOSITION TRANSCRIPTS IN EXCERPTED FORM; AND (B) TO SEAL CERTAIN DEPOSITION TRANSCRIPT EXCERPTS PURSUANT TO CONFIDENTIALITY AGREEMENT, AND INCORPORATED MEMORANDUM OF LAW**

Defendants Southeast Milk, Inc., Dairy Farmers of America, Inc., Land O'Lakes, Inc., Agri-Mark, Inc., and National Milk Producers Federation (collectively "Defendants") move, pursuant to Rule 5.2 of the Federal Rules of Civil Procedure, Local Rule 1.09, and section 9 the parties' Stipulated Confidentiality Agreement dated August 2, 2016 ("Confidentiality Agreement," attached hereto as Exhibit A), for leave to file certain deposition transcripts in excerpted form, and/or for leave to seal certain deposition testimony, which is relied upon as exhibits and quoted in their (a) Motion in Limine to Exclude from Evidence the Opinions and Work Product of Dr. Scott Brown (the "Dr. Brown Motion", and (b) Omnibus Motion in Limine to Exclude Certain Evidence (the "Omnibus Motion") (collectively, the Dr. Brown Motion and the Omnibus Motion are referred to herein as "Motions in Limine"). Each of the deposition excerpts that are the subject of this motion is part of a deposition transcript that has already been filed under seal with the Clerk's office pursuant to this Court's October 10, 2019 Order. (*See* Docs. 286, 287). Defendants now move (a) for leave to file certain deposition transcripts in

excerpted form; and (b) to seal certain deposition testimony, attached as exhibits to and quoted in the Motions in Limine, pursuant to the Confidentiality Agreement.

I.  **DEFENDANTS SHOULD BE GRANTED LEAVE TO FILE CERTAIN TRANSCRIPTS IN EXCERPTED FORM**

Defendants seek leave to file publicly (a) excerpts only, with minor redactions, of the December 12, 2017 Deposition of Joseph Wright, which are Exhibits 1 and 2 to the Declaration of Jill O'Toole (Doc. 325); (b) excerpts only of the December 6, 2017 deposition of Calvin Covington, which is Exhibit 5 to the Declaration of Jill O'Toole (Doc. 325) ; and (c) excerpts only of the November 7, 2014 deposition of Scott Brown, which is Exhibit 3 to the Declaration of Nathan P. Eimer (Doc. 322). The full deposition transcripts with exhibits for these three individuals have been filed under seal with the Clerk's office pursuant to this Court's October 10, 2019 Order. (*See* Docs. 286, 287).

A.  **The Public Filing of Deposition Excerpts Is Appropriate**

The portions of the deposition transcripts that are being filed publicly contain all materials that Defendants rely upon in support of their Motions in Limine. Defendants recognize that this Court has a preference for full deposition transcripts and exhibits cited therein to be filed. In this instance, if Defendants adhere to that preference, it may be necessary to ask the Court to review hundreds of pages of deposition transcripts and dozens of deposition exhibits that may have no bearing on the Motions in Limine and rule on motions to seal elements of the foregoing. Because Defendants do not rely on these extra materials, and because this Court has already permitted the full transcripts and exhibits to be filed under seal, Defendants move – in the interest of judicial economy – for permission to file excerpts of deposition transcripts instead of full versions of the deposition transcripts. In the alternative, Defendants move to file under seal the pages of the deposition transcripts and deposition exhibits cited therein, which are not

relied upon by Defendants that the Court deems necessary to facilitate its review of the Motions in Limine.

This Court has ample authority under Fed. R. Civ. P. 16 to make rulings on case management issues determined to be just and in the interest of judicial economy. Here, Defendants have already filed the relevant excerpts of the deposition transcripts on the public docket. Defendants have attached all pages of the deposition transcripts they cite within the Motions, and have only narrowly redacted one of the transcripts of Mr. Wright because it contains references to confidential revenue information of Defendant SMI unrelated to the Motions in Limine. No hardship lies for Plaintiff in this approach as it remains free to cite whatever counter-designations or factual evidence it deems appropriate in response to the Motions in Limine, and work collaboratively with Defendants to file its evidence on the docket for public view or, at a minimum, to focus the sealing inquiry on information necessary to resolve the issues in the Motions in Limine. Defendants have previously filed the full deposition transcripts with exhibits under seal with the Court if the Court deems it necessary to review a more complete record. (*See* Docs. 286, 287.) If the Court prefers, Defendants may refile the full deposition transcripts and exhibits under seal.

