# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

|  |  |
|---|---|
| WINN-DIXIE STORES, INC., | |
| Plaintiff, | Case No. 03:15-cv-1143-JBT |
| v. | |
| SOUTHEAST MILK, INC., *et al.*, | |
| Defendants. | |

## DEFENDANTS' OPPOSITION TO WINN DIXIE'S MOTION *IN LIMINE* #15 TO PRECLUDE DEFENDANTS FROM INTRODUCING EVIDENCE AT TRIAL RELATING TO OR REFERENCING STATEMENTS (PAST AND PRESENT) FROM FARMERS AND ABOUT FARMER PROFITABILITY

## I.    INTRODUCTION

Defendants respectfully submit this objection to Plaintiff Winn-Dixie's Motion *in Limine* #15 to Preclude Defendants from Introducing Evidence at Trial Relating to Or Referencing Statements (Past and Present) From Farmers and About Farmer Profitability ("W-D MIL #15").  In this case about the plight of dairy farmers, Winn-Dixie argues that farmer statements should be excluded because such statements are hearsay for which no hearsay exception applies and because all farmer statements, past and present, are irrelevant.[1] Winn Dixie argues that statements about farmer profitability, whether made by

---

[1] In its Motion, Winn-Dixie, as an aside, claims that the farmers listed in Defendants' Amended Rule 26(a) Disclosures "were untimely."  *See* W-D MIL #15 at 3.  Defendant's MIL # 15 is Winn-Dixie's latest, but not its first, effort to exclude farmer testimony in this matter.  In response to the first challenge to from Winn-Dixie, the Magistrate Judge addressed the question of the timeliness of Defendants' Rule 26(a) Disclosure amendments in the June 27, 2018 Order (Doc. No. 178), at pp. 14-15, denying Winn-Dixie's motion to

a farmer or someone else, should be excluded because farmer profitability was not a factor in the selection of bids under the Herd Retirement Program ("HRP"), and because Defendants have not produced information about specific farmer profitability. Winn-Dixie's Motion should be denied on both grounds.

## II.    LEGAL STANDARD

District courts possess "broad discretion to admit evidence if it has any tendency to prove or disprove a fact in issue." *United States v. Norton*, 867 F.2d 1354, 1361 (11th Cir. 1989). "Conversely . . . the court's discretion to exclude evidence under Rule 403 is narrowly circumscribed." *Id.* "The balance under [] Rule [403], therefore, should be struck in favor of admissibility." *Id.* "The district court is vested with considerable discretion to admit [] probative evidence, [and] its decision will not form the basis for reversible error unless the defendant can demonstrate abuse of that discretion." *Id.* (internal quotation mark omitted).

## III.    ARGUMENT

### A.    Prior Statements from Farmers Are Admissible Under Federal Rule of Evidence 801(c).

Winn-Dixie argues that prior statements from farmers are out of court statements, that do not fall within any exception to the hearsay rule and therefore must be excluded. W-D MIL # 15 at 2. However, Winn-Dixie ignores the fact that such statements are admissible if they are not offered for the truth of the matter asserted. Because Defendants do not intend to offer prior farmer statements for the truth of the matter asserted, such

---

strike under Rule 37(c), which this Court then affirmed in its July 30, 2018 Order (Doc. No. 184), at pp. 4-5.

50961953;1

statements are admissible under Rule 801(c).  Defendants will not offer prior statements regarding a particular farmer's situation to prove that farmer actually experienced financial distress or engaged in a particular farm management practice.  Rather, Defendants will offer those prior statements to show the industry conditions under which CWT was formed and operated, as well as the tools available to farmers to respond to those situations inside and outside of the CWT program

### B.     Prior Statements and Live Testimony from Farmers Are Relevant and Should Not Be Excluded Under Rule 403.

Defendants are organizations of farmers and are entirely owned and controlled by farmers.  Farmer testimony will enable Defendants to explain to the jury how dairy farming works (and, to the extent necessary, to correct any misstatements about dairy farming by Winn-Dixie's expert economist), what a cooperative is and how it works and to explain the HRP from the farmer's perspective.  Among other things, the farmers may testify to: (1) how the HRP worked at the farm level; (2) whether and why they and their neighbors supported it; (3) what they expected from the HRP and whether those expectations were fulfilled; (4) whether the farmers who took buyouts during HRP were "forced out" as claimed by Winn-Dixie or chose to bid for buyouts; and (5), with respect to farmers who did not bid for buyouts, why not and how they managed their business during the HRP period.  Farmers who did not sell their milking cows through the HRP (or who sold their milking cows through the HRP and re-entered dairy farming) may also testify as to the fact that the HRP did not put any restraints on their milk production.  Farmer testimony is relevant to whether the HRP was an unreasonable agreement to restrain supply and what impact—if any—it had on milk production.

