# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| WINN-DIXIE STORES, INC., <br><br> Plaintiff, <br><br> v. <br><br> SOUTHEAST MILK, INC., *et al.*, <br><br> Defendants. | Case No. 3:15-cv-01143-J-39-BJD-JBT |

## DEFENDANTS' UNOPPOSED MOTION (A) TO SEAL CERTAIN DOCUMENTS, AND (B) FOR LEAVE TO FILE CERTAIN DEPOSITION TRANSCRIPTS IN EXCERPTED FORM; AND INCORPORATED MEMORANDUM OF LAW

Defendants Southeast Milk, Inc., Dairy Farmers of America, Inc., Land O'Lakes, Inc., Agri-Mark, Inc., and National Milk Producers Federation (collectively "Defendants") move, in accordance with the Court's December 3, 2019 Order (Doc. 352) and pursuant to Rule 5.2 of the Federal Rules of Civil Procedure, and Local Rule 1.09, for leave to seal Exhibit 7 to Plaintiff's Response in Opposition to Defendants' Omnibus Motion in Limine (Doc. 349) ("Plaintiff's Omnibus Opposition"), and Exhibit 5 to Plaintiff's Response in Opposition to Defendants' Motion in Limine to Exclude From Evidence The Opinions and Work Product of Dr. Scott Brown (Doc. 350) ("Plaintiff's Brown Opposition"). Defendants also move for leave to file certain deposition transcripts in excerpted form, as contained in Exhibits 3, 5, 8, and 20 to Plaintiff's Omnibus Opposition (Doc. 349), and in Exhibits 1 through 4 to Plaintiff's Brown Opposition (Doc. 350). Each of the deposition excerpts that are the subject of this motion is part of a deposition transcript that has already been filed under seal with the Clerk's office pursuant to this Court's October 10, 2019 Order. (See Docs. 286, 287).

I. **DEFENDANTS SEEK TO SEAL CERTAIN EXHIBITS TO PLAINTIFF'S OMNIBUS OPPOSITION AND BROWN OPPOSITION**

A. **The Identification of the Documents to be Sealed**

Defendants move to seal, in their entirety, Exhibit 7 to Plaintiff's Omnibus Opposition (Doc. 349) and Exhibit 5 to Plaintiff's Brown Opposition (Doc. 350), both of which consist of excerpts from the deposition of Scott Brown. In light of the sensitive nature of the information in these documents, and consistent with the Court's prior sealing Order (Doc. 286), Defendants request that they remain under seal for three years, and reserve the right to request the extension of the sealing period.

B. **Because Plaintiff Has Deemed the Foregoing Documents to Be Necessary to Plaintiff's Oppositions to Defendants' Motions *in Limine*, They Now Need to Be Sealed to Protect Sensitive Personal and Commercial Information**

Exhibit 7 to Plaintiff's Omnibus Opposition and Exhibit 5 to Plaintiff's Brown Opposition consists of excerpts from the November 7, 2014 deposition of Dr. Scott Brown, taken in *Edwards, et al. v. National Milk Producers Federation, et al.*, No. 4:11-cv-4766-JWS (NJV) (N.D. Cal.). Plaintiff has deemed these transcript excerpts to be necessary to its opposition to Defendants' motions *in limine*. The entirety of Dr. Brown's transcript has already been filed under seal in unredacted form with the Clerk's Office, in accordance with the Court's October 10, 2019 Order. (*See* Docs. 286, 287.) Dr. Brown is a not a party to this case, and does not serve as an expert for either party in this case. Dr. Brown's deposition was taken in a separate case, was designated as confidential and remains subject to the Protective Order in that case. In addition, the deposition excerpts Winn-Dixie includes as Exhibit 5 include sensitive personal information about Dr. Brown's compensation. The nature and amount of Dr. Brown's

2

compensation is not relevant to Plaintiff's Brown Opposition, which relates to the admissibility of Dr. Brown's opinions and work product. Particularly because Dr. Brown is not a party to this case, the transcript excerpts contained in Exhibit 5 and 7 should be maintained under seal to protect Dr. Brown's privacy interests. In light of Plaintiff's inclusion of these exhibits, sealing is the only satisfactory means to preserve the privacy interests of Dr. Brown.

In evaluating a motion to seal, courts balance a party's interest in keeping the information confidential against the public interest in accessing court documents. *See Romero v. Drummond Co., Inc.,* 480 F.3d 1234, 1246 (11th Cir. 2007). "This right [of access] includes the right to inspect and copy public records and documents. This right of access is not absolute, however [and] may be overcome by a showing of good cause." *Id.* at 1245 (internal citation omitted; internal quotation marks omitted). In balancing these two interests, courts consider "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* at 1246.

