UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WINN-DIXIE STORES, INC.,

    Plaintiff,

v.                                                                    CASE NO. 3:15-cv-1143-J-39JBT

SOUTHEAST MILK, INC., et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendants' Unopposed Motion (A) to Seal Certain Documents, and (B) for Leave to File Certain Deposition Transcripts in Excerpted Form ("Motion") (Doc. 353). For the reasons set forth herein, the Motion is due to be **GRANTED**.

**I.    Standard**

The public has a "common-law right of access to judicial proceedings," which "includes the right to inspect and copy public records and documents." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quotations omitted). "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Id.*

However, "[t]he common law right of access may be overcome by a showing of good cause, which requires balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential." *Id.* at

1246 (quotations omitted) (listing the factors to be considered in balancing these interests). Even in the absence of a third party challenging the protection of information, the Court, as "the primary representative of the public interest in the judicial process," is duty bound "to review any request to seal the record (or part of it) [and] may not rubber stamp a stipulation to seal the record." *Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F. Supp. 2d 1353, 1363 (N.D. Ga. 2002).

## II. Analysis

Defendants seek to have Exhibits 1–4, 33, and 34 to Plaintiff's Motion *In Limine* #13 (Doc. 335) and Exhibits 78 and 126 to Plaintiff's Motion *In Limine* #17 (Doc. 336)[1] filed under seal. (Doc. 353.) Exhibits 1–4 and 33 consist of excerpts from the deposition transcripts of Dr. Scott Brown, Jerry Kozak, John Wilson, Thomas Wegner, and Richard Stammer. (*Id.* at 2, 5.) Pursuant to the Court's prior Order (Doc. 286), these deposition transcripts have already been filed in their entirety under seal.[2] (*See* Doc. 287.) Exhibit 34 contains "highly

---

[1] Document 336 is actually titled "Plaintiff's Motion *In Limine* to Admit Co-Conspirator Statements Under Federal Rule of Evidence 801(d)(2)(E)." Although that motion attaches only 32 exhibits, Exhibit 32 apparently lists 125 additional documents that contain "Exhibits 78 and 126" which are at issue in the instant Motion. (Doc. 353 at 3–4.) For ease of reference, the Court will use the same terminology used by Defendants in the Motion.

[2] Defendants acknowledge that excerpts from certain deposition transcripts may be filed on the public docket. (Doc. 353 at 5–6.) However, because the Court has already allowed the entire transcripts to be filed under seal and it is not entirely clear which excerpts may be at issue, the Court will direct Plaintiff to file the subject exhibits in their entirety under seal.

personal financial information" of Dr. Brown, who is not a party to this case. (Doc. 353 at 3.)  Exhibits 78 and 126 contain "commercially sensitive, nonpublic financial information" of Defendant Land O'Lakes that "could be used by [its] competitors to its competitive and commercial disadvantage."  (*Id.*)

Although these documents may be subject to the common law right of access, Defendants have shown good cause to have the Court seal the documents.  Additionally, in light of Defendants' representations regarding the subject documents, there appears to be no less restrictive method available to protect this information.  Moreover, Defendants' interest in preserving the confidentiality of the information outweighs any interest the public may have in this information.  *See Romero*, 480 F.3d at 1246 ("A party's privacy … interest in information sometimes overcomes the interest of the public in accessing the information.").  *See also Patent Asset Licensing, LLC v. Bright House Networks, LLC*, Case No. 3:15-cv-742-J-32MCR, 2016 WL 2991057 (M.D. Fla. May 24, 2016) (permitting a party to file confidential business information under seal); *Bastian v. United Servs. Auto. Assoc.*, Case No. 3:13-cv-1454-J-32MCR, 2014 WL 6908430 (M.D. Fla. Dec. 8, 2014) (same).  Therefore, good cause exists to seal the subject documents until further order of the Court.  *See* M.D. Fla. R. 1.09(c).

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 353**) is **GRANTED**.

3

2. **On or before December 13, 2019**, Plaintiff shall file Exhibits 1–4, 33, and 34 to its Motion *In Limine* #13 (Doc. 335) and Exhibits 78 and 126 to its Motion *In Limine* #17 (Doc. 336) **under seal**. These documents shall remain under seal until further order of the Court.

**DONE AND ORDERED** at Jacksonville, Florida on December 10, 2019.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record

4