UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WINN-DIXIE STORES, INC.,

        Plaintiff,

v.                              CASE NO. 3:15-cv-1143-J-39JBT

SOUTHEAST MILK, INC., et al.,

        Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendants' Unopposed Motion (A) for Leave to File Certain Deposition Transcripts in Excerpted Form; and (B) to Seal Certain Deposition Transcript Excerpts Pursuant to Confidentiality Agreement ("Motion") (Doc. 326).   For the reasons set forth herein, the Motion is due to be **GRANTED** to the extent stated herein.

### I.   Standard

The public has a "common-law right of access to judicial proceedings," which "includes the right to inspect and copy public records and documents." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quotations omitted).   "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access."   *Id.*

However, "[t]he common law right of access may be overcome by a showing of good cause, which requires balanc[ing] the asserted right of access

against the other party's interest in keeping the information confidential." *Id.* at 1246 (quotations omitted) (listing the factors to be considered in balancing these interests).   Even in the absence of a third party challenging the protection of information, the Court, as "the primary representative of the public interest in the judicial process," is duty bound "to review any request to seal the record (or part of it) [and] may not rubber stamp a stipulation to seal the record." *Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F. Supp. 2d 1353, 1363 (N.D. Ga. 2002).

## II.    Analysis

The parties seek to have Exhibits 1–5 to the Declaration of Jill O'Tool (Doc. 325) and Exhibits 3, 4, and 6 to the Declaration of Nathan P. Eimer (Doc. 322) filed under seal.[1]   (Doc. 326.)   These exhibits consist of excerpts from the deposition transcripts of Joseph Wright, Calvin Covington, Dr. Scott Brown, Graham Leary, and Dr. John Connor.   (*Id.* at 2, 6.)   Additionally, Defendants seek leave to redact excerpts of Dr. Connor's deposition testimony that are quoted in Defendants' Motion *In Limine* regarding Dr. Brown ("Brown Motion") (Doc. 321), which has already been filed on the public docket in redacted form. (Doc. 326 at 6.)   Pursuant to the Court's prior Order (Doc. 286), all of the subject

---

[1] Although it appears that it is Plaintiff, rather than Defendants, who has a privacy interest in sealing certain exhibits, Plaintiff need not file a separate motion because, as set forth herein, all of the information at issue is already under seal.

deposition transcripts have already been filed in their entirety under seal.[2]   (*See* Doc. 287.)   Therefore, good cause exists to seal the subject transcripts, and an unredacted version of the Brown Motion, until further order of the Court.   *See* M.D. Fla. R. 1.09(c).

Accordingly, it is **ORDERED**:

1.   The Motion (**Doc. 326**) is **GRANTED** to the extent stated herein.

2.   **On or before December 18, 2019**, Defendant shall file Exhibits 1–5 to the Declaration of Jill O'Tool (Doc. 325), Exhibits 3, 4 and 6 to the Declaration of Nathan P. Eimer (Doc. 322), and an unredacted version of the Brown Motion (Doc. 321) **under seal**.   These documents shall remain under seal until further order of the Court.

**DONE AND ORDERED** at Jacksonville, Florida on December 13, 2019.

JOEL B. TOOMEY
United States Magistrate Judge

---

[2] Defendants acknowledge that excerpts from certain deposition transcripts may be filed on the public docket, and the parties apparently disagree regarding the need to seal certain deposition transcripts.   (*See* Doc. 326.)   However, because the Court has already allowed the entire transcripts to be filed under seal and it is not entirely clear which excerpts may be at issue, the Court will direct Defendant to file the subject exhibits in their entirety under seal.   Moreover, in addition to the redacted version of the Brown Motion filed on the public docket, Defendant shall file an unredacted version of that motion under seal.

Copies to:

Counsel of Record