UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WINN-DIXIE STORES, INC.,

    Plaintiff,

v.                                            Case No. 3:15-cv-1143-J-39JBT

SOUTHEAST MILK, INC., NATIONAL
MILK PRODUCERS FEDERATION,
DAIRY FARMERS OF AMERICA, INC.,
LAND O'LAKES, INC., DAIRYLEA
COOPERATIVE INC., and AGRI-MARK,
INC.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for Reconsideration of the Court's Order Denying in Part and Granting in Part the Parties' Summary Judgment Motions (Doc. 374; Motion). By Order dated December 9, 2019 (Doc. 354; Order), the Court granted in part and denied in part the parties' respective Motions for Summary Judgment (Docs. 264 and 267). The Court granted Defendants' Motion for Summary Judgment only to the extent that the rule of reason applies to Plaintiff's claim. Order at 17. The Court denied the remainder of Defendants' Motion for Summary Judgment and Plaintiff's Motion for Summary Judgment. See id.

In the Motion, Plaintiff requests that the Court reconsider its Order on two grounds. First, Plaintiff argues that the Court misunderstood the alleged conspiracy when the Court ruled that the rule of reason applies to Plaintiff's claim. See Motion at 1. Plaintiff argues that the Court did not apply the proper law when it ruled that the rule of reason applies to

Plaintiff's claim "because a cow herd retirement program is not the type of restraint that the Court had familiarity with." See id. at 2–3. Second, Plaintiff argues that the Court erred when it held that there were issues of fact remaining as to whether Defendants are entitled to immunity under the Capper-Volstead Act. See id. at 4–5.

Rule 54(b), Federal Rules of Civil Procedure ("Rule(s)"), provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment . . . ." The decision to grant a motion for reconsideration of a non-final order is committed to the sound discretion of the Court. See Horowitch v. Diamond Aircraft Indus., Inc., No. 606-CV-1703-ORL19KRS, 2009 WL 1537896, at *2 (M.D. Fla. June 2, 2009). This is the same standard applied to reconsideration of final orders pursuant to Rules 59(e) or 60(b), but the time limits under those Rules are not applicable to the reconsideration of a non-final order. See id. "The purpose of a motion for reconsideration is to correct manifest errors of law, to present newly discovered, evidence, or to prevent manifest injustice." Id. at *3 (citation omitted). "[T]he moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (citation omitted).

After consideration of the Motion and the Order, the Court finds that Plaintiff failed to offer newly available evidence; the controlling law has not changed; the Court finds no mistake, inadvertence, surprise, excusable neglect; and there is no clear error or manifest injustice in the Court's Order or any other reason to justify the relief requested. In the Order, the Court considered Plaintiff's arguments that the alleged conspiracy was a horizontal agreement and that the per se rule should apply to Plaintiff's claim. See Order

at 8–11, 13–15. Contrary to Plaintiff's contentions that the Court merely ruled that the rule of reason applies because the Court is unfamiliar with the type of restraint at issue, the Court also ruled that it could not predict with confidence that the alleged restraint on the milk supply would be invalidated in all or almost all instances under the rule of reason. See id. at 14. This is consistent with the applicable law. See Leegin Creative Leather Prod., Inc. v. PSKS, Inc., 551 U.S. 877, 886–87 (2007) ("[T]he per se rule is appropriate only after courts have had considerable experience with the type of restraint at issue, and only if courts can predict with confidence that it would be invalidated in all or almost all instances under the rule of reason." (internal citations omitted)). As the Supreme Court in Leegin explained, "[i]t should come as no surprise, then, that we have expressed reluctance to adopt per se rules with regard to restraints imposed in the context of business relationships where the economic impact of certain practices is not immediately obvious." Id. at 887 (internal quotations and citations omitted). The Court also considered the issue of immunity, found that genuine issues of material fact exists, and explained its reasoning. See Order at 11–12, 15–17. Plaintiff, once again, attempts to relitigate arguments already traversed by the Court. The Motion is due to be denied.

Accordingly, after due consideration, it is

**ORDERED:**

Plaintiff's Motion for Reconsideration of the Court's Order Denying in Part and Granting in Part the Parties' Summary Judgment Motions (Doc. 374) is **DENIED.**[1]

---

[1] The Court also orally announced this ruling during the Final Pretrial Conference on December 18, 2019.

DONE and ORDERED in Jacksonville, Florida this 18th day of December, 2019.

*[signature]*
BRIAN J. DAVIS
United States District Judge

5
Copies furnished to:

Counsel of Record