In light of the foregoing, Defendants respectfully request leave from the Court's preference to file full transcripts on the public docket and permission to file only excerpts of deposition transcripts.

**B. In the Alternative, Defendants Seek for the Extra Materials To Be Reviewed Under Seal, or Seek to File the Extra Materials Under Seal in Accordance with this Court's Prior Order**

In the alternative, Defendants request that the pages from deposition transcripts and deposition exhibits of Mr. Wright, Mr. Covington, and Dr. Brown that they do not rely on in the Motions in Limine be reviewed under seal. Each of these deposition transcripts, with exhibits,

3

has already been filed under seal in unredacted form with the Clerk's Office, in accordance with the Court's October 10, 2019 Order.  (*See* Docs. 286, 287.)  Defendants request that these materials remain under seal, or, if the Court prefers, to refile these materials under seal.

Sealing is necessary because the transcripts contain confidential information, which is not relied upon by Defendants in the Motions in Limine.  Defendants have proposed an alternative and less onerous approach to sealing in seeking leave to file only excerpts containing the pages of the deposition transcripts that Defendants reference in the Motions in Limine.  For the reasons discussed below, sealing is proper, because the Court does not need to rely on these extra materials in ruling on the Motions in Limineand therefore the extra materials are not judicial documents.  In the event the Court ultimately relies upon the sealed materials, Defendants are willing to review and make unsealed those portions of the sealed materials that the Court actually relies upon and which become a part of the judicial record.  Because Defendants would prefer to not file full transcripts on the public docket, Defendants request that the information be sealed indefinitely, or until such time as they become relied upon by the Court.

"[Courts] have discretion to determine which portions of the record should be placed under seal, but [its] discretion is guided by the presumption of public access to judicial documents." *Perez-Guerrero v. U.S. Atty. Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). "'[J]udicial documents' have been defined as 'materials on which a court relies in determining the litigants' substantive rights.'" *United States v. Byrd*, 11 F. Supp. 3d 1144, 1148 (S.D. Ala. 2014) (citation omitted).  Courts "traditionally distinguish between those items which may properly be considered public or judicial records and those that may not; the media and public presumptively have access to the former, but not to the latter." *Perez-Guerrero,* 717 F.3d at 1235.

4

Here, because Defendants do not rely upon any of the extra materials the Court need not consider them to decide the parties' substantive rights in the Motions in Limine.  Thus, there is no basis to determine that these materials are judicial documents at this time.  Moreover, certain of the transcript sections and deposition exhibits not relied upon contain the parties' confidential information or information related to third parties for which there is a legitimate privacy interest that outweighs the public interest and favors sealing.  *See Arthrex, Inc. v. Parcus Med., LLC*, No. 11-CV-694-FTM-29CM, 2014 WL 1569149, at *4 (M.D. Fla. Apr. 17, 2014) (granting unopposed motion to seal where parties express harm to "legitimate privacy and proprietary interests"); *NXP B.V. v. Blackberry Ltd.*, No. 12-CV498-ORLYK-TBS, 2014 WL 12622459, at *2 (M.D. Fla. Mar. 17, 2014) (granting motion to seal information designated "Confidential" in litigation between private parties).

Plaintiff remains free to cite whatever counter-designations or factual evidence it deems appropriate in response to the Motions in Limine.  Moreover, Plaintiff and Defendants can work collaboratively to determine whether Plaintiffs' counter-designations can be made public or limit any necessary sealing.  If the Court ultimately relies on the sealed materials in determining the parties' rights, it can order that information be made unsealed.  Such an approach would be consistent with the Local Rules that state "transcripts of oral depositions shall not be filed unless and until requested by a party or ordered by the Court."  Local Rule 3.03(c).

Accordingly, Defendants request that if the Court denies leave to file only excerpts of deposition transcripts, that the full transcripts and exhibits cited therein continue to be reviewed under seal, or be refiled under seal.

II. **DEFENDANTS MOVE TO SEAL CERTAIN DEPOSITION EXCERPTS PURSUANT TO THE PARTIES' CONFIDENTIALITY AGREEMENT**

Defendants also move to seal, in their entirety, both the excerpts and the full transcripts of (a) the March 6, 2018 deposition of Graham Leary, which are Exhibits 3 and 4 to the Declaration of Jill O'Toole (Doc. 325) submitted in support of Defendants' Omnibus Motion; (b) the February 13, 2018 deposition of Dr. John Connor, which is Exhibit 6 to the Declaration of Nathan P. Eimer (Doc. 322) submitted in support of Defendants' Dr. Brown Motion; and (c) the June 22, 2018 deposition of Dr. John Connor, which is Exhibit 4 to the Declaration of Nathan P. Eimer (Doc. 322) submitted in support of Defendants' Dr. Brown Motion. Defendants also seek leave to redact excerpts of Dr. Connor's deposition testimony that are quoted in Defendants' Dr. Brown Motion. (Doc. 321.) The full deposition transcripts with exhibits for these three individuals have been filed under seal with the Clerk's office pursuant to this Court's October 10, 2019 Order. (*See* Docs. 286, 287.)