Contrary to Winn-Dixie's assertions, farmer statements will not be offered to "create an improper emotional appeal," but to explain the motivation for, purpose, and operation of the program challenged in this case and the context surrounding the dairy industry in which that program operated.

### C.  Evidence Relating to General and Specific Farmer Profitability is Relevant and Should Not Be Excluded Under Rule 403.

Winn-Dixie argues that evidence related to farmer profitability should be excluded because it is irrelevant, unduly prejudicial, cannot be considered, and Defendants have not provided enough detail about specific farmer profitability. Each of these arguments fail.

The fact that farmer profitability was not considered in the selection of bids under the HRP, does not mean that such information is irrelevant to Defendants' defenses. Farmer profitability relates to the effects of the program; farmers who were profitable may have increased production, while other, less-profitable farmers may have reduced their production even without the HRP. Further, the conditions of the dairy industry before, during, and after the HRP, and the conditions of individual dairy farmers are relevant to Defendants' argument that any anticompetitive effects were outweighed by the program's pro-competitive benefits.

Winn-Dixie cites *United States v. Socony-Vacuum Oil, Co.*, 310 U.S. 150 (1946), and a final pretrial order in a criminal case from the Northern District of California, *U.S. v. Swanson*, No. CR 06-0692 PJH (N.D. Cal. Nov. 16, 2007) for the proposition that evidence of farmer profitability must be excluded. But both *Socony-Vacuum* and *Swanson* involved cases subject to the *per se* liability standard. Neither precludes the use of evidence of farmer profitability in a rule of reason case to show the rationale for Defendants' conduct.

4

Therefore, this motion is also premature to the extent that the Court has not determined if the rule of reason or per se standard should apply to the Herd Retirement Program.

### III.   <u>CONCLUSION</u>

For the foregoing reasons, the Winn-Dixie's Motion *in Limine* #15 to Preclude Defendants from Introducing Evidence at Trial Relating to Or Referencing Statements (Past and Present) From Farmers and About Farmer Profitability should be denied.

DATED:        December 2, 2019                Respectfully submitted,

By: */s/ Cindy A. Laquidara*

Cindy A. Laquidara
Florida Bar No. 394246
AKERMAN LLP
50 North Laura Street, Suite 3100
Jacksonville, FL 32202
Telephone: (904) 798-3700
Facsimile: (904) 798-3730
Email: cindy.laquidara@akerman.com
*Attorneys for Defendants National Milk Producers*
*Federation; Southeast Milk, Inc.; Dairy Farmers of*
*America, Inc.; Land O'Lakes, Inc.; and Agri-Mark, Inc.*

Jonathan B. Sallet
District of Columbia Bar No. 336198
John J. Kavanagh
New York Bar No. 2858074
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
jsallet@steptoe.com
jkavanagh@steptoe.com
*Attorneys for Defendant National Milk Producers*
*Federation aka Cooperatives Working Together*

Michael J. Beaudine, Esq.
Florida Bar No. 0772763
LATHAM, LUNA, EDEN & BEAUDINE, LLP
111 N. Magnolia Avenue, Suite 1400
Orlando, FL 32801
Telephone: (407) 481-5800
Facsimile: (407) 481-5801
beaudine@lathamluna.com
*Attorneys for Defendant Southeast Milk, Inc.*

6

W. Todd Miller
District of Columbia Bar No. 414930
Lucy S. Clippinger
New York Bar No. 5105796
BAKER & MILLER PLLC
2401 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20037
Telephone: (202) 663-7820
Facsimile: (202) 663-7849
tmiller@bakerandmiller.com
lclippinger@bakerandmiller.com
*Attorneys for Defendant Dairy Farmers of America, Inc.*

Nathan P. Eimer
Illinois Bar No. 00735353
Scott C. Solberg
Illinois Bar No. 6204487
Ben E. Waldin
Illinois Bar No. 6317991
Sarah H. Catalano
Illinois Bar No. 6320731
EIMER STAHL LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
Telephone: (312) 660-7600
Facsimile: (312) 692-1718
neimer@eimerstahl.com
ssolberg@eimerstahl.com
bwaldin@eimerstahl.com
scatalano@eimerstahl.com
*Attorneys for Defendant Land O'Lakes, Inc.*

Jill M. O'Toole
Connecticut Bar No. 414338
SHIPMAN & GOODWIN LLP
One Constitution Plaza
Hartford, CT 06103
Telephone: (860) 251-5000
Facsimile: (860) 251-5218
jotoole@goodwin.com
*Attorneys for Defendant Agri-Mark, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 2, 2019, I electronically filed the foregoing with the Clerk of Court pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Cases of this Court by using the CM/ECF System, which will send a notice of electronic filing to all counsel of record.

*/s/ Cindy A. Laquidara*

*Attorney for Defendants National Milk*
*Producers Federation; Southeast Milk, Inc.;*
*Dairy Farmers of America, Inc.;*
*Land O'Lakes, Inc.; and Agri-Mark, Inc.*

8