Courts in the Eleventh Circuit routinely permit the sealing of confidential and proprietary information that would place the producing party at a competitive disadvantage and/or harm business relationships. *See, e.g.*, *Local Access, LLC v. Peerless Network, Inc.*, No. 614CV399ORL40TBS, 2017 WL 2021761, at *3-4 (M.D. Fla. May 12, 2017) (finding good cause to seal documents containing confidential and proprietary financial and business information when there is high likelihood of damage to the producing party's business if documents were to be made public); *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*,

No. 3:10-CV-978-J-37JBT, 2011 WL 5357843, at *4 (M.D. Fla. Nov. 1, 2011) (finding good cause to seal documents containing highly confidential and propriety information indefinitely where public disclosure would be harmful for the producing party). Similarly, courts in the Eleventh Circuit routinely permit the sealing of personal financial information, particularly where it concerns non-parties. *See, e.g., Regions Bank v. Kaplan,* No. 8:12-CV-1837-T-17MAP, 2017 WL 6335902, at *3 (M.D. Fla. Dec. 8, 2017) (sealing personal financial information, holding that legitimate privacy interest outweighs the presumption of access to court proceedings); *Reid v. Viacom Int'l Inc.*, No. 1:14-CV-1252-MHC, 2016 WL 4157208, at *4–5 (N.D. Ga. Jan. 25, 2016) (sealing personal financial information).

### C. Duration

For all the foregoing reasons, the privacy interests here outweigh the public's right of access, and the above-described exhibits should be maintained under seal. Defendants request that they be sealed for a duration of three years, subject to renewal by any party, consistent with this Court's October 21, 2019 Order. (*See* Doc. 286, at 4.)

## II. LEAVE SHOULD BE GRANTED TO FILE CERTAIN DEPOSITION TRANSCRIPTS IN EXCERPTED FORM

Plaintiff's Omnibus Opposition (Doc. 349) and Plaintiff's Brown Opposition (Doc. 350) also includes as exhibits excerpts from the depositions of several of Defendants' witnesses: Jerry Kozak (Ex. 3 to Doc. 349; Ex. 4 to Doc. 350); Edward Gallagher (Ex. 5 to Doc. 349; Ex. 1 to Doc. 350); Thomas Wegner (Ex. 8 to Doc. 349; Ex. 2 to Doc. 350); and John Wilson (Ex. 20 to Doc. 349; Ex. 3 to Doc. 350). Defendants believe the excerpts contained in these exhibits may be filed publicly. The full deposition transcripts with exhibits for these four individuals have been filed under seal with the Clerk's office pursuant to this Court's October 10, 2019 Order. (*See* Docs. 286, 287).

4

### A. The Public Filing of Deposition Excerpts Is Appropriate

Defendants recognize that this Court has a preference for full deposition transcripts and exhibits cited therein to be filed. This Court has ample authority under Fed. R. Civ. P. 16, however, to make rulings on case management issues determined to be just and in the interest of judicial economy. In this instance, if the parties were to file the full deposition transcripts and exhibits, it may be necessary to ask the Court to review hundreds of pages of deposition transcripts and dozens of deposition exhibits that may have no bearing on Plaintiff's Omnibus Opposition and Brown Opposition, and rule on motions to seal elements of the foregoing. Here, Plaintiff does not rely on the deposition material of any Defendant witness beyond the excerpts included as exhibits. Because Plaintiff does not rely on these extra materials in its opposition briefs, and because this Court has already permitted the full transcripts and exhibits to be filed under seal, Defendants move—in the interest of judicial economy—for permission that excerpts of deposition transcripts instead of full versions of the deposition transcripts be filed. If the Court prefers, the full deposition transcripts and exhibits may be refiled under seal.

### B. In the Alternative, Defendants Seek for the Extra Materials to Be Reviewed Under Seal, or Seek to File the Extra Materials Under Seal in Accordance with this Court's Prior Order

In the alternative, Defendants request that the pages from deposition transcripts and deposition exhibits of Mr. Kozak, Dr. Wilson, Mr. Wegner, and Mr. Gallagher that Plaintiff does not rely on in Plaintiff's Omnibus Opposition and Brown Opposition be reviewed under seal. Each of these deposition transcripts, with exhibits, has already been filed under seal in unredacted form with the Clerk's Office, in accordance with the Court's October 10, 2019 Order.

(*See* Docs. 286, 287.)  Defendants request that these materials remain under seal, or, if the Court prefers, to refile these materials under seal.

Sealing is necessary because the transcripts contain confidential information, which is not relied upon by Plaintiff in its opposition briefs.  Defendants have proposed an alternative and less onerous approach to sealing in seeking leave to file only excerpts containing the pages of the deposition transcripts that Plaintiff references in Plaintiff's Omnibus Opposition and Brown Opposition.  In the event the Court ultimately relies upon the sealed materials, Defendants are willing to review and make unsealed those portions of the sealed materials that the Court relies upon and which become a part of the judicial record.  Because Defendants would prefer to not file full transcripts on the public docket, Defendants request that the information be sealed indefinitely, or until such time as they become relied upon by the Court.

"[Courts] have discretion to determine which portions of the record should be placed under seal, but [its] discretion is guided by the presumption of public access to judicial documents."  *Perez-Guerrero v. U.S. Atty. Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013).  "'[J]udicial documents' have been defined as 'materials on which a court relies in determining the litigants' substantive rights.'"  *United States v. Byrd*, 11 F. Supp. 3d 1144, 1148 (S.D. Ala. 2014) (citation omitted).  Courts "traditionally distinguish between those items which may properly be considered public or judicial records and those that may not; the media and public presumptively have access to the former, but not to the latter."  *Perez-Guerrero,* 717 F.3d at 1235.