Filing the excerpts of the March 6, 2018 deposition transcript of Graham Leary is necessary because it demonstrates Mr. Leary's lack of knowledge about the topics for which he was designated to testify as Winn-Dixie's corporate representative. Mr. Leary's testimony thus supports Defendants' motion in limine to exclude testimony from Winn-Dixie about its purchases of dairy products, for which Winn-Dixie's Rule 30(b)(6) representative was not knowledgeable. Filing the excerpts of and quoting to the February 13, 2018 and June 22, 2018 deposition transcripts of Dr. John Connor is also necessary because the excerpts demonstrate that Winn-Dixie's expert, Dr. Connor, did not rely on Dr. Scott Brown for any part of Winn-Dixie's damages model. Dr. Connor's testimony thus supports Defendants' motion to exclude from evidence the opinions and work product of Dr. Brown.

6

Defendants seek to seal these transcripts pursuant to section 9(a) of the Confidentiality Agreement which precludes public filing of materials designated Highly Confidential Materials or Confidential Materials without Plaintiff's permission. Section 9(a) of the Confidentiality Agreement states that "[n]o pleading or document containing Confidential Material or Highly Confidential Material shall be filed in the public record without the written permission of the Producing Party or a court's order," and requires that "[t]he parties shall comply with Local Rule 1.09." Winn-Dixie's counsel has informed Defendants' counsel that it objects to the public filing of the deposition transcript excerpts of Dr. Connor and Mr. Leary, both as exhibits to the Motions in Limine and as quoted in the Brown Motion, and seeks the sealing of these excerpts.

Defendants believe that the excerpts of the depositions of Mr. Leary and Dr. Connor that Defendants rely on in their Motions in Limine may be filed publicly. Defendants therefore oppose the sealing of the excerpts referenced in the Motions in Limine. Defendants have filed a redacted version of the Brown Motion and are filing this sealing motion solely to comply with their obligations under the Confidentiality Agreement. But standing alone, the existence of a confidentiality agreement between parties is insufficient to preclude public access to court documents. In addition, precluding access to court documents is generally inappropriate where, as here, they relate to a dispositive motion or substantive motion to preclude evidence at trial. Finally, Defendants oppose sealing the deposition transcript excerpts because Winn-Dixie failed to comply with the procedures in the Confidentiality Agreement for designating deposition testimony as confidential.

In evaluating a motion to seal, courts balance a party's interest in keeping the information confidential against the public interest in accessing court documents. *See Romero v. Drummond Co., Inc.,* 480 F.3d 1234, 1246 (11th Cir. 2007). "This right [of access] includes the right to

inspect and copy public records and documents. This right of access is not absolute, however [and] may be overcome by a showing of good cause." *Id.* at 1245 (internal citation omitted; internal quotation marks omitted). In balancing these two interests, courts consider "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* at 1246. Plaintiffs cannot make these showings based solely on the operation of confidentiality agreement and thus cannot demonstrate good cause.

It is well established that the existence of a confidentiality agreement is insufficient on its own to overcome the public interest in accessing court documents. *See TMH Med. Servs., LLC v. Nat'l Union Fire Ins. Co. of Pittsburg, PA,* No. 617CV920ORL37DCI, 2018 WL 1918262, at *3 (M.D. Fla. Jan. 17, 2018) (denying motion to seal based on existence of confidentiality agreement); *Schojan v. Papa John's Int'l, Inc.*, No. 8:14-CV-1218-T-33MAP, 2014 WL 4674340, at *2 (M.D. Fla. Sept. 18, 2014) (same). "[T]he parties' private agreement concerning confidentiality does not bind the Court, whether or not the parties agree that documents 'shall' be under seal." *TMH Med. Servs., LLC.*, 2018 WL 1918262, at *3 (citation omitted).