Here, because neither Plaintiff nor Defendants rely upon any of the extra materials, the Court need not consider them to decide the parties' substantive rights.  Thus, there is no basis to determine that these materials are judicial documents at this time.  Moreover, certain of the

transcript sections and deposition exhibits not relied upon contain the parties' confidential information or information related to third parties for which there is a legitimate privacy interest that outweighs the public interest and favors sealing. *See Arthrex, Inc. v. Parcus Med., LLC*, No. 11-CV-694-FTM-29CM, 2014 WL 1569149, at *4 (M.D. Fla. Apr. 17, 2014) (granting unopposed motion to seal where parties express harm to "legitimate privacy and proprietary interests"); *NXP B.V. v. Blackberry Ltd.*, No. 12-CV498-ORLYK-TBS, 2014 WL 12622459, at *2 (M.D. Fla. Mar. 17, 2014) (granting motion to seal information designated "Confidential" in litigation between private parties).

Accordingly, Defendants request that if the Court denies leave to file only excerpts of deposition transcripts, that the full transcripts and exhibits cited therein continue to be reviewed under seal, or be refiled under seal.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court (a) grant their motion to seal Exhibit 7 to Plaintiff's Omnibus Opposition (Doc. 349) and Exhibit 5 to Plaintiff's Brown Opposition (Doc. 350); and (b) grant leave to publicly file only the excerpts of the deposition testimony of Jerry Kozak, John Wilson, Thomas Wegner, and Edward Gallagher, as contained in Exhibits 3, 5, 8, and 20 to Plaintiff's Omnibus Opposition (Doc. 349), and in Exhibits 1 through 4 to Plaintiff's Brown Opposition (Doc. 350).

**RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), the undersigned certifies that they have conferred with counsel for Plaintiff, and that Plaintiff consents to the relief sought in this motion.

Dated:  December 10, 2019              Respectfully submitted,

By: */s/ Cindy A. Laquidara*
Cindy A. Laquidara
Florida Bar No. 394246
AKERMAN LLP
50 North Laura Street, Suite 3100
Jacksonville, FL 32202
Telephone: (904) 798-3700
Facsimile: (904) 798-3730
cindy.laquidara@akerman.com

*Attorneys for Defendants Southeast Milk, Inc., National Milk Producers Federation, Dairy Farmers of America, Inc., Land O'Lakes, Inc., and Agri-Mark, Inc.*

Michael J. Beaudine
Florida Bar No. 0772763
LATHAM, LUNA, EDEN & BEAUDINE, LLP
111 N. Magnolia Avenue, Suite 1400
Orlando, FL 32801
Telephone: (407) 481-5800
Facsimile: (407) 481-5801
beaudine@lathamluna.com

*Attorneys for Defendant Southeast Milk, Inc.*

W. Todd Miller
District of Columbia Bar No. 414930
Lucy S. Clippinger
New York Bar No. 5105796
BAKER & MILLER PLLC
2401 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20037
Telephone: (202) 663-7820
Facsimile: (202) 663-7849
tmiller@bakerandmiller.com
lclippinger@bakerandmiller.com

*Attorneys for Defendant Dairy Farmers of America, Inc.*

Nathan P. Eimer
Illinois State Bar No. 00735353
Scott C. Solberg
Illinois State Bar No. 6204487
Ben E. Waldin
Illinois State Bar No. 6317991
EIMER STAHL LLP
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
Telephone: (312) 660-7600
Facsimile: (312) 692-1718
neimer@eimerstahl.com
ssolberg@eimerstahl.com
bwaldin@eimerstahl.com

*Attorneys for Defendant Land O'Lakes, Inc.*

Jill M. O'Toole
Connecticut No. 414338
Diane C. Polletta
Connecticut No. 428468
John J. DiMarco
Connecticut No. 435220
SHIPMAN & GOODWIN LLP
One Constitution Plaza
Hartford, CT 06103
Telephone: (860) 251-5000
Facsimile: (860) 251-5218
jotoole@goodwin.com
dpolletta@goodwin.com
jdimarco@goodwin.com

*Attorneys for Defendant Agri-Mark, Inc.*

Jonathan B. Sallet
District of Columbia Bar No. 336198
John J. Kavanagh
New York Bar No. 2858074
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

9

jsallet@steptoe.com
jkavanagh@steptoe.com

*Attorneys for Defendant National Milk Producers Federation aka Cooperatives Working Together*

## **CERTIFICATE OF SERVICE**

      I certify that on December 10, 2019, I electronically filed the foregoing with the Clerk of Court pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Cases of this Court by using the CM/ECF System, which will send a notice of electronic filing to all counsel of record.

                                                  /s/ *Cindy A. Laquidara*_____
                                                  Cindy A. Laquidara, Esq.