Moreover, Defendants oppose the sealing of the deposition transcript excerpts because Plaintiffs failed to comply with section 4(d) of the Confidentiality Agreement in designating those transcripts confidential. Section 4(d) states that:

> The designation of Confidential Material or Highly Confidential Material for the purposes of this Agreement shall be made in the following manner: . . . (d) In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure, or (ii) by written notice sent to all counsel of record for the Parties within fifteen business days after receipt of the

8

>transcript of the deposition unless the parties agree to an extension of this time period for designation. (Ex. A, 2-3)

Winn-Dixie did not follow any of the procedures identified in Section 4(d), including designating testimony as confidential on the record or providing a follow-on written notice within **fifteen days** of receipt of the deposition transcript. Instead, Winn-Dixie first provided a blanket designation of "highly confidential" of all of the foregoing deposition transcripts on August 16, 2018, in response to a prior inquiry regarding sealing by Defendants. To the extent such a blanket designation constitutes written notice under section 4(d)—which Defendants contend it does not—that notice was well past the fifteen business day cut-off.

For the foregoing reasons, Defendants respectfully request that the deposition excerpts of Mr. Leary and Dr. Connor be allowed to be filed publicly, and that the motion to seal such deposition excerpts be denied.

## CONCLUSION

Defendants respectfully request that (a) Defendants be allowed to publicly file the excerpts only of the deposition transcripts of Joseph Wright, Calvin Covington, and Dr. Scott Brown, and (b) the motion to seal the excerpts of the deposition testimony of Graham Leary and Dr. John Connor be denied and Defendants be allowed to publicly file the excerpts on which they rely in their Motions in Limine.

## RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned certifies that they have conferred with counsel for Plaintiff, and that Plaintiff opposes the relief sought in this motion.

DATED:  November 25, 2019       Respectfully submitted,

By: */s/ Cindy A. Laquidara*

Cindy A. Laquidara
Florida Bar No. 394246
AKERMAN LLP
50 North Laura Street, Suite 3100
Jacksonville, FL 32202
Telephone: (904) 798-3700
Facsmile: (904) 798-3730
Email: cindy.laquidara@akerman.com

*Attorneys for Defendants National Milk Producers Federation; Southeast Milk, Inc.; Dairy Farmers of America, Inc.; Land O'Lakes, Inc.; and Agri-Mark, Inc.*

Jonathan B. Sallet
District of Columbia Bar No. 336198
John J. Kavanagh
New York Bar No. 2858074
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
jsallet@steptoe.com
jkavanagh@steptoe.com

*Attorneys for Defendant National Milk Producers Federation aka Cooperatives Working Together*

Michael J. Beaudine, Esq.

Florida Bar No. 0772763
LATHAM, LUNA, EDEN & BEAUDINE, LLP
111 N. Magnolia Avenue, Suite 1400
Orlando, FL 32801
Telephone: (407) 481-5800
Facsimile: (407) 481-5801
beaudine@lseblaw.com

*Attorneys for Defendant Southeast Milk, Inc.*


W. Todd Miller
District of Columbia Bar No. 414930
Lucy S. Clippinger
New York Bar No. 5105796
BAKER & MILLER PLLC
2401 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20037
Telephone: (202) 663-7820
Facsimile: (202) 663-7849
tmiller@bakerandmiller.com
lclippinger@bakerandmiller.com

*Attorneys for Defendant Dairy Farmers of America, Inc.*


Nathan P. Eimer
Illinois Bar No. 00735353
Scott C. Solberg
Illinois Bar No. 6204487
Ben E. Waldin
Illinois Bar No. 6317991
Sarah H. Catalano
Illinois Bar No. 6320731
EIMER STAHL LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
Telephone: (312) 660-7600
Facsimile: (312) 692-1718
neimer@eimerstahl.com
ssolberg@eimerstahl.com
bwaldin@eimerstahl.com
scatalano@eimerstahl.com

*Attorneys for Defendant Land O'Lakes, Inc.*

Jill M. O'Toole
Connecticut Bar No. 414338
SHIPMAN & GOODWIN LLP
One Constitution Plaza
Hartford, CT 06103
Telephone: (860) 251-5000
Facsimile: (860) 251-5218
jotoole@goodwin.com

*Attorneys for Defendant Agri-Mark, Inc.*

12

## CERTIFICATE OF SERVICE

I certify that on November 25, 2019, I electronically filed the foregoing with the Clerk of Court pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Cases of this Court by using the CM/ECF System, which will send a notice of electronic filing to all counsel of record.

Dated:  November 25, 2019                                         /s/ *Cindy A. Laquidara*

*Attorney for Defendants National Milk Producers Federation; Southeast Milk, Inc.; Dairy Farmers of America, Inc.; Land O'Lakes, Inc.; and Agri-Mark, Inc.*